# EXHIBIT 2

# UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | Docket No.: 0433C |
| UNITED STATES, | ) | |
| Defendant. | ) | |

Pages: 1 through 39

Place: Washington, D.C

Date: August 6, 2004

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

like to get our case going to get out of the way of those other cases. They are going to require, admittedly, large discovery on their going forward future damages. That's not our case.

THE COURT: Do you need the opportunity to respond to the motion to consolidate or transfer, whatever it is?

MR. CONWAY: Your Honor, I got it last night about 8 o'clock or eight-thirty, and I haven't even read it because I've been preparing for this hearing.

THE COURT: Well, I tell you what. When you read it, let my office know if you want the full amount of response time. It may be that you have a quicker response.

MR. CONWAY: Your Honor, if I might, we'll probably ask for a little more time. Because of the way these cases have been scheduled, -- we have three briefs due today and this hearing today -- most of the folks on my team are taking next week off to try to find one week we can get a vacation.

THE COURT: Okay. All right. That's fine. I won't be here next week anyway.

MR. CONWAY: So we'll probably ask for a little more time once I read it.

THE COURT: Okay. Well, here is my thought.

After I get your response, if it basically agrees with the government's motion, then I won't bother to wait for a reply from the government, and I'll talk to Judge Lettow and flip a coin or do whatever it is that decides which one of us gets these two cases. My current thought is that, for a couple of reasons, one being that if I had his case as well, and his is moving forward, I would probably not stay this proceeding.

I would probably go ahead and allow the Plaintiff to make its motion on liability and require a government response to it and have the government trot out whatever dispositive theories it wants on liability on the assumption that that doesn't trigger any further discovery and then postpone all discovery related to damages until after that's resolved. But I don't know what Judge Lettow would want to do if he ends up with these cases.

So that's my thought. Why don't you go ahead and take your normal response time, then, or shorter, if you can, on the motion to reassign and motion to consolidate? By the way, I don't think I would consolidate them. I think, for the time being, I think it's adequate to have them on the same docket. Consolidation has all kinds of other implications,

but, anyway, that's my thought.

Any further comment from the government?

MR. GARDNER: No, Your Honor.

THE COURT: Okay. Anything else?

MR. CONWAY: No, Your Honor.

THE COURT: All right. Thank you. I know you all are in the midst of lots of this activity, and I appreciate your taking the time out to brief me on it. Thanks, gentlemen.

THE CLERK: The Court is adjourned.

(Whereupon, at 10:43 a.m., the hearing was adjourned.)

//

//

//

//

//

//

//

//

//

//

//

//

//