IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.<br>Plaintiff, | ) | |
| v. | ) | No. 04-0033C<br>(Judge Bruggink) |
| UNITED STATES OF AMERICA,<br>Defendant. | ) | |

DEFENDANT'S REPLY TO CONSOLIDATED EDISON COMPANY OF NEW YORK'S AND ENTERGY NUCLEAR INDIAN POINT 2'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE

Pursuant to RCFC 7.2(b), defendant, the United States, respectfully submits this reply to the August 23, 2004 oppositions that plaintiffs, Entergy Nuclear Indian Point 2 ("ENIP") and Consolidated Edison Company of New York, Inc. ("ConEd"), filed to the Government's notice of directly-related cases, motion to reassign, and motion to consolidate.[1]

## DISCUSSION

### I. CONSOLIDATION IS JUSTIFIED WHERE PLAINTIFFS SHARE COMMON FACTUAL ISSUES AND ASSERT INCONSISTENT DAMAGES CLAIMS

Neither ENIP nor ConEd dispute that assignment of both cases to a single judge is appropriate.[2] Therefore, the only issue before the Court is whether consolidation is appropriate where an assignor and assignee to the same contract seek both overlapping and inherently contradictory claims, and neither plaintiff has identified any prejudice resulting from consolidation. As discussed in the Government's motion for consolidation, as well as below,

[1] Copies of this reply are being filed in both the Consolidated Edison and Entergy Nuclear Indian Point 2 cases.

[2] Indeed, ConEd still fails to explain why it did not file a notice of directly-related cases, as it was required to under RCFC 40.2(1)(B). Even ENIP acknowledges that these cases involve the same contract, and thus are "directly-related cases" under RCFC 40.2(a)(1)(B). ENIP Resp. at 2.

consolidation of plaintiffs' cases is entirely justified because these two cases share identical operative facts and overlapping and potentially inconsistent legal theories of recovery, and the Government would be greatly prejudiced in the absence of consolidation.

The primary focus of ConEd's opposition to the Government's consolidation motion is its contention that the legal and factual similarities between the Consolidated Edison and Entergy Nuclear cases are outweighed by the dissimilarities. ConEd Mot. at 6. In support of this argument, ConEd claims that ENIP's case involves issues related exclusively to future performance obligations, whereas ConEd's complaint relates to past performance obligations. Id. at 4. From this conclusion, ConEd asserts that issues relating to rate and schedule of acceptance have no application in its case, whereas such issues will be a major focus of ENIP's case. Id. at 5. ConEd's contentions are misplaced for several reasons.

First, it is undisputed that ConEd and ENIP's cases arise from the same operative facts. Both plaintiffs are seeking to holding the Government liable for a breach of the same contract involving the same nuclear reactor for failure to take title and begin acceptance of spent nuclear fuel ("SNF") beginning on January 31, 1998. Indeed, ENIP, the assignee of the Standard Contract between ConEd and the United States Department of Energy ("DOE"), has filed a motion for summary judgment on the issue of liability, asserting that, although the assignment of the contract at issue to ENIP occurred in 2001, the Government was liable to ENIP as of January 31, 1998. Therefore, both ConEd and ENIP are basing their theory of liability on the exact same set of facts.

Second, as discussed in our motion for consolidation, there are a multitude of legal issues that are not only common to both cases, but are inextricably intertwined. For example, contrary

to plaintiffs' contentions, the issue of the scope and validity of ConEd's assignment of its interest in the Standard Contract to ENIP is squarely at issue in this case. Plaintiffs contend that, because ConEd notified both DOE and the Nuclear Regulatory Commission that it was assigning its contract to ENIP, that notification somehow equates to the Government's tacit approval of the scope and validity of the assignment. ConEd Opp. at 11; ENIP Opp. at 3, n.3. Of course, neither plaintiff provides any authority for the proposition that notification of the assignment somehow translates into governmental approval of the scope and validity of the assignment. Indeed, Article XIV of the Standard Contract, 10 C.F.R. § 961.11, simply states that "[t]he rights and duties of the Purchaser may be assignable with transfer of title to the SNF and/or HLW involved; provided, however, that notice of any such transfer shall be made to DOE within ninety (90) days of transfer." This provision of the Standard Contract does not state or even intimate that DOE will determine the scope or validity of such an assignment during this 90-day notification period. The Government's receipt of an assignment notice, and even the Government's acknowledgment of receipt of that notice, is "in itself nothing more than administrative routine" that does not constitute or establish "waiver." Manufacturers Hanover Trust Co. v. United States, 218 Ct. Cl. 563, 571, 590 F.2d 893, 898 (1978).[3] Consequently, the fact that ConEd may have provided DOE and the NRC with notice of the assignment does not equate to the Government's approval of the scope or validity of the assignment.

Moreover, ENIP concedes that its complaint does not state that it is seeking damages only after the date of assignment in 2001. ENIP Resp. at 3 ("[t]o a great extent, the parties have

---

[3/] "Whether the Government has waived the requirements enumerated in the Act is determined by a totality of circumstances test." American Nat'l Bank & Trust Co. of Chicago v. United States, 23 Cl. Ct. 542, 546 (1993).

already represented in their complaints (and otherwise) that ConEd seeks damages prior to the sale of Indian Point 1 and 2 on September 6, 2001, and ENIP, although not explicitly stating the same in its complaint, will be requesting damages thereafter") (emphasis supplied). However, even with ENIP's apparent clarification of the scope of its damages, the scope of ConEd's damages claim is far from clear. In fact, as noted in the Government's consolidation motion, although ConEd's letter notifying DOE of the assignment of the Standard Contract to ENIP indicates that ConEd is retaining "all claims and causes of action in respect of damages to property or economic loss related to or pertaining to the Department of Energy's breaches or defaults under the Contract accrued as of September 6, 2001," the letter also inconsistently states that it will retain claims and causes of actions in respect of damages "whether relating to periods prior to or following September 6, 2001." Consequently, absent judicial resolution of the scope of the assignment in this case in a consolidated proceeding, there is a strong likelihood that plaintiffs will be seeking overlapping damages.

Third, neither plaintiff addresses, much less refutes, the fact that they are pursuing, at least in part, identical theories of damages recovery that will engender identical legal issues. As discussed in the Government's motion, both ENIP and ConEd are pursuing damages for the costs associated with the storage of their SNF. ENIP Compl. ¶ 21; ConEd ¶ 67. Contrary to ConEd's assertion, whether either ConEd or ENIP are entitled to damages for the costs associated with storing SNF depends in large part upon the determination of the rate and schedule of SNF acceptance that the Standard Contract obligated DOE to satisfy. If, for example, ConEd did not incur any incremental costs because of DOE's initial delay in beginning SNF acceptance before the date upon which ConEd sold its nuclear reactor to ENIP, it would not be entitled to any

compensation for the costs associated with SNF storage that it would have incurred regardless of DOE's alleged breach. See Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639 (2004) (finding that, despite partial breach, plaintiff utility had incurred no damages as result of initial delay in DOE's commencement of SNF acceptance). Similarly, as discussed in detail in the Government's motion for consolidation, resolution of the issues concerning storage of Greater-Than-Class-C low-level radioactive waste and failed fuel also will directly affect the extent to which either plaintiff has incurred damages associated with the cost of storing SNF. Absent consolidation, the potential exists that the Court could reach different conclusions regarding these issues in ConEd's and ENIP's cases, resulting in inconsistent and potentially overlapping damages claims.

Fourth, to the extent that ConEd and ENIP are asserting different damages theories based upon the identical theory of liability, courts have unequivocally rejected the argument that such a difference, standing alone, justifies the denial of consolidation. See Farrell v. American Flyers Airline Corp., 42 F.R.D. 341, 342 (S.D.N.Y. 1967); Mylan Pharmaceuticals Inc. v. Henney, 94 F. Supp. 2d 36, 44 (D.D.C. 2000), rev'd on other grounds sub nom. Pharmachemie B.V. v. Barr Laboratories, Inc., 276 F.3d 627 (D.C. Cir. 2002). Although both this rule of law and these cases were identified in the Government's consolidation motion, neither plaintiff addresses, much less refutes, the holdings in Farrell or Mylan or their application to the facts of these two cases.

Fifth, as explained in detail in the Government's motion for consolidation, ConEd and ENIP are alleging inconsistent theories of damages. ConEd claims that, "[o]n information and belief, Entergy factored into its valuation and reduced the price for Indian Point to reflect all known and anticipated additional expenses associated with on-site storage of SNF and future

Nuclear Waste Fund fees announced by DOE in the 1998 DOE Plan." Id. ¶ 75. ConEd then asserts that it should recover the diminished value that it received upon its sale of Indian Point as damages in this case. Yet, ENIP is seeking to recover as damages in its litigation all of the costs that it allegedly incurred and will incur in storing SNF as a result of DOE's delays.

Without responding to this direct inconsistency on the merits, ConEd claims that the Government 's request for consolidation under the circumstances is "disingenuous" because we did not seek to consolidate Exelon Generation Co., LLC v. United States, No. 04-102C (Hewitt, J.), with Atlantic City Electric Co. v. United States, No. 04-0036C (Futey, J.), and Delmarva Power & Light Co. v. United States, No. 04–0034C (C. Miller, J.). ConEd Resp. at 16. ConEd's contention is misleading at best. In both Atlantic City and Delmarva, the Government filed motions to dismiss those two cases for failure to state a claim, based, in large part, upon the plaintiffs' status as former minority interest holders in particular utilities which claimed that the Government's failure to begin SNF acceptance by January 31, 1998, diminished the value of their ownership interests.[4] Although the Court has not yet ruled upon the Government's motions to dismiss in Atlantic City and Delmarva, we would likely have sought consolidation with Exelon had the Government's motions been denied, although the Exelon settlement moots that issue. There is nothing inconsistent about the Government's approach in seeking consolidation where it is appropriate, and any suggestion to the contrary is simply incorrect.

---

4/ Neither of the plaintiffs in the Atlantic City nor Delmarva cases has asserted contract claims as parties to the Standard Contract and assert only that the Government took the value of their minority ownership interests in violation of the Fifth Amendment to the Constitution.

## II. PLAINTIFFS' ASSERTION THAT THE COURT PREVIOUSLY HAS REJECTED THE GOVERNMENT'S BASES FOR CONSOLIDATION UNDER SIMILAR CIRCUMSTANCES IS WITHOUT MERIT

Plaintiffs next suggest that, because Chief Judge Damich denied the Government's motion to consolidate all then-pending SNF cases in Yankee Atomic Elec. Co. v. United States, No. 98-126C (Fed. Cl. filed Jan. 30, 2004), that denial justifies denying consolidation in this case, where there are overlapping and inconsistent claims brought by an assignor and assignee of the same contract concerning the same nuclear utility. ConEd Opp. at 13-14; ENIP Resp. at 4. That suggestion is baseless.

The Government previously sought to consolidate all SNF cases to resolve rate of acceptance and acceptance schedule issues because, since all of the lawsuits are predicated upon a Standard Contract containing identical contractual terms, the acceptance rate and schedule to be imposed into the Standard Contract needed to be resolved consistently and uniformly in all of those cases. Although the Chief Judge denied that motion, the situation here is very different. Here, an assignor and assignee under the same single contract seek identical and duplicative theories of damages. Because that issue was not before the Court in Yankee Atomic, Chief Judge Damich's decision to deny consolidation of all SNF cases has no bearing on the Government's motion for consolidation of these two cases, and any suggestion to the contrary should be rejected.[5]

---

5/ Chief Judge Damich noted in his order denying the Government's motion to consolidate:

> As of this date, the Court now has before [it] approximately 55 SNF cases. Given the posture of the six "lead" cases designated in the Court's Order entered on April 16, 2003, and the grant of summary judgment in favor of the plaintiff on acceptance rate, entered June 27, 2003, in the lead case of Indiana Michigan Power

## III. PLAINTIFFS HAVE FAILED TO DEMONSTRATE ANY PREJUDICE IN CONSOLIDATING THE TWO CASES

Plaintiffs' final assertion is that they would be greatly prejudiced by consolidation because consolidation would somehow delay adjudication of each of their cases. ConEd Opp. at 14; ENIP Resp. at 4. This argument is completely without merit.

First, plaintiffs have provided no basis for their generalized conclusion that their cases would somehow be delayed if they were consolidated. ConEd suggests that, were its case consolidated with ENIP's case, ConEd's case would be held "hostage to the final resolution of myriad forward-looking issues that do not relate to or form the basis for its claims." ConEd Opp. at 14. However, to the extent that ConEd is referring to the issue of rate and schedule of SNF acceptance, as explained above and in our consolidation motion, these issues are directly applicable to ConEd's claims. ConEd's case would not be delayed based upon a resolution of these issues. Indeed, assuming that ConEd is claiming damages beyond its diminished value claim (which may be amenable to dismissal upon dispositive motion), ConEd's case cannot proceed absent resolution of these issues.

Second, ConEd claims that "any delay" caused by consolidation would result in prejudice because it is not entitled to prejudgment interest on its breach claim. ConEd Opp. at 15. This argument rings particularly hollow given that, even though ConEd claims that the breach at issue

---

> Co. v. United States, #98-486 C, the Court determines that consolidation, even as to the particular issues of rate of acceptance and schedule of acceptance - would not effectuate any greater efficient administration of justice than letting the six lead cases proceed with their dispositive motions and/or trial on damages.

Order in Yankee Atomic Electric Co. v. United States, at 2 (Fed. Cl. filed January 30, 2004).

occurred on January 31, 1998, ConEd waited until January13, 2004, almost six years later, to file its lawsuit. ConEd's concern about the loss of prejudgment interest is completely inconsistent with its delay in filing its lawsuit.

Third, ENIP claims that its case is more procedurally advanced than ConEd's case because it has filed a motion for summary judgment with respect to liability and, therefore, that its case "may be able to proceed rapidly." ENIP Resp. at 4-5. There is absolutely no basis for the suggestion that ConEd's failure to file a motion for summary judgment on liability would somehow delay ENIP from proceeding forward with dispositive motions or discovery. Indeed, in Sacramento Municipal Utility District v. United States, 98-488C (Braden, J.), the plaintiff's motion for summary judgment on liability is still outstanding, but the case has proceeded to dispositive motions and discovery. There is no reason to believe that the Court could not properly balance competing motions from the plaintiffs.

ENIP also contends that both plaintiffs would be prejudiced by "expending time, money and other resources researching, briefing, and trying irrelevant issues to each party's case." ENIP Resp. at 5. However, there is absolutely no reason why, to the extent certain discrete legal issues concerning only one plaintiff arise, that the other plaintiff would have to utilize any resources to respond to such issues. ENIP has not articulated why it would spend the time or money briefing issues related solely to ConEd. Indeed, no such reason exists. ENIP's contention is simply a smokescreen to hide the fact that it cannot articulate any actual prejudice it would suffer should the Court grant consolidation under these circumstances.

More importantly, despite plaintiffs' generalized protestations of prejudice as a result of consolidation, neither ConEd nor ENIP address, much less deny, that the Government would be

greatly prejudiced if the Court does not grant consolidation under the circumstances. As noted above and in our motion, if consolidation is not granted, the Government would be greatly prejudiced because it would force the Government to expend significant judicial resources trying two substantially similar cases, utilizing many of the same witnesses, and to risk the possibility of inconsistent judgment based upon two cases that share the same factual predicate and same legal issues. Similarly, the Government would likely be required to seek discovery from ConEd in ENIP's case and from ENIP in ConEd's case to obtain a full understanding of the cost claims, cost support, and causation for particular costs. Therefore, consolidation under these circumstances is appropriate.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Government's motion to consolidate Consolidated Edison and Entergy Nuclear.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585
Washington, D.C. 20585

September 8, 2004

CERTIFICATE OF FILING

I hereby certify that on September 13, 2004, a copy of the foregoing "DEFENDANT'S REPLY TO CONSOLIDATED EDISON COMPANY OF NEW YORK'S AND ENTERGY NUCLEAR INDIAN POINT 2'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.