IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0033C |
| | ) | (Judge Lettow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY DISCOVERY

Pursuant to Rule 26 of the Rules of this Court ("RCFC"), defendant, the United States, respectfully requests that the Court stay discovery in this case pending resolution of defendant's motion to dismiss. At a minimum, the Court should suspend the Government's obligation to respond to the recent written discovery requests propounded by plaintiff, Consolidated Edison Company of New York, Inc. ("ConEd"), which currently are due on January 3, 2004.

As the Court is aware, defendant recently filed a motion to dismiss ConEd's complaint. Because defendant's motion, if granted, will dispose of a large portion of this case, and because ConEd already has access to all of the Government's production of documents to date through the Government's website, suspending discovery pending resolution of defendant's dispositive is appropriate to protect both parties from the unnecessary burden and expense of needless discovery. Further, as we recently learned, counsel for ConEd recently submitted a Freedom of Information Act ("FOIA") request to the Department of Energy ("DOE"), seeking production of documents relating to the contract at issue in this case. In accordance with the Court of Claims' guidance in National Presto Industries, Inc. v. United States, 218 Ct. Cl. 696 (1978), the Court should suspend discovery here to eliminate parallel discovery efforts.

BACKGROUND

ConEd filed its complaint in this case on January 13, 2004. This case was initially assigned to Judge Bruggink. On May 12, 2004, the Government filed a motion to stay all proceedings, or in the alternative, for coordinated discovery regarding rate and schedule issues. In our motion, we requested a stay until March 1, 2004, the date at which it was anticipated that trials in four of the SNF cases would be concluded.[1] ConEd responded to the Government's motion opposing both the stay and coordinated discovery on June 14, 2004, and the Government filed a reply on July 7, 2004. The Court denied the Government's motion on December 20, 2004.[2]

Because ConEd's lawsuit was based upon the same contract involving the same nuclear power plants and the same spent nuclear fuel as an earlier filed case, Entergy Nuclear Indian Point 2, No. 03-2622C (Lettow, J.) ("ENIP"), the Government filed a notice of directly related cases, a motion to reassign ConEd and ENIP's cases to a single judge, and a motion to consolidate the two cases into a single proceeding on August 5, 2004. ConEd filed a response to

[1] The four cases that the Government identified were Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.), Sacramento Municipal Utility District v. United States, 98-488C (Braden, J.), Commonwealth Edison Co. v. United States, 98-621C (Hewitt, J.), and Yankee Atomic Electric Co. v. United States, No. 98-126C (Merow, S.J.). The Indiana Michigan and Yankee Atomic trials have concluded, and the Indiana Michigan decision is currently on appeal to the United States Court of Appeals for the Federal Circuit. Additionally, the Commonwealth Edison case has been amicably resolved. Sacramento Municipal Utility District is currently scheduled for a two-week trial beginning on March 21, 2004.

[2] At the hearing held on December 20, 2004, the Court requested that the parties discuss the potential for resolving any issues concerning ConEd's written discovery requests. On December 28, 2004, the Government sent a letter to counsel for ConEd suggesting a proposed discovery plan. This letter is attached to this motion as Attachment 1. To date, the Government has not received a response from counsel from ConEd.

the Government's motion on August 23, 2004, in which it did not dispute that the ConEd and ENIP cases were "directly related" pursuant to Rule 40.1(a), or that the transfer of the two cases to a single judge was appropriate, but contended that consolidation was inappropriate. On November 4, 2004, the Court transferred the ConEd and ENIP cases to a single judge, but denied as premature the motion to consolidate, "because the ENIP case is procedurally at a significantly more advanced stage." Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 803 (2004).

On November 23, 2004, the Court issued a scheduling order to address "the motions currently pending in this case." On that same day, counsel for ConEd submitted a FOIA request to DOE, seeking production of documents relating to the contract at issue in this case. A copy of the FOIA request is attached as Attachment 2 to this motion.

Subsequently, on November 30, 2004, ConEd propounded 24 document production requests and interrogatories upon the Government. These requests are attached to this motions as Attachments 3 and 4. ConEd's document production requests broadly seek, among other things, "all documents relating to communications between DOE and NRC as to the possible or actual treatment of SNF storage and disposal costs." Pl. Prod. Req. No. 10.[3] Similarly, ConEd's

[3] ConEd's request for production of documents inexplicably begins with Request Number 10. However, despite this number, this is the first request for production of documents that ConEd has served upon the Government in this case. Additionally, ConEd's request for production of documents seeks documents related to another utility, Boston Edison, whom counsel for ConEd also represents. See Document Requests 12-15. Plaintiff seeks similar information in its interrogatories. See Interrogatory No. 1. ConEd cannot use this proceeding to conduct discovery regarding matters that would only be relevant to a different proceeding. See Oppenheimer Fund v. Sanders, 437 U.S. 340, 352 n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks discovery. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied").

interrogatories seek such information as: "Identify all persons within the DOE, both currently and formerly employed, who communicated with individuals employed within other governmental agencies regarding the temporary or permanent storage of SNF." Pl. Interr. No. 5. ConEd's sixth interrogatory seeks the "names and job titles for all individuals employed by agencies of the Federal government outside of DOE who communicated with individuals employed by the DOE regarding temporary or permanent storage of SNF." Pl. Interr. No. 6.

As demonstrated below, a stay pending resolution of defendant's motion to dismiss is appropriate here because defendant's motion, if granted, would result in dismissal of a substantial portion of ConEd's complaint and greatly reduce the need for and scope of discovery. At the very least, resolution of only a part of the Government's motion – that is, the portion of the motion dealing with ConEd's damages claims relating to the overcollection of fees pursuant to the Nuclear Waste Fund ("NWF") – would obviate the need for any of the overwhelmingly broad investigation into the NWF that ConEd's pending discovery requests would require.[4] As we established in the briefing for our pending motion, the Court lacks jurisdiction to entertain disputes concerning the NWF fees because the United States Courts of Appeals have exclusive jurisdiction to entertain such disputes. Further, because the Government has moved to dismiss ConEd's complaint for failure to state a claim as a matter of law, discovery is unnecessary to resolve the Government's motion to dismiss. Consequently, the Court should stay discovery in this case pending resolution of the Government's motion to dismiss. Alternatively, we respectfully request that the Court suspend the Government's obligation to respond to ConEd's discovery requests while ConEd's parallel discovery efforts under FOIA are proceeding.

[4] See, e.g., Document Requests No. 12-15; Interrogatory No. 1.

## ARGUMENT

### I. DISCOVERY SHOULD BE SUSPENDED DURING THE PENDENCY OF THE GOVERNMENT'S MOTION TO DISMISS

RCFC 26(c) provides that the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Courts have consistently and routinely suspended discovery pending the resolution of threshold dispositive motions. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984); see also Reliance Ins. Co. v. United States, 18 Cl. Ct. 359, 360-61 (1989); International Graphics v. United States, 3 Cl. Ct. 715, 718 (1983); accord Barrett v. Social Security Administration, 309 F.3d 781, 786-87 (Fed. Cir. 2002). As the court stated in Coastal Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979), postponing discovery until the resolution of potentially dispositive motions is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."[5]

---

[5] Staying discovery until after a decision has been rendered upon a potentially dispositive motion is a common and approved practice in other federal courts. See, e.g., Panola Land Buyers Association v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); United Presbyterian Church v. Reagan, 738 F.2d 1375, 1383 (D.C. Cir. 1984); Ingraham Corporation v. J. Ray McDermott & Company, Inc., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976); Rosin v. New York Stock Exchange, 484 F.2d 179, 185 (7th Cir.), cert. denied 415 U.S. 977 (1974); Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092 (D.C. Cir. 1972). Indeed, this Court recently granted a substantially similar motion in Boston Edison Co. v. United States, No. 99-447C (Nov. 24, 2004) (granting Government's motion to stay discovery pending the Court's decision on dispositive motions).

The Court of Claims explained the appropriateness of this approach in the summary judgment context: "Since most of the expense and delay of modern litigation are incurred and suffered in the discovery phase, it is evident that summary judgment must fail for its intended purpose if full discovery must always precede summary judgment." Soper v. United States, 227 Ct. Cl. 589, 590 (1981). Allowing discovery that may ultimately prove to be unnecessary would eviscerate the purpose of summary judgment procedures, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986), and would be contrary to the policy of "just, speedy and inexpensive determination of every action." RCFC 1; see New American Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1081 (Fed. Cir. 1989) ("One important advantage sought by the rules from the summary judgment procedure is to save the parties and the court the time and cost that may be wasted in pursuit of irrelevant facts by discovery.")

As this Court has observed, while discovery is subject to "a liberal rule," it is equally clear that, "'when considering a motion to . . . suspend discovery, Rule 1 . . . is relevant.'" Black v. United States, 24 Cl. Ct. 465, 468 (1991) (quoting Reliance Ins., 18 Cl. Ct. at 360). Rule 1 provides that the Court's Rules are to be construed "to secure the just, speedy, and inexpensive determination of every action." RCFC 1; see International Graphics, 3 Cl. Ct. at 718 (invoking Rule 1 as well as Rule 77.1 of the Rules of the Claims Court, which "imposes an obligation on this court to 'manage assigned cases so as to provide for the prompt dispatch of business'"). As the Supreme Court instructed with respect to the analogous Federal Rules of Civil Procedure:

> The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they

> "be construed to secure the just, speedy, and inexpensive determination of every action." To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

Herbert v. Lando, 441 U.S. 153, 177 (1979) (citations omitted).

This Court has provided the following analysis to determine whether discovery should be suspended:

> "When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion." . . . Under this analysis, it is therefore critical to ascertain just how plaintiff will oppose defendant's motion . . . in order "to determine whether its discovery requests are relevant to its opposition to the . . . motion."

Black, 24 Cl. Ct. at 469 (quoting Reliance Ins., 18 Cl. Ct. at 360-61). It is well settled that "the judge has broad discretion to limit and restrict discovery when justice so requires." Black, 24 Cl. Ct. at 468.

Here, there are multiple, independent reasons justifying a stay of the Government's obligation to respond to ConEd's written discovery requests in this case. First, allowing discovery to proceed, pending resolution of defendant's dispositive motion, could result in the taking of needless discovery. For example, Document Request Numbers 14 and 15 and Interrogatory Number 1 involve issues related to the overcollection of fees under the Nuclear Waste Fund – an issue the Government asserts in its motion to dismiss that the Court lacks

jurisdiction to adjudicate. Should the Court grant the Government's motion to dismiss with respect to this issue, these discovery requests would be unnecessary.

Second, ConEd already has access to the overwhelming majority of documents that it has requested in its written discovery. The Government has confirmed that, of the document production requests contained in ConEd's request for production of documents, the Government already has made available all documents that we have been able to locate after a reasonable and thorough search that are responsive to many of those requests. Specifically, all documents that we found responsive to Request Nos. 12, 13, 14, 15, 20, 21, 24, 26, 27, and 28, to the extent that any such documents exist, are already available on the Government's document production website.[6] With regard to Request Nos. 22 and 23, which request production of all written discovery requests and all written discovery request responses in any of the spent nuclear fuel cases, the document production website contains copies of all of the written discovery responses that the Government has provided to any of the spent nuclear fuel plaintiffs.[7] However, many of ConEd's additional requests are extremely overbroad and burdensome. Because ConEd has

[6] These requests are particularly odd, given the great lengths to which ConEd has gone to explain how "different" its case is from other SNF cases, see Compl. ¶ 9 ("ConEd's case is distinguishable from the SNF cases previously filed and presently presiding before the Court . . . [because] as a seller of a nuclear electric generating facility, Con Edison is seeking damages associated with the diminished value it realized in the sale of Indian Point . . ."); Tr. of Aug. 6, 2004, p. 25, lines 17-24 ("Our main theory of damages are diminished value and overcollection of the Nuclear Waste Disposal Fund. Those are our primary theories. We do claim some costs resulting on the government's breach related to operation and maintenance and having to do with building dry cask storage, but those are relatively minor costs in the scheme of our claims and damages.").

[7] The Government has informed the spent nuclear fuel plaintiffs, including ConEd, that, to the extent that they want copies of other plaintiffs' responses to the Government's written discovery requests, they will need to obtain those responses from the individual spent nuclear fuel plaintiffs themselves.

available to it a large portion of the materials that it seeks, the Court should suspend additional discovery until the need to resolve discovery disputes regarding those overbroad requests is clear.

## II. THE COURT SHOULD NOT PERMIT PLAINTIFF TO ENGAGE IN PARALLEL AND SIMULTANEOUS DISCOVERY EFFORTS THROUGH FOIA AND THIS COURT

We have become aware that, in addition to the written discovery requests that ConEd propounded upon the Government on November 30, 2004, ConEd also has submitted a FOIA request to DOE, dated November 23, 2004, seeking, among other things, documents relating to ConEd's contract with DOE. The Court of Claims, the predecessor to this Court, has indicated its displeasure with the use of two tracks of document gathering in this manner. It has recognized that "it is an obvious waste of resources for the plaintiff to pursue discovery via the FOIA, and via this court, at the same time." National Presto Indus., Inc. v. United States, 218 Ct. Cl. 696 (1978). Although the Court of Claims believed that it lacked authority to "control the former" – that is, matters relating to FOIA -- it "direct[ed] that the latter, *i.e.*, discovery by plaintiffs under our rules, be suspended while the former is going on." Id. It held that, "[w]hen plaintiff is finished with its FOIA discovery, it shall so inform the trial judge, and acquaint him with what it has discovered," after which "[h]e may then lift the suspension to the extent necessary for plaintiffs to obtain relevant information not discoverable under the FOIA, if any." Id. As the Court of Claims held, "plaintiffs' choice of the FOIA route relieves counsel for defendant of burdensome tasks: acting as go-between for plaintiffs' discovery efforts, and contesting before the trial judge the relevancy of the evidence plaintiffs seek." Id. In accordance with the Court of Claims' guidance in National Presto, we request that the Court stay the Government's obligation to respond to ConEd's written discovery requests until, at a minimum,

ConEd's FOIA requests are resolved.

Should discovery not be stayed, the parties may incur substantial, yet wholly unnecessary, burden and expense related to discovery pursuits. Further, if discovery disputes arise, the Court may also suffer the burden and expense of resolving those disputes. Such needless expenditure of the scarce resources of the parties and the Court is unwarranted, particularly when the bulk of this matter may be resolved, as a matter of law, without the need for any discovery.

## CONCLUSION

For the above reasons, defendant respectfully requests that the Court stay discovery pending resolution of defendant's motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-305-7583
Fax: 202-307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 3, 2005

CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO STAY DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joshua E. Gardner