# ATTACHMENT 1

**U.S. Department of Justice**

Civil Division

DMC/HDL/JEG
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

Telephone
(202) 305-7583

*Washington, D.C. 20530*

December 28, 2004

VIA TELECOPY AND UNITED STATES MAIL

Richard J. Conway
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037

Re: *Consolidated Edison Company of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Mr. Conway:

As you are aware, during our status conference with the Court on December 20, 2004, the Court indicated its hope that the parties could resolve any issues resolving written discovery requests that plaintiff, Consolidated Edison Company of New York ("ConEd"), had propounded. To attempt to reach an agreement upon that matter prior to the current due date for the Government's response to ConEd's November 30, 2004 interrogatories and document production requests, which are currently due on January 3, 2004, we are providing you with this letter.

As an initial matter, we have become aware that, in addition to the written discovery requests that ConEd propounded upon the Government on November 30, 2004, your law firm has also submitted a Freedom of Information Act ("FOIA") request to the Department of Energy ("DOE"), dated November 23, 2004, seeking, among other things, documents relating to ConEd's contract with DOE. It is unclear to us the reasons that ConEd has attempted to seek document production simultaneously from DOE through a FOIA request and from DOE and other agencies through the discovery process. However, regardless of the reasons for those parallel document-gathering efforts, the Court of Claims, the predecessor to the Court of Federal Claims, has indicated its displeasure with the use of two tracks of document gathering in this manner. It has recognized that "it is an obvious waste of resources for the plaintiff to pursue discovery via the FOIA, and via this court, at the same time." National Presto Indus., Inc. v. United States, 218 Ct. Cl. 696 (1978). Although the Court of Claims believed that it lacked authority to "control the former" – that is, matters relating to FOIA -- it "direct[ed] that the latter, *i.e.*, discovery by plaintiffs under our rules, be suspended while the former is going on." Id. It held that, "[w]hen plaintiff is finished with its FOIA discovery, it shall so inform the trial judge, and acquaint him with what it has discovered," after which "[h]e may then lift the suspension

to the extent necessary for plaintiffs to obtain relevant information not discoverable under the FOIA, if any." Id. As the Court of Claims held, "plaintiffs' choice of the FOIA route relieves counsel for defendant of burdensome tasks: acting as go-between for plaintiffs' discovery efforts, and contesting before the trial judge the relevancy of the evidence plaintiffs seek." Id.

In accordance with the Court of Claims' guidance in National Presto, we request that you agree to suspend our obligation to respond to ConEd's written discovery until your firm's November 23, 2004 FOIA request has been resolved. Further, to the extent that, in addition to its November 23, 2004 FOIA request, your firm has submitted other FOIA requests to DOE or to other Federal agencies seeking information relating to ConEd's contract or damages claims, we would appreciate it if you would identify those FOIA requests to us so that we can monitor the timing of the agencies' responses. Please let us know as soon as possible, but no later than December 31, 2004, if ConEd is willing to suspend its written discovery requests until resolution of any pending FOIA requests.

Aside from the pendency of FOIA requests relating to ConEd's claims, we believe that ConEd's discovery requests should be suspended pending resolution of the Government's pending motion to dismiss the majority of ConEd's damages claims, which was filed with the Court of Federal Claims yesterday. Postponing discovery until the resolution of a potentially dispositive motion is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979); see New American Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1081 (Fed. Cir. 1989) ("One important advantage sought by the rules from the summary judgment procedure is to save the parties and the court the time and cost that may be wasted in pursuit of irrelevant facts by discovery"). In this case, if the Government's motion to dismiss is granted, the only claim that would potentially remain in this case would be ConEd's claim for past storage costs. That claim, at least in form, is substantially similar to the damages claims upon which discovery has already occurred in other spent nuclear fuel cases pending before the Court of Federal Claims and in response to which the Government has already produced numerous documents responsive to other plaintiffs' discovery requests. Because your firm has access to the document production website that the Government has created for the use of plaintiffs' counsel, these documents are already available to ConEd.[1] We see no

---

[1] In fact, we have already confirmed that, of the document production requests contained in ConEd's request for production of documents (which ConEd numbered Request Nos. 10 through 28), the Government has already made available all documents that we have been able to locate after a reasonable and thorough search that are responsive to many of those requests. (ConEd's document production requests did not contain any requests numbered Request Nos. 1 through 9, but instead began with Request No. 10.) Specifically, all documents that we found responsive to Request Nos. 12, 13, 14, 15, 20, 21, 24, 26, 27, and 28, to the extent that any such documents exist, are already available on the document production website. With regard to Request Nos. 22 and 23, which request production of all written discovery requests and all written discovery request responses in any of the spent nuclear fuel cases, the document production website contains copies of all of the written discovery responses that the Government has provided to any of the spent nuclear fuel plaintiffs.

reason that ConEd cannot utilize these available these documents during the pendency of briefing upon the pending motion to dismiss. Accordingly, we request that you notify us by December 31, 2004, whether ConEd will agree to suspend its written discovery requests pending resolution of that pending motion.

Please feel free to contact me if you have any questions regarding this matter. I look forward to resolving this matter.

Very truly yours,

JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division

---

However, we have informed the spent nuclear fuel plaintiffs that, to the extent that they want copies of other plaintiffs' responses to the Government's written discovery requests, they will need to obtain those responses from the individual spent nuclear fuel plaintiffs themselves. With regard to the remaining requests – Request Nos. 10, 11, 16, 17, 18, 19, and 25 – it appears unlikely, to the extent that our past document production searches have not already resulted in identification of all responsive documents, that a significant number of documents exist. Many of these remaining document production requests seek cost information from or shared with the Nuclear Regulatory Commission, but, given that the Nuclear Regulatory Commission's mission does not involve individual utilities' costs of spent nuclear fuel storage, it appears likely that few, if any, of the requested documents exist. Further, several of the document production requests appear wholly unrelated to ConEd's costs of storing spent nuclear fuel, the only issue that would remain if the Government's motion to dismiss were granted.

MODE = MEMORY TRANSMISSION START=DEC-28 13:09 END=DEC-28 13:11

FILE NO.=284

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 92028870689 | 004/004 | 00:01:40 |

************************************* - - ***** - - *********

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

**FROM:** Joshua E. Gardner
Department of Justice
Civil Division
Joshua.E.Gardner@usdoj.gov

Fax No. 202.307.2503
Voice No. 202.305.7583

**DATE:** December 28, 2004

**TO:** Richard J. Conway

**FAX NO.** (202) 887-0689

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE):** 4

# ATTACHMENT 2

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 833-7035
E-Mail Address: MattiaN@dsmo.com

November 23, 2004

DEC 02 2004

COMMERCIAL SEARCH, REVIEW & REPRODUCTION

VIA FACSIMILE

FOIA Officer
United States Department of Energy
1000 Independence Avenue, SW
Washington, DC 20585

Re: Freedom of Information Act Request

Dear FOIA Officer:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552. We request that the following documents be provided to us:

**Peach Bottom Nuclear Power Units 2 and 3**

- The Delivery Commitment Schedules ("DCSs"), as part of the Standard Contract, that were executed by the Department of Energy ("DOE") and both Atlantic City Electric Company ("Atlantic City") and Delmarva Power and Light Company ("Delmarva") regarding the Peach Bottom Nuclear Power Units 2 and 3.

- All documents relating to communication held among DOE employees and between DOE and both Atlantic City and Delmarva regarding the DCSs for Peach Bottom Nuclear Power Units 2 and 3.

**Salem Nuclear Generating Station Unit Nos. 1 and 2**

- The DCSs, as part of the Standard Contract, that were executed by the DOE and both Atlantic City and Delmarva regarding the Salem Nuclear Generating Station Unit Nos. 1 and 2.

- All documents relating to communication held among DOE employees and between DOE and both Atlantic City and Delmarva regarding the DCSs for Salem Nuclear Generating Station Unit Nos. 1 and 2.

F2004-00223

1177 Avenue of the Americas • 41st Floor • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com

DSMDB.1654404.1

Hope Creek Generating Station

- The DCS, as part of the Standard Contract, that was executed by the DOE and Atlantic City regarding the Hope Creek Generating Station.
- All documents relating to communication, held among DOE employees and between DOE and Atlantic City regarding the DCS for Hope Creek Generating Station.

Indian Point Nuclear Generating Unit Nos. 1 and 2

- The DCS, as part of the Standard Contract, that was executed by the DOE and Consolidated Edison Company of New York ("Consolidated Edison") regarding Indian Point Nuclear Generating Unit Nos. 1 and 2.
- All documents relating to communication held among DOE employees and between DOE and Consolidated Edison regarding the DCS for Indian Point Nuclear Generating Unit Nos. 1 and 2.

Pilgrim Nuclear Power Station

- The DCS, as part of the Standard Contract, that was executed by the DOE and Boston Edison Company ("Boston Edison") regarding the Pilgrim Nuclear Power Station.
- All documents relating to communication held among DOE employees and between DOE and Boston Edison relating to the DCS for Pilgrim Nuclear Power Station.

Seabrook Nuclear Power Station No. 1

- The DCS, as part of the Standard Contract, that was executed by the DOE and Canal Electric Company ("Canal") regarding the Seabrook Nuclear Power Station No. 1.
- All documents relating to communication held among DOE employees and between DOE and Canal relating to the DCS for Seabrook Nuclear Power Station No. 1.

The requested materials are needed for ongoing litigation against the Department of Energy. We agree to pay all reasonable fees associated with this request.

To expedite the release of the requested documents, please disclose them on an interim basis as they become available to you, without waiting until all the documents have been processed. If you have any questions regarding the scope of this request or any other matters, please contact me at (202) 833-7035.

Sincerely,

Nicholas W. Mattia, Jr.