IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Plaintiff, | ) | |
| v. | ) | No. 04-0033C (Judge Lettow) |
| UNITED STATES OF AMERICA, Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY

Pursuant to Rule 7.2 of the Rules of the U.S. Court of Federal Claims ("RCFC"), Plaintiff Consolidated Edison Company of New York, Inc. ("Con Edison") hereby files this Opposition to Defendant's Motion To Stay, filed on January 3, 2005 ("Motion"). The Government's Motion requests that the Court stay discovery in this case pending resolution of Defendant's motion to dismiss, which was filed on December 27, 2004, or at a minimum, suspend the Government's obligation to respond to the discovery requests that were due on the date the Motion was filed - January 3, 2005.

The Government's Motion is mere posturing, and any notion that the Government is burdened by having to respond to Con Edison's discovery requests is completely without merit. Reflecting on parties' willful failure to respond to discovery responsibilities, this Court has stated that "[p]rocedural and semantic gamesmanship by a party or a party's attorney amounts to an intolerable abuse of the judicial process, a waste of the resources of the parties and the court, and justifiably can result in dismissal with prejudice." Applegate v. United States, 35 Fed. Cl. 47 (Fed. Cl. 1996) (opinion by Judge G. Miller).

The Government has had ample notice of Con Edison's discovery requests, and has even admitted that the responses to those discovery requests are readily available to the Government.[1] The Government should not be allowed to delay its obligations to respond to Con Edison's discovery requests pending a motion to dismiss which does not encompass the entirety of this case. Since the Government will have to provide these same discovery responses in the context of Con Edison's claims not subject to a dispositive motion, and since the Government acknowledges that it already has the documents in its possession, the Government's claim that a stay of discovery will reduce its burden is completely unfounded.

Furthermore, Con Edison is severely prejudiced by the Government's avoidance of discovery as discovery may reveal information relevant to the Government's pending motion to dismiss. The Government relies on its recently filed Motion to Dismiss as a basis for staying discovery in this case. However, discovery should not be stayed where the information to be received in discovery will provide support for the party opposing the motion. Coastal States Gas Corporation v. Department of Energy, 84 F.R.D. 278, 280 (D. Del. 1979). This is especially true where a Government motion to dismiss would not in any event be dispositive of the entire case.

## BACKGROUND

Con Edison filed its complaint over a year ago on January 13, 2004. The Government filed its first Motion to Stay on May 12, 2004 seeking a stay until March 1,

[1] See Motion at 8 ("The Government has confirmed that, of the document production requests contained in ConEd's request for production of documents, the Government already has made available all documents that we have been able to locate after a reasonable and thorough search that are responsive to many of those requests. Specifically, all documents that we found responsive to Request Nos. 12, 13, 14, 15, 20, 21, 24, 26, 27, and 28, to the extent that such documents exist, are already available on the Government's document production website.") Since the Government has taken the time to confirm the answers are there, there is no reason why it cannot put down the references to specific location of documents on the website in the form of an answer to discovery.

2005, an arbitrary date based loosely on when the Government anticipated conclusion of four other SNF trials. See Motion at 2, n.1. This Motion was recently denied on December 20, 2004, and the Government was to provide responses to discovery by January 3, 2005. At the eleventh hour and only one week after the Court issued its Order denying the first Stay, on December 27, 2004 the Government filed a Motion to Dismiss certain aspects of Con Edison's Complaint. Having strategically filed the Motion to Dismiss, on January 3, 2005, the date discovery responses were due, the Government filed a second Motion to Stay discovery, pending the Court's resolution of its partial motion to dismiss.

Con Edison was entitled to receive the Government's responses to its first set of discovery requests no later than January 3, 2005. Now, not having received any information from the Government, Con Edison is expected to respond to the Government's Motion to Dismiss by January 27, 2005. A stay of discovery will severely prejudice Con Edison by forcing it to respond to the Government's Motion to Dismiss in the absence of discovery now long overdue. The absence of discovery responses from the Government will also inappropriately thwart Con Edison from moving forward with its own dispositive motions on the remaining claims which the Government has not opposed.

## ARGUMENT

### I. CON EDISON WILL CONTINUE TO BE PREJUDICED BY THE DEFENDANT'S DELAY TACTICS AND LACK OF COOPERATION ON DISCOVERY

Con Edison will be prejudiced by having to respond to the Government's Motion to Dismiss without the aid of discovery. Courts generally allow discovery to proceed despite a pending motion to dismiss where the discovery will aid in the

response to the motion pending before the Court. See Coastal States Gas Corporation, 84 F.R.D. at 280. In Coastal, the court held that "discovery should precede consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand.[2] Coastal, at 282 (citing Canavan v. Beneficial Finance Corp., 553 F.2d 860, 865 (3d Cir. 1977); Fraley v. Chesapeake & Ohio Ry. Co., 397 F.2d 1 (3d Cir. 1968). In Coastal, the Court held that Coastal "must be given a fair opportunity to discover whether those factors that would rebut DOE's jurisdictional claim are present in this case." Id. at 283. In a case cited by the Government, the Court has gone so far as to hold that "an abuse of discretion occurs in staying general discovery 'if plaintiff [has] been denied discovery which relates to the summary judgment motion.'" Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985) (reversing the lower court's stay of discovery as an abuse of discretion).

Here, Con Edison is responding to a motion to dismiss certain claims for breach damages on the ground that they are consequential as a matter of law. To this end, Con Edison must show that its damages were a foreseeable and natural consequence of the breach – an inquiry which is necessarily fact-specific. While Con Edison maintains that the standard of review on a motion to dismiss gives Con Edison the benefit of an assumption of the truth of the facts as alleged in Con Edison's Complaint, the fact that the Government's pending dismissal motion invites Con

[2] See also Catellus Development Corp. v. United States, 26 Cl. Ct. 210 (Cl. Ct. 1992) (holding plaintiff entitled to discovery necessary to assist it in defending motion to dismiss); Essen Mall Properties v. United States, 21 Cl. Ct. 430 (Cl. Ct. 1990) (Court denied defendant's motions to stay discovery and quash subpoenas which allowed plaintiff to discover evidence used in support of its opposition to defendant's dispositive motions); Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550 (11th Cir. 1985) (reversing the court's stay of discovery as an abuse of discretion).

Edison to make a factual showing of foreseeability at the very least obligates the Government to respond to previously filed discovery requests. These responses will illuminate what the Government knew and when it knew it as to the immediate and long-term impacts of its announcement that it would not be disposing of SNF on January 31, 1998, as the law required, but rather some time after 2010, if ever.

Con Edison should be entitled to present the Government's contemporaneous appreciation of the true extent of the damage wrought by its failure to comply with the Nuclear Waste Policy Act of 1982 at the same time Con Edison is called upon to present arguments based on prior COFC precedent as to why the damages claimed are not consequential as a matter of law.[3] Con Edison has submitted multiple interrogatories requesting names of persons who will likely be able to speak to the Government's knowledge of the impacts of its forestalling SNF disposal for more than a decade. See, e.g., Pl. Interr. Nos. 1 -3, 5, 6.

Furthermore, materials responsive to multiple document requests submitted by Con Edison will provide information to support Con Edison's claims for diminished value and its takings claim. Among such document requests are requests that should uncover information showing the Government's actual knowledge that the purchaser of Indian Point 2 planned for and intended to spend *many millions of dollars* almost immediately after assuming ownership of Indian Point 1 and 2 (and an assignment of

[3] In many cases cited by the Government where a Court granted a stay of discovery pending a motion to dismiss, the plaintiffs either did not object to the stay, or provided no support for their need for discovery. See Boston Edison Co. v. United States, No. 99-447C (Nov. 24, 2004) (this Court granted Defendant's Motion to stay discovery, as the Motion went unopposed); Reliance Insurance Co. v. United States, 18 Cl. Ct. 359 (Cl. Ct. 1989) (granting partial stay of discovery as plaintiffs have failed to show any factual issue relating to their opposition to defendant's motion for partial summary judgment); International Graphics v. United States, 3 Cl. Ct. 715 (Cl. Ct. 1983) (Motion to stay discovery granted in light of the fact that plaintiff did "not even contend that it will be . . . prejudiced on the merits[.]" Id. at 717).

the Standard Contracts for SNF disposal) specifically for the purpose of increasing temporary on-site SNF storage capacity that would have been completely unnecessary absent the Government's defaults. See, e.g., Pl. Prod. Req. Nos. 11, 16-19. Additionally, many document requests seek information relating to the Government's knowledge over time of the permissible parameters for collecting the 1 mil/kWh fee under the Standard Contract and the Nuclear Waste Policy Act.[4] See Pl. Prod. Req. Nos. 12-15.

As mentioned above, a motion to dismiss does not call for Con Edison to provide documentary support for the allegations set forth in the Complaint. However, since the documents requested go to the Government's own understandings of its SNF obligations and undertakings, which in turn will shed light on the Government's motion issues, Con Edison is prejudiced by having to respond to motion practice without the aid of discovery.

The cases cited by the Government holding that discovery should be stayed pending a dispositive motion typically involve motions to dispose of the case as a matter of law. Reliance Insurance Co. v. United States, 18 Cl. Ct. 359 (Cl. Ct. 1989) (Motion at issue in case involved clear-cut contract clause interpretation. Further, discovery in case was only stayed with respect to those claims subject to the motion for partial summary judgment); Florsheim Shoe Co. v. United States, 744 F.2d 787 (Fed. Cir. 1984) ("Issues raised by Government's motion to dismiss –Florsheim's standing, the

---

[4] The government's argument that this Court lacks jurisdiction over Con Edison's claims involving the 1 mil/kWh fee is a red herring. See Motion at 4. This jurisdictional argument has been raised and decided in several SNF cases, and in all events cannot supply a basis for the Government to avoid discovery relating to the 1 mil/kWh fee. See Consolidated Edison Co. of New York v. Department of Energy, No. 98-1358 (D.C. Cir. Apr. 16, 1999) respondent's opposition to petition for cert. filed, 2000 WL 34005420 (U.S. Feb. 2000), cert. denied 529 U.S. 1003 (U.S. Mar. 6, 2000) (No. 99-766; see also December 3, 2004 Hearing Transcript, Delmarva Power & Light, Co. v. United States, No. 04-0034C, pp. 21, 31.

President's authority under Section 504, and the court's scope of review … - are all questions of law for which factual discovery is not necessary or appropriate.") As the Federal Circuit held in Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999), "the court's management of discovery at the claim construction stage may serve the salutary goals of speed and economy , and is *appropriate in cases in which the dispute may be resolved at this stage* without compromise of justice." Id. at 804 (emphasis added).

Typically, a stay of discovery is granted where there is a question of law that if decided a particular way would completely dispose of specific claims or the entire case without need for any factual inquiry. Those cases are very different from the Government's Motion here, which does not encompass the entire complaint and essentially seeks to limit the damages recoverable by Con Edison. Even if the Government's Motion were to be granted, Con Edison would retain its claim for breach of the Standard Contract, which would require the same discovery already requested. If anything, under the circumstances here the Government's Motion to Dismiss should be stayed until discovery is completed.[5]

Furthermore, on several occasions, counsel for Con Edison has stated its desire and intention to file a motion for partial summary judgment. Counsel has been anxiously awaiting receipt of the Government's responses to its discovery requests in the expectation that the information contained therein would prove helpful to its motion. In the Coastal case described above, the Plaintiff filed a motion for preliminary injunction which was being heard at the same time as Defendant's motion to dismiss. The Court held that discovery would bear on Plaintiff's request for a preliminary

[5] Con Edison does not seek a Stay of the Motion to Dismiss out of interest in prompt resolution of this case.

injunction, and therefore, discovery should precede the hearing. Id. Con Edison would have been in the same position as the plaintiff in Coastal, had it filed its motion for partial summary judgment. Con Edison has not as yet filed its summary judgment motion, anticipating receipt of Government documents via discovery. Con Edison should not be further disadvantaged through a stay of discovery for using its sound discretion and waiting to review relevant documentation prior to moving for summary judgment.

## II. A GRANT OF ACCESS TO THE GOVERNMENT'S 800,000 DOCUMENT DATABASE DOES NOT SATISFY DEFENDANT'S DISCOVERY OBLIGATIONS BECAUSE THE DATABASE IS UTTERLY USELESS ABSENT THE GOVERNMENT'S COMPLAINCE WITH RULE 34(b)

The Government seems to believe that having its computer personnel take a few seconds to add Con Edison counsel to the list of authorized entrants to an 800,000 page website which is utterly devoid of a helpful index or search function is somehow responsive to Con Edison's discovery requests. The Rules of the Court of Federal Claims require that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Rule 33(b)(1). With respect to the production of documents, the RCFC provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Rule 34(b).

The container indices the Government provided do not even come close to responding to Con Edison's discovery request in the form required by the RCFC. The Government has suggested that container indexes provided with the database will enable Con Edison to search the database and find its own answers to its discovery

requests. A review of the Government's "index" dispels any suggestion by the Government that Con Edison should be able to find answers to its own discovery requests through an "easy" search of the 800,000 page database.

## III. THE FOIA REQUESTS THE GOVERNMENT REFERS TO DO NOT DIRECTLY PERTAIN TO CON EDISON'S CASE AND SHOULD NOT BE A BASIS FOR STAYING DISCOVERY

The Government should not be permitted to circumvent its discovery obligations by referencing Con Edison counsel's filing of Freedom of Information Act ("FOIA") requests that do not bear on the discovery in question. The FOIA requests submitted to the Department of Energy and the Nuclear Regulatory Commission do not request information specific to Con Edison's case.[6] The FOIA requests submitted by co-counsel in this case request copies of documents on behalf of all five SNF clients of Dickstein Shapiro Morin & Oshinsky LLP, some of which do not have pending discovery requests with DOE in the context of their respective SNF litigation. Therefore, the FOIA requests to do not specifically relate to this case, will not adversely impact the progress of discovery, and should not provide the Government with an excuse to delay fulfilling its discovery obligations in a timely manner.

Furthermore, the case the Government cites for the purpose of staying discovery pending a FOIA request involved circumstances where an identifiable party

[6] Not only does the FOIA request not bear directly on Con Edison's case, Defendant's awareness of the FOIA requests only occurred as the result of Con Edison co-counsel's call to Government Attorney Harold Lester, and follow-up in person discussion on December 20, 2004 with Mr. Lester and Mr. Gardner, by one of Con Edison's attorneys. Counsel for Con Edison advised Messrs. Lester and Gardner of the existence of the FOIA requests as a matter of professional courtesy. In that same December 20th conversation, Mr. Lester and Mr. Gardner were advised that if and when Con Edison counsel received any responses to its FOIA requests that were duplicative of any pending discovery, that Con Edison would immediately so advise Messrs. Lester and Gardner and release Department of Energy from any further obligation to respond to the relevant discovery request.

is circumventing the relevancy limitations of the discovery rules to obtain documents via FOIA. The Government has mischaracterized National Presto Industries, Inc. v. U.S, 218 Ct. Cl. 696 (Cl. Ct. 1978) as a case which demonstrates that the Court "has indicated its displeasure with the use of two tracks of document gathering." Motion at 9. Rather, the Court in National Presto was faced with a plaintiff that was "invoking FOIA, and demanding access to documents which probably are irrelevant under [the Court's] standard." National Presto, 218 Ct. Cl. 696. Here, by the Government's own admission the items sought in the FOIA request "overlaps in large part with the [] discovery requests" filed in this case. Def. Motion for Leave to File a Copy of Plaintiff's Freedom of Information Act Request Directed to the Nuclear Regulatory Commission, filed on January 6, 2005, at 1. Furthermore, the Government's Motion cites to Coastal, discussed above. It should be noted that the plaintiff in Coastal filed a supplemental complaint "[a]s a result of information obtained from DOE in a separate Freedom of Information Act action." Coastal, 84 F.R.D. 281.

This is but one example of the myriad cases where, prior to or simultaneous with obtaining discovery, plaintiffs have sought information via FOIA to amplify their claims.[7] In fact, this Court has even *encouraged* "persons carrying on controversies with the Government" to utilize FOIA as a means to develop one's claim. See Oroville-Tonasket Irrigation District v. U.S., 33 Fed. Cl. 14, 23-24 (Fed. Cl. 1995). In Oroville-Tonasket, the Court held "[t]o the extent that a contractor requires government documents in order to prepare its claim for submission to Contracting Officer, and the documents are not voluntarily produced by the government, the expansive provisions

[7] The Supreme Court of the United States recognized that a FOIA requester's status as a party litigant in a legal proceeding does not in any way "diminish" that requester's rights to seek FOIA disclosure. NLRB v. Sears Roebuck & Co., 421 U.S. 132, 143 n. 10 (1975); NLRB v. Robbins Tire and Rubber Co., 437 U.S. 214, 242 n. 23 (1978).

of the Freedom of Information Act, 5 U.S.C. § 552, are available to compel disclosure." Id. at 23-24, citing Grumman Aerospace Corp. v. U.S., 217 Ct. Cl. 285, 304 (1978); National Presto Industries, Inc. v. U.S., 218 Ct. Cl. 696 (1978)). Having not to date been offered *any* usable information via discovery from the Government relevant to Con Edison's claim, any information obtained through FOIA could only be helpful to the development of the case. Indeed, if the FOIA request produces any useful information for either Con Edison or any of the other parties on whose behalf the FOIA request was submitted, this will only succeed in circumventing the delay tactics employed by the Government.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Con Edison respectfully requests that the Government's Motion to stay discovery be denied.

Date: January 18, 2005

Respectfully submitted,

s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*

Of Counsel: David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Brent L. Brandenburg
Assistant General Counsel
CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.
4 Irving Place
New York, NY 10003

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2005, a copy of the foregoing "Plaintiff's Opposition to Defendant's Motion to Stay" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine