**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-0033C** |
| | ) | **(Judge Lettow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A COPY OF PLAINTIFF'S FREEDOM OF INFORMATION ACT REQUEST DIRECTED TO THE NUCLEAR REGULATORY COMMISSION**

Pursuant to Rule 7.2 of the Rules of the U.S. Court of Federal Claims ("RCFC"), Plaintiff Consolidated Edison Company of New York, Inc. ("Con Edison") hereby files this Response to "Defendant's Motion For Leave to File a Copy of Plaintiff's Freedom of Information Act Request Directed to the Nuclear Regulatory Commission," filed on January 6, 2005 (hereinafter "Motion"). Con Edison strongly objects to the Government's mischaracterization of the Freedom of Information Act ("FOIA") request which was submitted by Dickstein Shapiro Morin & Oshinsky, LLP ("DSMO") and not Con Edison. As stated in Con Edison's January 18, 2005 Response to the Motion to Stay Discovery ("Response")[1], the FOIA request referenced by the Government was submitted by DSMO on behalf of all of its spent nuclear fuel clients, many of which do not have pending discovery requests with the Government. As such, these FOIA requests do not necessarily relate to Con Edison's case, and should not be admitted as such.

[1] A copy of the Response is attached hereto for the convenience of the Court.

Furthermore, contrary to the assertion in the Government's Motion, the pendency of FOIA requests should have no bearing on whether discovery should be stayed in this case. As Con Edison has stated in its Response, the reasons invoked by the Court for staying discovery pending plaintiff's receipt of FOIA responses in *National Presto Industries, Inc. v. U.S*, 218 Ct. Cl. 696 (Cl. Ct. 1978) are totally inapplicable to this case. See Response, at 9-10. Rather, FOIA discovery has been encouraged by the Court for use in developing claims pre-discovery – as it is being used here by DSMO for its other clients who have not reached the discovery stage of litigation. See Response, at 10-11.

Finally, it should be noted that the FOIA request the Government is seeking to file, in addition to the FOIA request filed as Attachment 2 to its January 3, 2005 Motion to Stay Discovery, were both submitted in November of 2004. It is now January 24, 2005, and DSMO has not received any responses to its FOIA requests. While Con Edison is not suggesting the Government is purposefully withholding the FOIA responses, it is clear that the Government has not responded to either DSMO's FOIA requests or Con Edison's discovery requests to date.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Con Edison respectfully requests that the Government's Motion for Leave to File A Copy of Plaintiff's Freedom of Information Act Request Directed at the Nuclear Regulatory Commission be denied as irrelevant to this case.

Date: January 24, 2005

Respectfully submitted,

s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*

Of Counsel: David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Brent L. Brandenburg
Assistant General Counsel
CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.
4 Irving Place
New York, NY 10003

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2005, a copy of the foregoing "Plaintiff's Opposition to Defendant's Motion For Leave to File a Copy of Plaintiff's Freedom of Information Act Request Directed to the Nuclear Regulatory Commission" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine