**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-0033C (Judge Lettow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT IN PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Consolidated Edison Company of New York, Inc. ("Con Edison") respectfully requests that, pursuant to Rule 5.2(b)(2) of the Rules of this Court ("RCFC"), the Court grant leave to exceed the page limitations established in RCFC 5.2(b)(2) with regard to Con Edison's Opposition to the Defendant's Motion to Dismiss. Con Edison's brief is presently 44 pages in length, which is 24-pages above the 20-page limitation established in RCFC 5.2(b)(2.). A copy of the opposition brief which Con Edison seeks leave to file accompanies this motion.

As the Court is aware, Defendant filed a 34-page Memorandum in Support of its Motion to Dismiss. The only written opportunity Con Edison has to be heard on these arguments is reflected in its Opposition to the Motion to Dismiss. Defendants, on the other hand, may file a reply, possibly raising new issues. Con Edison is all too familiar with the Government's approach to raising new ideas and additional case law in its reply, and Con Edison seeks to minimize the effect that practice will have on the Court and this matter. In an effort to adequately discuss the legal issues that relate to the arguments contained within the Motion to Dismiss, Con Edison found it necessary to exceed this Court's page limitation.

In addition, the issues in this case are complex, necessitating additional pages for their discussion. For instance, the Government argues that one basis for Con Edison's takings claim, namely the unlawful collection of fees after January 31, 1998, is properly decided by the D.C. Circuit and not this Court. In its Opposition, Con Edison demonstrates why this argument is baseless, and in doing so must detail the Government's past history of arguing to the contrary. Twenty pages is not enough space to allow for sufficient discussion of all of the issues raised by the Government in its 34-page supporting memorandum.

For the forgoing reasons, Con Edison respectfully request that the Court grant leave to exceed the page limitations set forth in RCFC 5.2(b)(2).

Date: January 27, 2005

Respectfully submitted,

By: /s/

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*

Of Counsel:

David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Brent L. Brandenburg, Esq.
Assistant General Counsel
Consolidated Edison Company
of New York, Inc.
4 Irving Place -- 1830
New York, NY 10003
(212) 460-4333

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on January 27, 2005 a copy of the foregoing Plaintiff Consolidated Edison Company of New York, Inc.'s Motion for Leave to Exceed the Page Limit in Plaintiff's Opposition to Defendant's Motion to Dismiss was filed electronically. I understand that the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*