IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0033C<br>(Judge Lettow) |

DEFENDANT'S ANSWER
AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge of information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge of information sufficient to form a belief as to their truth.

5. Admits the allegations contained in the first sentence of paragraph 4 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R.

§ 961.11; denies the remaining allegations contained in the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 5.

6. Denies.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge of information sufficient to for a belief as to their truth. Denies the allegations in the second sentence of paragraph 7.

8. Denies.

9. The allegations contained in paragraph 9 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required.

11. Denies the allegations contained in paragraph 11 for lack of knowledge of information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge of information sufficient to form a belief as to their truth.

13. Admits.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in the first sentence of paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in second and third sentences of paragraph 16 for lack of knowledge of information sufficient to form a belief as to their truth.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Denies the allegations contained in paragraph 18 for lack of knowledge of information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's characterizations of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in the first sentence of paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 29 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 29.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Denies the allegation contained in the second sentence of paragraph 30; avers that parties to the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11, pay fees into the Nuclear Waste Fund, rather than "consumers of nuclear-generated power;" further avers that, although contract holders have paid more than $13 billion into the Nuclear Waste Fund, they have not paid $19 billion into that fund.

31. The allegations contained in paragraph 31 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in the first sentence of paragraph 32. The allegations contained in the second through sixth sentences of paragraph 32 are conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. Admits the allegations contained in paragraph 35 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations in paragraph 37 to the extent supported by the documents and decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 37.

38. The allegations contained in the first sentence of paragraph 38 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 38 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 38. The allegations contained in the third sentence of paragraph 38 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Admits the allegations contained in paragraph 39 to the extent supported by the petition and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in the first sentence of paragraph 40. Admits the allegations contained in the second sentence of paragraph 40 to the extent supported by the briefs that defendant filed with this Court, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 40. The allegations contained in the third sentence

of paragraph 40 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in the first sentence of paragraph 43 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 43. Admits the allegations contained in the second and third sentences of paragraph 43 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 43. Admits the allegations contained in the fourth sentence of paragraph 43.

44. Admits the allegations contained in the first and second sentences of paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 44. Denies the allegations contained in the third sentence of paragraph 44.

45. Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Admits the allegations contained in the first sentence of paragraph 46 to the extent supported by the complaints cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 46. Admits the allegation in the second sentence of paragraph 46 that plaintiff was a party to a standard contract with DOE; otherwise denies the allegations in the second sentence of paragraph 46. The allegations contained in the third and fourth sentences of paragraph 46 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. Denies the allegations contained in the first sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 47 to the extent supported by the operating license cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 47. Denies the allegations contained in the third, fourth, and fifth sentences of paragraph 47 for lack of knowledge of information sufficient to form a basis as to their truth.

48. Denies the allegations contained in first sentence in paragraph 48 for lack of knowledge of information sufficient to form a basis as to their truth. Admits the allegations contained in the second sentence of paragraph 48 to the extent supported by the operating license cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 48..

49. Denies the allegations contained in paragraph 49 for lack of knowledge of information sufficient to form a basis as to their truth.

50. Admits the allegations contained in the first, second, and third sentences of paragraph 50 to the extent supported by the Federal Energy Regulatory Commission ("FERC") orders cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second, and third of paragraph 50. The allegations contained in the fourth sentence of paragraph 50 are contentions of law to which no response is required; to the extent they are deemed to be allegations of fact, they are denied.

51. Admits the allegations contained in paragraph 51 to the extent supported by the opinion cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the settlement agreement cited, which is the best evidence of its content, otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the cited notice, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 53.

54. Denies the allegations contained in the first sentence of paragraph 54 for lack of knowledge of information sufficient to form a basis as to their truth. Admits the allegations contained in the second sentence of paragraph 54 to the extent supported by the cited notice, which is the best evidence of its content; otherwise denies the allegations contained in the second sentence of paragraph 54. The allegations contained in the third sentence of paragraph 54 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in the first sentence of paragraph 55 to the extent supported by the notice cited, which is the best evidence of its content; otherwise denies the allegations contained in the first sentence of paragraph 55. Denies the allegations contained in the second sentence of paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Denies the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Denies the allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. The allegations contained in paragraph 61 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. Denies the allegations contained in first and second sentences of paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 62 are plaintiff's characterization of this action to

which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. Admits the allegations contained in first, second, and third sentences of paragraph 63 to the extent supported by the Requests for Additional Information and response cited, which are the best evidence of their content; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 63. Denies the allegations contained in the fourth sentence of paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Admits the allegations contained in paragraph 64 to the extent supported by the petition and approval cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 64.

65. The allegations contained in paragraph 65 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. Denies the allegations contained in paragraph 70 for lack of knowledge or information sufficient to form a belief as to their truth.

71. Denies the allegations contained in paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth.

72. The allegations contained in paragraph 72 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

73. Denies the allegations contained in the first through fourth sentences of paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in fifth, sixth, and seventh sentences of paragraph 73 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

76. Admits the allegations contained in the first sentence of paragraph 76 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 76. Denies the allegations contained in the second and third sentences of paragraph 76. The allegations contained in the fourth sentence of paragraph 76 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; defendant otherwise denies the allegations contained in the fourth sentence of paragraph 68. Denies the allegations contained in the fifth sentence of paragraph 76.

77. The allegations contained in paragraph 77 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

79. Defendant's responses to paragraphs 1 through 78 of the complaint are incorporated by reference.

80. Admits the allegations contained in the first sentence of paragraph 80 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 80. Denies the allegations contained in the second sentence of paragraph 80 for lack of information or knowledge sufficient to form a belief as to its truth.

81. The allegations contained in paragraph 81 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, defendant admits the allegation contained in paragraph 81 that DOE has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11; otherwise denies the allegations contained in paragraph 81.

82. The allegations contained in paragraph 82 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

83. Defendant's responses to paragraphs 1 through 82 of the complaint are incorporated by reference.

84. The allegations contained in paragraph 84 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

85. The allegations contained in paragraph 85 are plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

86. Denies.

87. Defendant's responses to paragraphs 1 through 86 of the complaint are incorporated by reference.

88. The allegations contained in paragraph 88 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. Denies.

91. The allegations contained in paragraph 91 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

92. Denies.

93. Denies.

94. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 93, or to any relief whatsoever.

95. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

96. Plaintiff has failed to state a claim upon which relief can be granted.

97. Plaintiff's claims are barred by the doctrine of assignment.

98. Plaintiff's claims are barred by the doctrine of estoppel.

99. Plaintiff's claims are barred by the statute of limitations.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

September 19, 2005

CERTIFICATE OF FILING

I hereby certify that on this 19th day of September, 2005, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner