**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**

**No. 04-0033C**
**(Judge Wheeler)**

# JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's November 2, 2005 Order and United States Court of Federal Claims, Appendix A, Consolidated Edison Company of New York, Inc. ("Plaintiff") and the United States (the "Defendant") respectfully submit their Joint Preliminary Status Report. Where necessary, the parties set forth separate views regarding issues on which they do not agree.

This action is based upon the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste (the "Standard Contract") executed between Plaintiffs and the United States, acting through the Department of Energy ("DOE"). The Standard Contract, as provided for by the Nuclear Waste Policy Act of 1982, 42 U.S.C. § 10101et. seq. ("NWPA"), required the DOE to commence disposal of spent nuclear fuel from the nation's nuclear electric power plants beginning no later than January 31, 1998. Fifty-nine cases involving the Government's actions in connection with spent nuclear fuel and/or high level waste are pending in the Court of Federal Claims. These cases are sometimes referred to by the parties as spent nuclear fuel ("SNF") cases.

**(a) Does the Court have jurisdiction over this action?**

Con Edison's Position

Plaintiff asserts that this Court has jurisdiction over all counts of this action pursuant to 28 U.S.C. §1491(a)(1). Despite the recent appeal of PSEG Nuclear v. United States, No. 01-551C, slip op. (Apr. 22, 2005) to the Federal Circuit, this Court and the parties before it agree that jurisdiction properly lies before the Court of Federal Claims. See e.g., Florida Power and Light v. United States, 66 Fed. Cl. 93, 98 (2005) ("We agree with the well-reasoned opinions by Judges Lettow, Wiese, and Allegra – all of which conclude that Judge Sypolt's determination [that the Court of Federal Claims lacked jurisdiction to consider like claims] was an incorrect legal conclusion. See Boston Edison Co., 64 Fed. Cl. at 178; Nebraska Public Power District, No. 01-116C, slip op. (Fed. Cl. March 30, 2005); Duke Power, No. 98-485C, slip op. (Fed. Cl. March 3, 2005)").

As Con Edison set forth in its January 27, 2005 opposition to the Government's motion to dismiss, claims challenging certain DOE Nuclear Waste Fund fee practices are also properly before this court, and as to Con Edison the Government is precluded by res judicata from arguing otherwise. See Consolidated Edison's Opposition to Defendant's Motion to Dismiss, filed January 27, 2005, at 35-43. On July 30, 1998, Con Edison sought a petition for review in the D.C. Circuit challenging DOE's actions with respect to its obligations "to reduce or eliminate fees collected under the NWPA." See Exh. 3 to Con Edison's Opposition to Defendant's Motion to Dismiss, at 110. The D.C. Circuit dismissed those claims, and directed instead that Consolidated Edison pursue such claims before the Court of Federal Claims, as the Government then argued it should do. Consolidated Edison Company of New York, Inc. v. Dep't of Energy, 1999 WL 325517 (D.D.C. April 16, 1999) (finding that Court of Appeals' review of, inter alia,

Con Edison's Nuclear Waste Fund fee overcharge claims to be "precluded by the court's holding in Northern States Power Co. v. Dep't of Energy, 128 F.3d 754 (D.C. Cir. 1997)", which held "that petitioners must pursue the remedies provided in the Standard Contract," 128 F.3d at 759). This is precisely what Con Edison is now doing. The Government here attempts to reverse its position and ignore the D.C. Circuit's ruling. The position that this Court had no jurisdiction to review Con Edison's Nuclear Waste Fund fee claims would plainly be incompatible with the D.C. Circuit's Con Edison ruling, and would also lead to the absurd result that Con Edison is without any judicial forum to pursue its claims – a consequence obviously not intended by Congress and inconsistent with notions of due process and fundamental fairness.

Con Edison disagrees with the Government's position that a stay is warranted on any jurisdictional issue. The case should proceed to discovery.

Government's Position:

The issue of the Court's jurisdiction to adjudicate plaintiff's claims is currently before the United States Court of Appeals for the Federal Circuit. The Federal Circuit recently accepted an interlocutory appeal from the Court of Federal Claims in PSEG Nuclear v. United States, No. 01-551C, slip op. (Apr. 22, 2005), in which the Court denied plaintiff's motion for reconsideration of the Court's previous ruling that the Court of Federal Claims does not possess jurisdiction to adjudicate claims associated with the breach of the Standard Contract. Florida Power & Light Co. v. United States, 64 Fed. Cl. 37 (2005).

Although the Government believes that the Court possesses jurisdiction to adjudicate Consolidated Edison's contract claim, the Government continues to believe that this Court does not possess jurisdiction to adjudicate Consolidated Edison's challenge to the Secretary of Energy's collection of fees pursuant to the Nuclear Waste Fund, as such a challenge is within the

original and exclusive jurisdiction of the United States Court of Appeals for the District of Columbia Circuit and the regional courts of appeals. See 42 U.S.C. § 10139; General Elec. Uranium Mgt. Corp. v. United States Dep't of Energy, 764 F.2d 896, 907 (D.C. Cir. 1985); see Natural Res. Def. Council, Inc. v. Abraham, 244 F.3d 742, 743 (D.C. Cir. 2001) (acknowledging original and exclusive jurisdiction of United States Courts of Appeal to entertain challenges relating to NWF); National Ass'n of Regulatory Util. Comm'n v. United States Dep't of Energy, 851 F.2d 1424, 1426, 1429-30 (D.C. Cir. 1988) (suggesting that D.C. Circuit is proper forum for challenges to DOE's proposed methodology for allocating the cost of nuclear waste repositories between waste resulting from defense activities and that generated by civilian commercial reactors, although ultimately finding that the issue was not ripe for review).

Given that the issue of the Court's jurisdiction to adjudicate claims associated with the breach of the Standard Contract is currently pending before the Federal Circuit, the Government believes that the most prudent and efficient course of proceedings is to stay this case pending the Federal Circuit's decision resolving the scope of this Court's jurisdiction.

**(b) Should the case be consolidated with any other case?**

Con Edison's Position

Partial consolidation of this case with Entergy Nuclear Indian Point, LLC v. United States, Case No. 03-2622C ("ENIP"), has been resolved by the Court's November 2, 2005 Order, which denied the Government's motion to consolidate. Counsel in this case and ENIP have agreed to coordinate pre-trial discovery activities and share discovery materials so as to obviate any need for formal consolidation.

Government's Position

Defendant has previously requested that the Court reassign all of the spent nuclear fuel cases to a single judge, followed by consolidation for the limited purpose of resolving issues surrounding the spent nuclear fuel acceptance schedule terms of the Standard Contract. The Court has not granted the Government's request. Nevertheless, defendant continues to believe that reassignment and consolidation of the spent nuclear fuel cases, which would permit resolution of issues surrounding the schedule terms that appear in every Standard Contract, is appropriate.

Beyond that request for reassignment, defendant also continues to believe that, pursuant to RCFC 42(a), the Court should consolidate this case with Entergy Nuclear Indian Point 2 v. United States, No. 03-2622C (Fed. Cl.), because both cases involve the assignor and assignee of the same contract with the Department of Energy ("DOE"), and both are currently pending before the same judge. Consolidation will promote the efficient administration of justice and prevent the potential for inconsistent rulings between the two cases.

**(c) Should the trial of liability and damages be bifurcated?**

Con Edison's Position

Trial of liability and trial of damages should not be bifurcated. As to liability, the Federal Circuit has already determined that as a matter of law, the Government breached the Standard Contract by failing to begin accepting SNF by the January 31, 1998 contractual deadline. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000); see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000). Plaintiff disagrees with the Government's contention that liability for breach of the Standard Contract cannot be established until a determination is made regarding a rate of acceptance or schedule for

acceptance of SNF and high-level waste ("HLW"), and submits that this is particularly so for claimants such as Con Edison who assigned their Standard Contract post-breach, when DOE professed that performance would not commence for at least another decade. In the Maine Yankee case, the Federal Circuit affirmed the Government's liability for breach of the Standard Contract even though there was no determination in that case regarding the overall rate of acceptance or other performance schedule issues.

Government's Position

Liability for partial breach of contract by the Government of its Standard Contract with Consolidated Edison has not been established. Defendant believes that liability for partial breach of contract cannot be established until a determination is made regarding the minimum mandatory schedule for acceptance of SNF and high-level radioactive waste ("HLW") by which the Government was contractually obligated to accept contract holders' SNF and/or HLW. The Court should resolve issues involving the acceptance schedule under which the Government is obligated, pursuant to the Standard Contract, to accept plaintiff's spent nuclear fuel (including the rate at which the Government is obligated, under the contract, to accept spent nuclear fuel from all of the contract holders). Once the Court resolves those issues, any further trial proceedings regarding liability and damages should be resolved in a single proceeding.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

Con Edison's Position

Contrary to the Government's repeated request for a stay, discovery should commence on issues presented in this case that have not arisen previously in other SNF cases, such as the Government's practices pertaining to nuclear plant decommissioning funding adequacy, SNF repository and disposal costs, and Nuclear Waste Fund fee collection practices. Developments

in none of the earlier-filed SNF cases will illuminate these issues. With respect to other discovery, including deposition discovery, Con Edison recommends stipulation to use of previous depositions of DOE and former DOE employees and contractors taken in other SNF cases as if they were taken in this case, in which case the need for depositions on topics raised in earlier SNF cases could be substantially reduced.

Government's Position

Defendant continues to believe that this case, and other spent nuclear fuel ("SNF") cases pending before this Court, should be stayed until the "lead" SNF cases as designated by Chief Judge Damich, as well as the other cases that have already proceeded to trial, have reached the point that substantive and definitive guidance regarding the appropriate resolution of a variety of legal issues in the cases have been obtained. The Chief Judge has identified six "lead" or "accelerated" cases (out of the pending 59 spent fuel cases) in which the spent nuclear fuel acceptance schedule issues are to be decided. These acceptance schedule issues, which should resolve the rate at which the Department of Energy is obligated to accept spent nuclear fuel from the nuclear utility contract holders under the terms of the Standard Contract, must be decided before the Court can evaluate specific damages causation issues. Without resolution of the issues surrounding the acceptance schedule by which the Department of Energy was obligated to accept plaintiff's spent nuclear fuel under the terms of the Standard Contract, the Court cannot identify whether certain specific damages that plaintiff alleges it has incurred were "caused" by the Department of Energy's delay in beginning spent fuel acceptance or whether those costs would have been incurred regardless of the delay. Therefore, it is anticipated that such a stay would greatly streamline both discovery and trial time in this case and the other remaining SNF cases.

**(e) Will a remand or suspension be sought and proposed duration?**

Con Edison's Position

Con Edison does not intend to seek a remand or suspension.

Government's Position

Defendant states that it does not seek a remand of this case at this time, but that the Court should suspend this case for the reasons discussed in the prior section of this report.

**(f) Will additional parties be joined?**

Con Edison's Position

This issue has been resolved by the Court's November 2, 2005 Order, which denied the Government's motion to consolidate, or, in the alternative, to join ENIP. Con Edison does not believe any parties need to be joined in this action.

Government's Position

Although the Court appears to have denied the Government's alternative motion to join Entergy Nuclear Indian Point 2 with this case and to join Consolidated Edison to the case brought by Entergy Nuclear Indian Point 2 (No. 03-2622C), defendant continues to believe that, as an alternative to consolidation, joinder of these two cases is appropriate. Both of these cases concern claims involving the same Standard Contract and the same nuclear facilities. The Government believes that joinder may be necessary to ensure that all claims against the Government arising from the same contract are resolved in a consistent manner.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

Con Edison's Position

Con Edison has no current intention to file any motions pursuant to RCFC 12(b), 12(c), or 56.

Government's Position

If the Court does not stay this case, defendant may file a motion for partial summary judgment, similar to those filed in other previous spent nuclear fuel cases, regarding the acceptance schedule terms of the Standard Contract and a motion for partial summary judgment regarding the Department of Energy's obligation to accept plaintiff's Greater-Than-Class-C low-level radioactive waste. Further, the Government anticipates that it may file RCFC 56 motions regarding Consolidated Edison's ability to bring a takings claims under the circumstances, the speculativeness of Consolidated Edison's contract damages, and this Court's jurisdiction to adjudicate Consolidated Edison's challenge to the Secretary of Energy's fee collection practices.

**(h) What are the relevant factual and legal issues?**

Con Edison's Position

Con Edison has brought this action to recover damages incurred as a result of the Government's partial breach of the Standard Contract. The material issues of fact and law in this case include, but are not limited to, the following:

1. The extent of damages incurred by Consolidated Edison as a result of the Government's failure to begin accepting SNF on the January 31, 1998 contractual deadline, which violated the NWPA and, as the Federal Circuit has already determined, constitutes a breach of the Standard Contract. Maine Yankee Atomic Power co. v. Untied States, 225 F.3d 1336 (Fed. Cir. 2000); see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000).)

2. Whether the Government breached its duty of good faith and fair dealing under the Standard Contract.

3. Whether the Government engaged in a taking of Con Edison's property in violation of the Fifth Amendment, comprising Con Edison's property interests in its Standard Contract and related nuclear assets.

4. The extent to which the value of Con Edison's Standard Contract and other nuclear assets was diminished in value as a consequence of the Government's breaches of the Standard Contract and violations of the NWPA as of the September 6, 2001 date that, following a utility industry restructuring mandated by the Federal Energy Regulatory Commission, Con Edison sold its nuclear assets and assigned its breached Standard Contract to a third party.

Government's Position

The relevant legal and factual issues in this case include, but may not be limited to, the following:

1. Whether the Government is liable for breach of plaintiff's Standard Contract;

2. The basis and scope of any liability for the breach of the Standard Contract;

3. The contractually required schedule for the Department of Energy's acceptance of spent nuclear fuel and/or high-level radioactive waste;

4. The appropriate measure of the plaintiff's damages, if any, arising from any breach of the Standard Contract;

5. Whether the Government is obligated to accept Greater-Than-Class-C low-level radioactive waste pursuant to the Standard Contract;

6. Whether the Government is liable for taking plaintiff's property without just compensation.

**(i) What is the likelihood of settlement? Is ADR contemplated?**

The parties are open to the possibility of settlement and are willing to engage in settlement discussions at an appropriate time. Con Edison believes that settlement discussions, should they occur, would likely be more fruitful following discovery in subject areas that have not arisen in other SNF cases.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

The parties currently anticipate proceeding to trial. The parties do not request expedited trial scheduling, given the guidelines set forth in RCFC App. A, Section III.4(j).

**(k) Are there special issues regarding electronic case management needs?**

There are no special issues regarding electronic case management needs at this time.

**(l) Is there any other information of which the Court should be aware at this time?**

Con Edison's Position

The Government served its responses to Con Edison's First Request for Production of Documents and First Set of Interrogatories on September 23, 2005. Con Edison is dissatisfied with the Government's Responses and has proposed an informal discovery conference to address these and related issues. The Government has not yet initiated discovery of Con Edison, but has indicated in prior hearings before the Court that it intends to seek extensive discovery from the purchaser of Con Edison's nuclear assets in the ENIP case. Many of the claims asserted by Con Edison have not been the subject of extensive discovery in earlier-filed SNF cases, nor has exhaustive discovery been conducted in any Standard Contract assignor cases where DOE's nonperformance is alleged to have diminished the value of the pertinent Standard Contract and related nuclear assets.

For these and related reasons, Con Edison is unable to predict the complexity, extent or duration of discovery that will be necessary before a trial of this case. Also, for this reason, although Con Edison does not object to submission of experts reports in mid-2007 as the Government proposes, it has not proposed a schedule of its own. Con Edison does object to submission of experts reports prior to the completion of discovery, and believes that a schedule when adopted should provide for expert rebuttal reports. Con Edison has initiated steps to schedule a discovery conference with the Government, and is hopeful that a comprehensive discovery program and schedule can be developed following this proposed discovery conference. The parties will discuss in that context other milestone dates for the case, including dates for exchange of initial disclosures under Rule 26(a).

The Government's request that any discovery scheduled in this case parallel any discovery schedule in Entergy Nuclear Indian Point 2 is unnecessary, given the informal discovery cooperation already agreed to between Con Edison and ENIP. Likewise, Con Edison sees no benefit in consecutive scheduling of the trial in this case with the trial in ENIP.

Government's Position

Defendant's views regarding the progress of this case have been expressed in detail in its April 23, 2004 report.

**PROPOSED DISCOVERY SCHEDULE:** Assuming that the Court does not stay proceedings in this case, the parties propose the following discovery schedule:

March 2, 2007 – Consolidated Edison expert reports due.

June 1, 2007 – Government's expert reports due.

August 31, 2007 - Deadline for the completion of fact discovery and expert discovery, including all depositions.

Defendant also requests that any discovery scheduled in this case parallel any discovery schedule in Entergy Nuclear Indian Point 2, and that any trials in this case and that case be scheduled consecutively.

Respectfully submitted,

s/ David A. Churchill
David A. Churchill
Jenner & Block, LLP
601 Thirteenth Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*

Of Counsel:

Brent L. Brandenburg, Esq.
Assistant General Counsel
Consolidated Edison Company of New York, Inc.
4 Irving Place, Suite 1830
New York, NY 10003
(212) 460-4333

Cynthia J. Robertson
Jenner & Block, LLP
601 Thirteenth Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

Daniel F. Stenger
Ballard Spahr Andrews & Ingersoll, LLP
601 13th Street, N.W., Suite 1000 South
Washington, DC 20005-3807
(202) 661-2000

*Attorneys for Plaintiff*

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

s/ Harold D. Lester, Jr.
Harold D. Lester, Jr.
Assistant Director

s/ Joshua E. Gardner
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530
(202) 305-7583

Of Counsel:

Jane K. Taylor
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, SW
Washington, DC 20585

*Attorneys for Defendant*

December 7, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December 2005, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner