# In the United States Court of Federal Claims

No. 04-0033C

(Filed: January 23, 2006)

*******************************************
CONSOLIDATED EDISON COMPANY of NEW YORK, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

*******************************************

SCHEDULING ORDER

On January 20, 2006, the Court conducted a preliminary scheduling conference with counsel for the parties, pursuant to Appendix A, paragraph 7, of the Court's Rules. The Court has considered the information provided in the parties' December 7, 2005 Joint Preliminary Status Report, as well as the presentations of counsel in open Court. The discovery schedule in this case will be as follows:

1. All discovery of any kind shall be completed on or before **August 31, 2007.** This date will not be extended absent a showing of exceptional and unforeseen circumstances.

2. In conducting discovery relating to damages, the parties will be expected to follow the Pretrial Order on Damages, appended hereto as Attachment A. On or before **February 28, 2006**, the parties shall jointly submit a proposed schedule to the Court for compliance with the required steps of the Pretrial Order on Damages, along with any proposed modifications to the Pretrial Order on Damages that the parties believe would better fit the circumstances of this case. Upon receipt and consideration of the parties' proposed schedule and any proposed modifications, the Court will issue the Pretrial Order on Damages in this case.

3. Except to the extent that expert information, reports or related expert discovery may be required or authorized for compliance with the Pretrial Order on Damages, Plaintiff's expert

reports shall be due on **March 2, 2007**, and Defendant's expert reports shall be due on **June 1, 2007**.

4. Defendant's renewed suggestions for a stay of proceedings, or for consolidation of this case with Entergy Nuclear Indian Point 2, LLC v. United States, No. 03-2622C, are hereby denied.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge

**Attachment A, Consolidated Edison of New York,**
**No. 04-0033C, Order Dated January 23, 2006**

**PRETRIAL ORDER ON DAMAGES**

For the damages disclosure required by RCFC 26(a)(1)(C), and, subsequently, for exhibits proposed in accordance with Appendix A, paragraph 13(a), the parties shall adhere to the following procedures:

(a) On or before __________, ____, any party with a claim for damages shall provide to the other party any and all items and figures from books of account or other records which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom. The items and figures shall be set forth on separate schedules or summaries, as further described in paragraph (b) below.

(b) Any schedule or summary provided pursuant to paragraph (a) above shall be accompanied by a statement describing the source(s) for the items or figures listed (*e.g.,* ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time during the discovery period when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

(c) On or before __________, ____, a party who receives schedules or summaries pursuant to paragraph (a) shall arrange for a complete examination or audit as desired of the source material, preferably by person(s) available to provide testimony in any ensuing evidentiary proceedings. By the specified date, the receiving party shall provide opposing counsel with a statement admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted pursuant to paragraph (a). The statement shall address each item and figure submitted, and shall set forth the results of the examination or audit of the source material. The statement shall include the reason(s) for any denial of accuracy as to specified items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence. Any item or figure not denied as to

accuracy or admissibility by the date specified above shall be deemed not contested.

(d) Proposed trial exhibits exchanged pursuant to Appendix A, paragraph 13(a), and listed pursuant to Appendix A, paragraph 16, shall include schedules setting forth <u>all</u> items and figures from books of account or other records, and calculations or estimates derived therefrom, which a party proposes be introduced into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examination or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited only to those identified as contested.