IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0033C (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

JOINT PROPOSED SCHEDULE FOR COMPLIANCE WITH THE REQUIRED STEPS OF THE PRETRIAL ORDER ON DAMAGES

Pursuant to the Court's January 23, 2006 Scheduling Order ("Order"), Plaintiff, Consolidated Edison Company of New York, Inc. ("Con Edison"), and Defendant, the United States, respectfully submit this joint proposed schedule for compliance with the required steps of the Pretrial Order on Damages ("Attachment A"). As stated in the Court's Order, the parties may propose any modification to Attachment A that the parties believe would better fit the circumstances of this case.

Con Edison's Position: Con Edison views its obligations under Attachment A as relating to damages that are quantifiable by reference to "items and figures from books of account or other records which are to be introduced into evidence in this matter." Not all of Con Edison's damages easily fit within this definition. For example, Con Edison's diminished value damages and excess decommissioning funding damages are not quantifiable by way of exclusive reference to Con Edison's "books of account" or other such records, but are more properly the subject of Con Edison's expert reports, which are due on March 2, 2007, pursuant to this Court's Order. In contrast, costs associated with the interim storage of spent nuclear fuel ("SNF") that Con Edison incurred following the Department of Energy's ("DOE's")

announcement that it would not begin disposal of SNF on January 31, 1998 can be determined by reference to Con Edison's accounting records, and thus are able to be audited by the procedures outlined in Attachment A. To the extent that Con Edison locates additional incurred expenses or data that will support any of its damages claims, it will release those items by the deadline established by Attachment A, if not earlier, through normal discovery avenues.

On March 20, 2006, Con Edison will be responding to the Government's discovery that specifically targets all categories of damages, including the diminished value claim. Moreover, Con Edison will be submitting its initial disclosures to the Government on April 12, 2006, and, pursuant to RCFC 26(a)(1)(C), is required to include "a computation of *any category* of damages claimed by the disclosing party, making available for inspection and copying as under RCFC 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered." (emphasis added). Con Edison intends to outline for the Government its diminished value damages there.

<u>Government's Position</u>: Although we appreciate that not all of Con Edison's damages claims in this case will necessarily be past incurred costs identifiable in Con Edison's accounting records, we cannot acquiesce in Con Edison's apparent request that the Court eliminate Con Edison's diminished value claim from the proposed pre-trial order on damages. At the present time, we do not have any information about the specific damages or types of damages that Con Edison expects to claim in this case, beyond a broad representation regarding claims for past spent nuclear fuel storage costs and the diminished value allegedly recognized in the sale of its nuclear reactors to Entergy Nuclear Indian Point 2. Further, we understand that we may receive some of this information in Con Edison's initial disclosures,

which we are scheduled to receive on April 11, 2006, and that we may receive additional information in response to paragraph (a) of the Court's "Pretrial Order on Damages." Nevertheless, we remain concerned regarding the timing of full disclosure regarding Con Edison's damages claims, particularly as they relate to Con Edison's diminished value claim, which we understand is likely to be Con Edison's largest dollar claim here. Although perhaps we will receive some information regarding the diminished value claim earlier in the litigation, it appears that, by excluding at least the bulk of the diminished value claim from paragraph (a) of the "Pretrial Order on Damages," we may not receive the bulk of the support for Con Edison's diminished value claim until the submission of its expert reports on March 2, 2007, with the Government then having only until June 1, 2007, to take the entirety of its discovery and to complete its own expert analyses regarding that claim. In light of these concerns, the Government requests that, in its claim for damages in response to paragraph (a) of the Court's "Pretrial Order on Damages," Con Edison identify all costs and damages being sought in this litigation relating to that diminished value claim (along with all documentary support for the dollar figures in that claim, other than documents created solely for this litigation such as expert reports and work papers) and any other damages claims being sought.

Attachment A, Consolidated Edison of New York,
No. 04-0033C, Order Dated January 23, 2006

PRETRIAL ORDER ON DAMAGES

For the damages disclosure required by RCFC 26(a)(1)(C), and, subsequently, for exhibits proposed in accordance with Appendix A, paragraph 13(a), the parties shall adhere to the following procedures:

(a) On or before October 6, 2006, any party with a claim for damages shall provide to the other party any and all items and figures from books of account or other records which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom. The

items and figures shall be set forth on separate schedules or summaries, as further described in paragraph (b) below.

(b) Any schedule or summary provided pursuant to paragraph (a) above shall be accompanied by a statement describing the source(s) for the items or figures listed (*e.g.*, ledgers, journals, payrolls, invoices, checks, time cards, etc.) the location(s) of the source(s), the time during the discovery period when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures. The procedures to be followed for any such examination or audit must be agreed to in writing by the parties prior to its occurrence.

(c) On or before April 6, 2007 a party who receives schedules or summaries pursuant to paragraph (a) shall arrange for a complete examination or audit as desired of the source material, preferably by person(s) available to provide testimony in any ensuing evidentiary proceedings. By the specified date, the receiving party shall provide opposing counsel with a statement admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted pursuant to paragraph (a). The statement shall address each item and figure submitted, and shall set forth the results of the examination or audit of the source material. The statement shall include the reason(s) for any denial of accuracy as to specified items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissability as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence. Any item or figure not denied as to accuracy or admissibility by the date specified above shall be deemed not contested.

(d) Proposed trial exhibits exchanged pursuant to Appendix A, paragraph 13(a), and listed pursuant to Appendix A, paragraph 16, shall include schedules setting forth all items and figures from books of account or other records, and calculations or estimates derived therefrom, which a party proposes be introduced into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examination or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited only to those identified as contested.

Respectfully submitted,

s/________________________________
DAVID A. CHURCHILL
Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200
Washington, D.C. 20005
(202) 639-6000 telephone
(202) 637-6370 facsimile

Of counsel:

Brent L. Brandenburg
Assistant General Counsel
Consolidated Edison Company
of New York, Inc.
4 Irving Place, Suite 1830
New York, NY 10003
(212) 460-4333

Daniel P. Stenger
Hogan & Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004-1109
(202) 637-5600

Cynthia J. Robertson
Jenner & Block LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 639-6000

COUNSEL FOR PLAINTIFF

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ ____________________________
HAROLD D. LESTER, JR.
Assistant Director

s/____________________________
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 305-7583 telephone
(202) 307-2503 facsimile

Of counsel:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

COUNSEL FOR DEFENDANT

Dated: February 28, 2006

CERTIFICATE OF FILING

I hereby certify that on February 28, 2006, a copy of the foregoing "Joint Proposed Schedule for Compliance with the Required Steps of the Pretrial Order on Damages" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through this system.

s/ David A. Churchill

David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*