# In the United States Court of Federal Claims

No. 04-0033C

(Filed: March 2, 2006)

```
**************************************** *
                                         *
CONSOLIDATED EDISON COMPANY              *
OF NEW YORK, INC.,                       *
                                         *
                    Plaintiff,           *
                                         *
 v.                                      *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
                                         *
**************************************** *
```

ORDER

By motion filed January 19, 2006, Defendant has moved for reconsideration of the Court's August 24, 2005 Opinion and Order by Judge Charles F. Lettow, insofar as it denied Defendant's Motion to Dismiss Count III of Plaintiff's Complaint. In this spent nuclear fuel ("SNF") case, Count III of the Complaint concerns Plaintiff's claim for an uncompensated taking in violation of the Due Process and Takings Clauses of the Fifth Amendment. (Complaint at 31-32). Plaintiff alleges in Count III that the Department of Energy ("DOE") was unconditionally obligated under the Nuclear Waste Policy Act of 1982 ("NWPA") to begin accepting Plaintiff's SNF by January 31, 1998, and that DOE's failure to fulfill this obligation constituted a taking of Plaintiff's vested property rights without just compensation. Id. at ¶¶ 87-93.

Judge Lettow's August 24, 2005 Opinion and Order held that "[t]he source and nature of Consolidated Edison's property rights, if any, is a disputed matter to be decided after trial." (Op. at 8). The Court allowed Plaintiff to proceed with both its takings and breach of contract claims concurrently. Id. The Court noted that, if both claims remain viable, recovery under the breach of contract claims would take precedence. Id. at 9. The Court observed that some SNF decisions have dismissed the takings claims once the Government has been found liable for breach of contract. Id. The undersigned concurs that,

at the present stage of this litigation, the development of a more complete record is necessary to determine the viability of Plaintiff's claims.

Accordingly, Judge Lettow's August 24, 2005 Opinion and Order need not be modified in any respect. Defendant's Motion for Reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge