# Exhibit A

# In the United States Court of Federal Claims

No. 04-33C
(Filed: May 18, 2004)

* * * * * * * * * * * * * * * * * * * * * * * * * *
CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*
* * * * * * * * * * * * * * * * * * * * * * * * * *

## AGREEMENT AND PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties

that all or any portion of the documents accompanying that letter are "Confidential Material" within the meaning of this agreement and order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting the above-entitled litigation and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the spent nuclear fuel case, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the

parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this Order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this agreement and protective Order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this agreement and protective order.

10. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this agreement and protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

ORDERED:

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge

Dated: May 18, 2004

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 04-33C

* * * * * * * * * * * * * * * * * * * * * * * * * *
CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC.,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*
* * * * * * * * * * * * * * * * * * * * * * * * * *

DECLARATION OF ____________________

1. My name is ________________________________.

2. My business address is ____________________________

____________________________________________.

3. My present employer is ____________________________

____________________________________________.

4. My present occupation or job description is ________________

____________________________________________.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

________________________________
(signature)

DATED: ________________________

# Exhibit B

# UNITED STATES
# COURT OF FEDERAL CLAIMS

FILED
MAR 2 1 2006
U.S. COURT OF FEDERAL CLAIMS

CONSOLIDATED EDISON COMPANY )
OF NEW YORK, INC., )
)
Plaintiff, )
)
v. ) Docket No. 04-33C
)
UNITED STATES, )
)
Defendant. )

Pages: 1 through 11

Place: Washington, D.C.

Date: March 9, 2006

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

ORIGINAL

Dave Churchill again. May I address that valuation model point again?

THE COURT: Sure.

MR. CHURCHILL: I may have misspoken. I didn't mean to indicate that we were expecting valuation models that had been performed by DOE. That I wouldn't expect to find.

What I do believe were the case, however, is that many of the potential buyers and sellers did create valuation methodologies for these various plants that were bought and sold in the timeframe in which we are interested, and the Justice Department, through discovery in these cases, has obtained through discovery of the other plaintiffs -- buyers and sellers -- all of these valuation models.

So it's that which we understand to be, potentially at least, on the government's production database that would be obtained by us in that manner. So it's not a DOE valuation model. It's other companies' valuation models that are now in play because of other discovery efforts in these cases.

MR. GARDNER: Your Honor, this is Mr. Gardner from the Department of Justice.

I'm glad Mr. Churchill clarified that. Unfortunately, however, I can represent generally

having been involved in the productions in the buyers and seller cases that I'm not aware of any of the other buyers of interest in nuclear power plants conducting valuation models either. We've requested such models, and what we often hear is that there is no such models.

So obviously again we can talk about this offline, Mr. Churchill and the government, but unfortunately I'm not sure that kind of information exists, or if it does exist, whether it's in the possession of the Department of Justice.

THE COURT: Well, it might be best to address those kinds of questions earlier rather than later so that Mr. Churchill is not surprised in some way closer to the time when he is supposed to submit his schedules.

MR. GARDNER: That's fine, Your Honor.

MR. CHURCHILL: Your Honor, we have been working with the government on these sort of difficult discovery issues. Through no fault of the government, it's difficult to use their production database for somebody on the outside like ourselves.

And so we have a letter that will go out to Mr. Lester and Mr. Gardner this week on this subject, and we've certainly had good cooperation from them

# Exhibit C

March 10, 2006

**VIA E-MAIL AND U.S. MAIL**

Joshua E. Gardner
Trial Attorney, Commercial Litigation Branch,
Civil Division
U.S. Department of Justice
ATTN: Classification Unit
8th Floor
1100 L Street, N.W.
Washington DC 20530

David A. Churchill
Tel 202 639-6056
Fax 202 637-6370
dchurchill@jenner.com

**Re:** ***Consolidated Edison Company of New York v. United States***
***Case No.* 04-0033**

Dear Josh:

I write regarding our efforts to work cooperatively to obtain the documents and other information sought by Consolidated Edison Company of New York, Inc.'s ("Con Edison's") First Set of Interrogatories and First Request for Production of Documents served on November 30, 2004. The Government responded to Con Edison's first round of discovery on September 23, 2005, and met with Con Edison on January 13, 2006 to discuss those responses. Our particular area of concern for purposes of this letter is the Government's practices in disclosing discovery materials in other spent nuclear fuel cases, and I propose to address other discovery issues separately. It is our hope that we can quickly resolve all such discovery issues and focus our efforts on advancing this case to resolution.

Document Request No. 23 in Con Edison's November 30, 2004 First Request for Production of Documents sought production of the following:

> "Provide all responses which you have propounded or which you have received to discovery requests, including, but not limited to interrogatories, document requests and requests for admissions, for any case to which you have been a party and the Plaintiff has alleged your breach of the Standard Contract."

*First*, at our January 13, 2006 discovery conference, Harv Lester indicated that the Government's production website would likely contain the documents and interrogatory

responses produced by other utility plaintiffs, as well as third party discovery and the Government's own interrogatory responses which have been prepared in the context of SNF litigation. All such materials would be responsive to our document request 23. Based on our review of the website, we have determined that hardly any of this material has been posted. In particular, the website contains only selected written discovery material (CD-ROMs YA 190 and YA654) and some utility-specific material (CD-ROMs YA117, YA118r1, YA123, YA125r1, YA128, YA129, YA131, YA158 and YA462).

We are aware that in response to our document request 23 the Government objected to production of materials produced by other utilities, citing the expense the Government would incur to extract those documents from its databases and to strike privileged information. We do not believe any such objection is well founded given that the Government received this material from the utilities and third parties, free of any basis for Government work product or privilege claims.

It should therefore be an easy matter for the Government to provide a copy of the material requested by Con Edison in 2004 in the form it was initially produced to the Government by the originating source. Con Edison's 2004 discovery request was expressly of a continuing nature, and thus calls for disclosure of requested materials received or generated to date and in the future on an ongoing basis. Based on our understanding of how litigation discovery databases work, it should also be a simple process for your vendor to export and extract this data from your internal databases free of any work product. Furthermore, we note that to the extent the Government expects to rely on such material to support its defense of this lawsuit, it is obligated to provide this material to Con Edison pursuant to Rule 26(a)(1)(B) of the Rules of the Court of Federal Claims ("RCFC").

In light of the fact that this discovery was propounded many months ago, we urge production of this material as expeditiously as possible. While in request 23 we have requested all written discovery and documents received by the Government in SNF cases, our immediate need is to review discovery materials the Government has received or submitted in relation to the

sale or purchase of the Pilgrim, Indian Point Unit 3, Fitzpatrick, Vermont Yankee, and Indian Point 1 and 2 nuclear plants and the associated Standard Contracts for SNF disposal. This request also includes plant purchase and sale materials we understand the Government has received in discovery from Navigant Consulting related to its work on the sale or potential sale of a number of nuclear plants.

*Second*, in its January 16, 2006 initial disclosures, the Government represented that the Government had or would promptly post electronic versions of the depositions of Government employees on its website. We have still not been able to locate that material on the Government's website. Please provide that material as soon as possible.

*Third,* the structure of the production website does not allow us to identify which CD-ROMs have been posted in response to a discovery request from Con Edison, and which documents have been posted in response to a request received from another utility. Con Edison's 2004 request requires that the requested discovery materials be identified by SNF case and party. I am also informed that we have not been receiving notice when new material is added to the website. We ask that you identify which CD-ROMs have been posted in response to Con Edison's document requests, and also notify us when new material is posted so that we both can track and evaluate the progress and completeness of the Government's document production.

*Finally,* the Government's response to document requests 22 and 23 indicates that written discovery material not already on the Government production website will be made available for inspection and copying. Please let us know what materials are covered but not website-posted so that we can promptly inspect and copy that material.

As I have indicated, our ultimate goal is to advance this case toward resolution and to avoid getting bogged down in discovery disputes which do not further that objective. We are under the impression that the Government shares the desire for efficient and productive case development. We are therefore continuing to work diligently to find responsive documents on the Government websites, request your concurrence and cooperation in making this structure

efficient, complete and effective, and reserve the right to raise additional issues should they arise.

Please call me if you have any questions.

Sincerely,

David A. Churchill

DAC:

cc: Harold D. Lester, Jr.
Brent L. Brandenburg