# Exhibit G

**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephone and return the original transmission to us at the address given below.

**DATE:** August 3, 2006

**TO:** **DAVID A. CHURCHILL**
**CYNTHIA J. ROBERTSON**
Fax No. (202) 637-6370

**FROM:** **HAROLD D. LESTER, JR.**
Department of Justice
Civil Division
Commercial Litigation Branch
National Courts Section
1100 L Street, N.W.
Washington, D.C. 20530
Fax No. 202-307-2503
Voice No. 202-305-7562

**PAGES SENT (INCLUDING COVER SHEET):** 7

**COMMENTS:** Consolidated Edison Co. of New York v. United States, No. 04-0033C (Court of Federal Claims)

U.S. Department of Justice

Civil Division

PDK:DMC:HDL
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

Telephone:
(202) 305-7562

Washington, D.C. 20530

August 3, 2006

VIA TELECOPY AND UNITED STATES MAIL

David A. Churchill
Cynthia J. Robertson
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823

Re: *Consolidated Edison Co. of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Mr. Churchill and Ms. Robertson:

In response to Ms. Robertson's e-mails dated July 19 and August 2, 2006, we have reviewed the draft "supplemental" protective order that Consolidated Edison Company of New York ("ConEd") has proposed for entry in this case.[1] ConEd's request for a supplemental protective order has caused us to review all of the protective orders that have been issued in the spent nuclear fuel litigation to assist us in considering some of the difficulties posed by ConEd's draft supplemental protective order. Based upon that broader review of the existing protective orders, we have identified the need for a slight modification to the existing protective order in this case. In addition, we must object to many of the provisions that ConEd proposes for a supplement to the existing protective order.

---

[1] The draft supplemental protective order upon which we focused is the draft that was attached to Ms. Robertson's July 19, 2006 e-mail. To the extent that the draft attached to the August 2, 2006 e-mail differs from the July 19, 2006 draft, please identify those differences for us, and we will attempt to respond to them. We assume for purposes of this letter that the draft supplemental protective order attached to Ms. Robertson's August 2, 2006 e-mail is the same as the draft attached to her July 19, 2006 e-mail.

Existing Protective Order:

One of the purposes of the original protective order that the Court of Federal Claims entered in the coordinated discovery proceedings early in the spent nuclear fuel litigation[2] was to permit the sharing of protected documents between the various spent nuclear fuel cases. We attached a copy of that May 9, 2002 order to a April 23, 2004 status report in this and other more recently filed spent nuclear fuel cases, which Judge Sypolt had requested prior to a comprehensive status conference that the Court held on April 30, 2004, with all of the newer spent nuclear fuel plaintiffs. We anticipated that the Court would issue a new order that, essentially, added the newer spent nuclear fuel plaintiffs to the existing coordinated discovery proceedings protective order. Instead, several judges individually issued that order in their individual cases, rather than a comprehensive court-wide protective order applicable to all of the spent nuclear fuel cases. Because the judge in this case issued the order as submitted for use in the April 30, 2004 status conference, the protective order here does not, as technically written, appear to allow for information sharing between spent nuclear fuel cases, which was our original intent. To allow for sharing of protected information that is not subject to any "supplemental" order that further limits distribution of documents, we intend to propose the following changes to the existing protective order, which was issued on May 18, 2004:[3]

> (a) the language in paragraph 4 that currently reads "the above-entitled litigation" should be changed to "the spent nuclear fuel litigation in this Court;"
>
> (b) the language in paragraph 6 that currently reads "the attorneys of record for the parties to the spent nuclear fuel case" should be changed to "the attorneys of record for the parties to the spent nuclear fuel cases;" and
>
> (c) the language in paragraph 10 that currently reads "[w]ithin ninety (90) days after the conclusion of this litigation" should be changed to "[w]ithin ninety (90) days after the conclusion of the spent nuclear fuel litigation in this Court."

In addition, given difficulties that we have had in other cases with vague designations of categories of documents as protected, we propose to change paragraph 2 to identify specific language that must be placed on each page of any protected document, as follows: "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S.

---

[2] That order is dated May 9, 2002.

[3] We intend to make this proposal without prejudice to our right to renew our request that the Court to implement a court-wide protective order applicable to all of the spent nuclear fuel cases.

COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION." We have been forced to incur substantial costs in other cases in which plaintiffs have merely identified, often without great specificity, categories of documents that they want protected and to endorse those documents with protective legends to ensure that they are not inadvertently provided to other parties. With a requirement that protected documents being produced actually contain a protective legend, we can eliminate much of this expense.

Objections To ConEd's Proposed "Supplemental" Protective
Order (In Addition To The Necessary Changes Noted Above):

We cannot agree to the language of the "supplemental" protective order that ConEd has proposed. As an initial matter, we understand that there may be particular documents that are so highly sensitive or proprietary that an entity may desire further restrictions than the standard protective order provides. Nevertheless, the need for this heightened level of protection should be rare, as the existing protective order already provides for restrictions upon access to and the use of documents subject to that order. To the extent that ConEd or some other party wants to place documents under this heightened protective order, that party should be required to justify that heightened protection. For each document subjected to this heightened protection, that party should be required to provide some type of log that identifies with specificity the harm that would result from disclosure of that specific document to counsel for the other nuclear utility plaintiffs. Any burden associated with such an effort should be small, given that the number of documents that fall into this heightened level of protection should be relatively small. See THK America, Inc. v. NSK Co., 157 F.R.D. 637, 643-44 (N.D. Ill. 1993).

Further, ConEd's proposed "supplemental" order appears to replace, in its entirety, the original protective order, given that both the original and supplemental orders impose restrictions upon apparently the same "Confidential Material." That is, in paragraph 1 of the proposed supplemental protective order, the term "Confidential Material" is exactly the same as that in the original protective order. If a document was identified as "Confidential," the United States would have no basis for knowing whether the document's distribution is limited in the manner required by the original protective order or in the manner required by the supplement. Further, the replacement of the original protective order in its entirety with the proposed "supplement" would preclude the use of any protected documents produced in this particular spent nuclear fuel case in any other spent nuclear fuel case. We cannot agree to this proposal. Any supplemental protection should apply only to particular categories of documents for which this additional and heightened level of protection is absolutely necessary, and the scope of those documents should be identified here. We cannot agree to permit ConEd and other nuclear utilities to apply a heightened level of protection to every document that they choose to designate as needing some level of protection, particularly without some significant justification for the application of heightened protection.

With regard to the proposed paragraph 2 of the draft supplemental protective order, we need any documents produced to us clearly to identify the fact that each document is protected by

the supplemental protective order restrictions. Accordingly, each page of any document that is to be limited in distribution only to this particular spent nuclear fuel case needs to have the following legend endorsed upon it: "SPECIALLY PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS SUPPLEMENTAL PROTECTIVE ORDER IN CONSOLIDATED EDISION CO. OF N.Y. V. US, NO. 04-33C, DATED ___________, 2006."

With regard to the proposed paragraph 4(a), this paragraph would allow third parties, most if not all of which have filed their own cases in the Court of Federal Claims, to produce documents here but would preclude the United States from using those documents in the cases in which the third parties are plaintiffs. We should not be in a position where we are required to destroy the documents that we obtain in this case and then attempt to seek production of the documents again in the third parties' cases.

With regard to the proposed paragraph 4(b), we do not understand the scope or meaning of this paragraph. The implications upon the use of documents produced subject to this "supplemental" protective order are unclear. We cannot agree to a paragraph under which we cannot identify the extent of the burden or prejudice that it will impose upon the United States.

With regard to the proposed paragraph 5, the limitation upon access to "Con Ed's attorneys" is too restricted, as we should be entitled, at the very minimum, to share these documents with counsel for the third parties producing these documents and use them in litigation where the third parties are plaintiffs.

With regard to the proposed paragraph 7, ConEd has added a portion of a sentence that provides as follows: "except that in accordance with the provisions of Paragraph 4 above plaintiff shall be entitled promptly to receive from the United States Confidential Material disclosed to the United States by the parties." We cannot agree to this provision. In fact, as previously mentioned, in response to your request for a supplemental protective order, we have undertaken a review of all of the existing protective orders in the spent nuclear fuel litigation. Some judges have changed a few words in varying paragraphs, creating different obligations upon the United States in different cases. Although our intent was that all documents produced in the spent nuclear fuel cases, including those subject to a protective order, could be shared among the spent nuclear fuel cases, we have recently realized that, pursuant to the express language of the existing protective orders, we cannot provide ConEd with any protected documents other than those produced in the Detroit Edison, Entergy Gulf States, Entergy Nuclear Generation, Entergy Nuclear Indian Point 2, Entergy Nuclear Vermont Yankee, Pacific Gas & Electric, South Carolina Gas & Electric, System Fuels, and Vermont Yankee cases.[4] In any other

---

[4] In these particular cases identified here, the trial court modified paragraph 4 of the coordinated discovery proceedings protective order to ensure that it allowed for use of the protected documents in the "spent nuclear fuel cases." In other cases, that language was not used, instead limiting distribution to "the above-entitled litigation," the phrase that was used in

cases, the plain language of the existing protective orders, from a technical standpoint, precludes us from sharing protected documents produced in that litigation with you. Although our original intent was that the Court of Federal Claims would issue a single protective order that governed all of the spent nuclear fuel cases and would permit information sharing between the cases, the manner in which the trial court has actually implemented our request, through piecemeal issuance of the originally requested protective order in individual cases (sometimes without modifying the language to permit information sharing) has not, from a technical standpoint based upon the plain language of the various protective orders, implemented our original intent.

With regard to the proposed paragraph 9, ConEd has attempted to reverse the burden of proof imposed by the original protective order and place the burden of establishing that documents should be removed from the restrictions imposed by the supplemental protective order upon the United States. Under well-established case law, it is the burden of the party seeking to protect documents and to limit their distribution to establish good cause for that protection. See, e.g., Forest Prods. Northwest v. United States, No. 05-5007, 2006 WL 1817073, at *5 (Fed. Cir. July 5, 2006); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994). "To overcome the presumption" that documents should be publicly available and establish "good cause" for subjecting documents to a protective order, "the party seeking the protective order must . . . demonstrat[e] a particular need for protection." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id. "Moreover, harm must be significant, not a mere trifle." Id. We will not agree to a change in this well-established precedent.

The deficiencies and problematic provisions identified here are those that we have been able to identify to date as a result of our review of ConEd's proposed supplemental protective

---

the original coordinated discovery proceedings applicable to multiple cases. Because ConEd is not a party to the coordinated discovery proceedings protective order, we do not see how, given a technical reading of that protective order and despite our intentions with regard to protective orders, we can share any protected material from the coordinated discovery proceedings with ConEd. To the extent that we have previously provided ConEd with access to some documents subject to the protective orders in spent nuclear fuel cases other than those identified above (based upon our misreading of these other protective orders), we invoke the claw-back provision in paragraph 8 of the May 18, 2004 protective order and ask that ConEd immediately return any such documents to us.

order. To the extent that we identify additional problems based upon a further review of ConEd's draft, we will notify you.

Very truly yours,

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division

# Exhibit H

# In the United States Court of Federal Claims

(Filed May 9, 2002)

FILED
MAY 9 2002
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ************************************ * | |
| YANKEE ATOMIC ELECTRIC COMPANY * | |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY * | |
| MAINE YANKEE ATOMIC POWER COMPANY * | |
| FLORIDA POWER & LIGHT COMPANY * | |
| NORTHERN STATES POWER COMPANY * | Case Nos. |
| DUKE POWER, A Division of DUKE ENERGY CORP. * | 98-126C, 98-154C, |
| INDIANA MICHIGAN POWER COMPANY * | 98-474C, 98-483C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT * | 98-484C, 98-485C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. * | 98-486C, 98-488C, |
| COMMONWEALTH EDISON COMPANY * | 98-614C, 98-621C, |
| BOSTON EDISON COMPANY * | 99-447C, 00-440C, |
| GPU NUCLEAR, INCORPORATED * | 00-697C, 00-703C, |
| WISCONSIN ELECTRIC POWER COMPANY * | 01-115C, 01-116C, |
| POWER AUTHORITY OF THE STATE OF NEW YORK * | 01-249C, 01-551C |
| OMAHA PUBLIC POWER DISTRICT * | UNCONSOLIDATED |
| NEBRASKA PUBLIC POWER DISTRICT * | |
| TENNESSEE VALLEY AUTHORITY * | |
| PSEG NUCLEAR LLC * | Judge Diane Gilbert Sypolt |
| Plaintiffs, * | |
| v. * | Discovery Judge |
| THE UNITED STATES, * | |
| Defendant. * | |
| ************************************ * | |

Order

On May 8, 2002, defendant filed an unopposed motion for entry of an amended agreement and protective order. The motion is granted.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

---

* Appointed as Judge Diane Gilbert Weinstein.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br>PSEG NUCLEAR LLC,<br><br>Plaintiffs,<br><br>UNITED STATES,<br><br>Defendant. | Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C 01-551C<br><br>Judge Sypolt<br>(Discovery Judge) |

AGREEMENT AND PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the

provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on documents disclosed the word "confidential" or by stating in a letter to counsel for the receiving party or parties that all or any portion of the documents accompanying that letter are "Confidential Material" within the meaning of this agreement and order.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting the above-entitled litigation and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such

documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the spent nuclear fuel case, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this Order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this agreement and protective Order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this agreement and protective order.

10. Within ninety (90) days after the conclusion of this litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any

Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this agreement and protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

ORDERED:

____________________________
Judge Diane Gilbert Sypolt

Dated: ________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY<br>CONNECTICUT YANKEE ATOMIC POWER COMPANY<br>MAINE YANKEE ATOMIC POWER COMPANY<br>FLORIDA POWER & LIGHT COMPANY<br>NORTHERN STATES POWER COMPANY<br>DUKE POWER, A Division of DUKE ENERGY CORP.<br>INDIANA MICHIGAN POWER COMPANY<br>SACRAMENTO MUNICIPAL UTILITY DISTRICT<br>SOUTHERN NUCLEAR OPERATING COMPANY, et al.<br>COMMONWEALTH EDISON COMPANY<br>BOSTON EDISON COMPANY<br>GPU NUCLEAR, INCORPORATED<br>WISCONSIN ELECTRIC POWER COMPANY<br>POWER AUTHORITY OF THE STATE OF NEW YORK<br>OMAHA PUBLIC POWER DISTRICT<br>NEBRASKA PUBLIC POWER DISTRICT<br>TENNESSEE VALLEY AUTHORITY<br>PSEG NUCLEAR LLC,<br><br>Plaintiffs,<br><br>UNITED STATES,<br><br>Defendant. | Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C 01-551C<br><br>Judge Sypolt<br>(Discovery Judge) |

DECLARATION OF ____________________

1. My name is ______________________________.

2. My business address is __________________________

______________________________________________________.

3. My present employer is __________________________

______________________________________________________.

4. My present occupation or job description is

______________________________________________________.

5. I have received a copy of the Agreement and Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Agreement and Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Agreement and Protective Order.

8. I will comply with all of the provisions of the Agreement and Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Agreement and Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Agreement and Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

____________________________
(signature)

DATED: ____________________