# APPENDIX

Pillsbury
Winthrop
Shaw
Pittman LLP

725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017-5406

Tel 213.488.7100
Fax 213.629.1033
www.pillsburylaw.com

May 5, 2006

Alex D. Tomaszczuk
Phone: 213.488.7110
alex.tomaszczuk@pillsburylaw.com

VIA FACSIMILE & FIRST CLASS MAIL

Harold D. Lester, Jr., Esq.
Assistant Director - Commercial Litigation
United States Department of Justice
Civil Division
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, DC 20530

Re: *Consolidated Edison Co. of New York v. United States*
No. 04 0033C (Fed. Cl.)

Dear Mr. Lester:

I write in response to your letter of April 27, 2006 concerning the release to Consolidated Edison Company of New York ("Con Ed") and/or its counsel, David Churchill, Esquire, of Jenner & Block of certain documents "the Government has received through discovery 'in relation to the sale or purchase of the Pilgrim, Indian Point Unit 3, Fitzpatrick, Vermont Yankee, and Indian Point 1 and 2 nuclear plants and the associated Standard Contracts for disposal,' and apparently, in relation to the sale or purchase of any other nuclear reactor." These documents (hereinafter referred to as the "purchase and sale agreements and related documents") were submitted to the Government during the discovery process by various clients whom we are representing here, specifically including: Entergy Nuclear Generation Company, Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Operations, Inc. and Entergy Nuclear Vermont Yankee (collectively "Entergy"), Florida Power & Light Company ("FP&L"),[1] PSEG Nuclear, L.L.C. and Public Service

[1] One of the FP&L entities was recently served with a subpoena by the Government in connection with the Con Ed case.

Electric and Gas Company ("PSEG") and Vermont Yankee Nuclear Power Corporation ("Vermont"). Each of these utility clients objects to the plan outlined in your letter, which contemplates the wholesale release of confidential purchase and sale agreements and related documents to Con Ed and/or its counsel, subject only to the constraints of the current protective order entered in the spent nuclear fuel ("SNF") cases.

Entergy, in particular, objects to any effort by Con Ed or its counsel to obtain access to the wide range of material Entergy has produced to the Government. That material relates to a variety of different nuclear plant transactions that simply are not at issue and not relevant to the Con Ed case. Furthermore, to the extent Con Ed seeks to pursue a diminution in value claim, Entergy believes the information needed to pursue that claim is contained in the actual purchase and sale agreement for the Indian Point 2 plant, which Con Ed presumably has as a party to that agreement. Certainly the mere fact that Con Ed has a pending SNF claim at the Court does not justify release to Con Ed of all the files Entergy has produced to the Government in connection with Entergy's various pending SNF cases. In short, Entergy objects to the "fishing expedition" that Con Ed appears to be pursuing.

Apart from the fact that Con Ed's request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in its case, the proposed solution outlined in your letter is not acceptable because it would allow Con Ed and/or its counsel essentially unfettered access to sensitive business information of the utility clients I represent. As your letter recognizes (page 3), the current SNF protective order "may permit distribution of documents to company personnel to at least some degree." We agree with the Government's interpretation of the current protective order. While that may not pose a problem in terms of shared access among the utility plaintiffs to some of the documents produced by the utilities in the SNF cases, the purchase and sale agreements and related documents (which include financial models, business analyses, and accounting records) are very sensitive from both a financial and ongoing competitive standpoint. Some of the financial models themselves constitute trade secrets and are very tightly controlled. Con Ed personnel need not and should not have access to such information. The existing protective order does not provide adequate protection to ensure that the confidential material of the utilities I represent is neither disclosed to their competitors nor misused by any party.

While the utility clients I represent are sympathetic to the constraints faced by the Government in responding to Con Ed's discovery request, the solution proposed in your April 27 letter is not acceptable to them. I will contact you early next week to discuss this matter further. Pending resolution of this issue, we request that the Government not

Harold D. Lester, Esq.
May 5, 2006
Page 3

release any of the purchase and sale agreements and related documents to Con Ed or its counsel. If the Government intends to release such documents over these objections, I would ask that you notify me of this fact so we can seek immediate relief from the Court.

Your cooperation in bringing this matter to our attention is appreciated.

Sincerely yours,

Alex D. Tomaszczuk
Counsel for Entergy, FP&L,
PSEG and Vermont

Enclosure

cc: David A. Churchill, Esq.
M. Stanford Blanton, Esq.
Richard J. Conway, Esq.
Brad Fagg, Esq.
Norman M. Hirsch, Esq.

Lester, FI
Gardner, J

McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

J. William Boland
(804) 775-4374

McGUIREWOODS

**ATTORNEY/CLIENT PRIVILEGE**
**WORK PRODUCT**

(804) 698-2015 Fax
wboland@mcguirewoods.com

RECEIVED
2006 AUG -4 P 5:24
CASE PROCESSING UNIT
CIVIL DIVISION/DOJ

July 31, 2006

BY FAX AND REGULAR MAIL

Joshua E. Gardner, Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, DC 20530

**Re: Non-Party Subpoena; Consolidated Edison Company of New York v. United States, 04-0033C (Fed. Cl.)**

Dear Josh:

I received your July 11, 2006, letter regarding the proprietary and confidential documents listed on the privilege log related to the non-party subpoena served upon Dominion Resources, Inc. ("Dominion"). We understand that a protective order is in place in the referenced matter. However, we do not believe that this order provides adequate protection for the highly confidential, proprietary and competitive information we have withheld from our production in response to your subpoena.

The documents you have requested and that we have withheld include preliminary valuation models that are unique to Dominion, have been created by Dominion's in-house experts, and provide Dominion with an advantage in this highly competitive public utility industry. Because this information is highly valuable, sensitive and constitutes a Dominion trade secret, we have withheld it from production. Nonetheless, we have provided you with redacted copies of this information, the unredacted portions of which disclose the general outline of Dominion's valuation model as well as the specifics of nuclear waste storage which we understand is the central issue in your case. We believe this is sufficient.

The following cases support our position that discovery is not necessary and that the materials can be obtained from a more convenient, less burdensome, and less expensive source.

To obtain documents containing trade secrets, the party seeking discovery must show that the documents are both relevant and *necessary*. *See, e.g., Centurion Industries, Inc. v. Warren Stuerer & Assoc.*, 665 F.2d 323, 325-26 (10th Cir. 1981). We do not believe that the discovery of these documents is necessary. Courts compare the trade secret necessity requirement to the necessity required for disclosure of work product material under FED. R. CIV. P. 26(b)(3). *See,*



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
CB

*e.g.*, *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 331 (9th. Cir. 1961) (asserting that the work product disclosure requirements first discussed in *Hickman v. Taylor*, 329 U.S. 495 (1947), are relevant to trade secret discovery requests). Therefore, the party seeking discovery must show a substantial need for the material to warrant disclosure. *See* FED. R. CIV. P. 26(b)(3).

Requesting Dominion's confidential valuation models places Dominion in the position of serving as an uncompensated expert witness. *See Hospital Corp. of Am. v. Comm'r*, Nos. 10663-91, 13074-91, 28588-91, 6351-92, 72 T.C.M. (CCH) 1581, at *25 n.12 (1996) (mem.) (declining to enforce a subpoena that would require a doctor to serve as an involuntary, uncompensated expert witness). Not only does the request ask Dominion to serve as an uncompensated expert witness, but the request also places Dominion in the position of disclosing trade secret information to its competitor, creating a competitive disadvantage. *See Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (asserting that courts "presume that disclosure to a competitor is more harmful than disclosure to a noncompetitor"). Obviously, Consolidated Edison is a competitor of Dominion which would have access to this information if disclosed. Similarly, experts for both parties likely work for competitors as well.

Federal Rule of Civil Procedure 26(b)(2) states that the court may limit discovery if the material requested is "obtainable from some other source that is more convenient, less burdensome, or less expensive." The information requested is obtainable from an outside expert, who will not be unduly burdened by the request. Since the material requested can be obtained from an independent expert and disclosure would be unduly burdensome, a substantial need for discovery of this material does not exist.

If you have any questions, please call me at 804-775-4374.

Sincerely,

Bill

J. William Boland

JWB/kls

# ATTACHMENT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0033C (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby ORDERED BY THE COURT:

1. The term “Confidential Material” shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any “Confidential Material,” all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute “Confidential Material.”

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following or substantially similar language: “PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION.” For any materials which a party can reasonably produce only in native

electronic form (typically those materials that were generated in an electronic medium, were stored in an electronic medium when originally discovered in the files of the disclosing party, and constitute material that is not normally transmitted in printed form such as spreadsheets and data stored in electronic databases), the disclosing party may designate the electronic material as Confidential Material by affixing to a disk on which the electronic documents are being produced, or the cover to such disk, the protective order language identified previously in this paragraph or substantially similar language.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs in those spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in

any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this spent nuclear fuel case, and persons authorized by this protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order.

10. Within ninety (90) days after the conclusion of the spent nuclear fuel litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each

party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped with the legend identified in paragraph 2 of this protective order or a similar legend indicating that the materials are subject to this protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY<br>OF NEW YORK, INC.<br>Plaintiff, | ) | |
| v. | ) | No. 04-0033C<br>(Judge Wheeler) |
| UNITED STATES OF AMERICA,<br>Defendant. | ) | |

**DECLARATION OF____________________________________**

1. My name is _________________________________________.

2. My business address is ________________________________

__________________________________________________.

3. My present employer is _______________________________

___________________________________________________.

4. My present occupation or job description is __________

__________________________________________________.

5. I have received a copy of the Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically

entitled to access under the Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Protective Order.

10. At the conclusion of the spent nuclear fuel litigation, upon the request of counsel for the party that has retained or employed me, or upon order of the Court, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________
(signature)

DATED:________________________

# ATTACHMENT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY<br>OF NEW YORK, INC.<br>Plaintiff, | ) | |
| v. | ) | No. 04-0033C<br>(Judge Wheeler) |
| UNITED STATES OF AMERICA,<br>Defendant. | ) | |

SUPPLEMENTAL PROTECTIVE ORDER

Pursuant to paragraph 7 of the protective order that the Court entered in this case on _________________, 2006, which authorizes the parties to seek "additional protection with respect to the confidentiality of documents or other discovery material" beyond the terms of the standard protective order, and upon the plaintiff's request for heightened protection for a limited subset of documents that it anticipates producing in this litigation, it is hereby ORDERED BY THE COURT:

1. The term "Highly Confidential Material" shall refer to highly confidential, financial, trade secret, privileged, and competitively-sensitive information disclosed in discovery or other proceedings in this case for which the protections afforded by the standard protective order entered in this case on ____________, 2006, are insufficient. This definition of "Highly Confidential Material" is limited to that material which cannot be disclosed to counsel for other plaintiffs and the individuals subject to protective orders in those cases because, for reasons that the party or third party articulates in the log identified in paragraph 2 of this supplemental order, disclosure would cause economic or competitive harm to the producing party. Subject to the provisions of Paragraph 8 below, material shall be deemed Highly Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Highly

Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Highly Confidential Material."

2. The designation of Highly Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following language: "SPECIALLY PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS SUPPLEMENTAL PROTECTIVE ORDER IN <u>CONSOLIDATED EDISION CO. OF N.Y. V. US</u>, NO. 04-106C (FED. CL.)." Each document designated as Highly Confidential Material shall be accompanied by a log establishing with specificity the basis for treating material as highly confidential and justifying the necessity of adding additional distribution limitations beyond those set forth in the standard protective order entered in this case on _____________, 2006.

3. Each person receiving Highly Confidential Material shall maintain such Highly Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Highly Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in this case pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Highly Confidential Material shall be disclosed only to attorneys for plaintiffs in this case, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any

way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Highly Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiff in this case, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Highly Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Highly Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Highly Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Highly Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this case, and persons authorized by this protective order. In the event that any Highly Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further

stipulate as to the procedures for use of Highly Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Highly Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs or the United States from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiff or the United States from objecting to the designation of documents or other discovery material as Highly Confidential Material. In such event, the party designating the documents or other discovery materials as Highly Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order.

10. Nothing in this supplemental protective order prohibits the United States from treating documents produced by third parties to this case, but which are also plaintiffs in other

cases in the United States Court of Federal Claims, as having been produced in the cases in which the third parties are plaintiffs or from utilizing the documents produced by the third parties in the cases in which the third parties are plaintiffs, subject to the protective order(s) entered in those cases pending in this Court.

10. Within ninety (90) days after the conclusion of the spent nuclear fuel litigation, the parties shall undertake reasonable and prudent efforts to return all original Highly Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Highly Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Highly Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Highly Confidential Material, provided that any copies of any Highly Confidential Material or notes or summaries relating to such Highly Confidential Material are clearly stamped with the legend identified in paragraph 2 of this supplemental protective order.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0033C |
| | ) | (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL DECLARATION OF____________________________________**

1. My name is ________________________________________.

2. My business address is ________________________________
__________________________________________________.

3. My present employer is ______________________________
___________________________________________________.

4. My present occupation or job description is __________
__________________________________________________.

5. I have received a copy of the Supplemental Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Supplemental Protective Order.

7. I certify that I am eligible to have access to the Highly Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Supplemental Protective Order.

9. I will hold all Highly Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically

entitled to access under the Supplemental Protective Order, and will use the information solely for purposes of this litigation, except as provided by the Supplemental Protective Order.

10. At the conclusion of the spent nuclear fuel litigation, upon the request of counsel for the party that has retained or employed me, or upon order of the Court, I will return all originals of all Highly Confidential Material and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

_______________________________
(signature)

DATED:________________________