Pillsbury
Winthrop
Shaw
Pittman LLP

1650 Tysons Boulevard
McLean, VA 22102-4859

Tel 703.770.7900
Fax 703.770.7901
www.pillsburylaw.com

**Alex D. Tomaszczuk**
703.770.7940
alex.tomaszczuk@pillsburylaw.com

August 30, 2006

**By Facsimile and U.S. Mail**

David A. Churchill, Esq.
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823

**Re: Consolidated Edison Co. of New York v. United States, No. 04-0033C**

Dear Mr. Churchill:

I write regarding the proposed Amended and Supplemental "Agreement and Protective Order" that your client Consolidated Edison Company of New York ("ConEd") and the Government have apparently agreed upon in principle in the above-referenced case. As you are aware, my associate Jack Chu had a telephone conversation with your colleague Cynthia Robertson on the afternoon of August 29, 2006, during which Mr. Chu expressed some of our plaintiff utility clients' concerns about these proposed agreements and protective orders. In particular, we object to the language in paragraph 9 of the "Amended Agreement and Protective Order" that appears to place on our clients the burden of showing that proprietary documents they had produced to the Government in their own spent fuel damages cases warrant designation as "Confidential Material" in ConEd's case, in the event that ConEd or the Government objects to such a designation for particular documents. While there may be reasons to levy on a party the burden of establishing good cause for a document's protection under a protective order, that assignment of burdens does not make sense as applied to third parties with at most a tangential connection to the case. Simply put, our clients object to being placed in a position where they must bear the burden of defending a myriad of collateral actions in other spent fuel cases simply to keep their highly confidential business documents from becoming publicly available.

We are also concerned about the practicalities of how the parties in ConEd's case intend to comply with the protective order regarding confidential material that our clients have already produced to the Government in their own cases – documents that do not necessarily contain the protective order legend specified in paragraph 2 of the proposed "Amended Agreement and Protective Order." Although Ms. Robertson explained to Mr. Chu that any of our clients' proprietary documents that the Government plans to produce to ConEd would implicitly be treated as confidential material under the amended and supplemental agreements and protective orders, we believe that the amended protective order in ConEd's case should explicitly designate

Pillsbury
Winthrop
Shaw
Pittman LLP



documents that our clients have already produced to the Government as confidential material, in order to avoid the unnecessary burden and cost of re-stamping these documents as confidential material in the case.

In summary, as has been true for some time, our clients are amenable to ConEd's litigation counsel having access to their proprietary documents under appropriate circumstances, but we do not believe that the amended and supplemental agreements and protective orders that ConEd and the Government have agreed upon adequately protect our clients' interests. Nonetheless, we remain hopeful that a mutually acceptable solution for all parties can be reached without any further involvement by Judge Wheeler. We appreciate your continued understanding in this matter, and welcome any comments or questions you may have regarding this matter.

Sincerely,

Alex D. Tomaszczuk

Counsel for System Fuels, Inc., Entergy Nuclear Generation Company, Entergy Nuclear Operations, Inc., Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Vermont Yankee LLC, Power Authority of New York, Vermont Yankee Nuclear Power Corporation, PSEG Nuclear LLC, Public Service Electric and Gas Company, and Florida Power & Light Company

cc: Harold D. Lester, Jr., Esq.
L. Jager Smith, Jr., Esq.
Mitch Ross, Esq.
Jeffrie Keenan, Esq.
John J. Boguslawski
Gerald Goldstein, Esq.