**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, | ) | |
| Plaintiff, | ) | No. 04-0033C |
| v. | ) | (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**AMENDED AGREEMENT AND PROTECTIVE ORDER**

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby AGREED BETWEEN THE PARTIES AND THEIR COUNSEL, AND ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information or records falling with the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. From the date of this Amended Agreement and Protective Order going forward, the designation of Confidential Material shall be made by the disclosing party by placing or affixing on documents disclosed the words "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION." For any materials that were produced to the Government as "protected material" in other spent nuclear fuel cases in this Court and that the Government reproduces to the plaintiff in this case, the Government, in lieu of individually marking each page of the protected documents with the legend previously identified in this paragraph, may identify those documents as protected by letter or, to the extent that documents are produced electronically, by affixing to a disk on which the electronic documents are being produced, or the cover to such disk, the protective order language identified previously in this paragraph or substantially similar language.

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting the spent nuclear fuel litigation in this Court and not for any business or other purpose whatsoever, except as provided in this agreement and protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this agreement and protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by any agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in the spent nuclear fuel cases, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this agreement and protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this agreement and protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the spent nuclear fuel cases, and persons authorized by this agreement and protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this agreement and protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this agreement and protective order shall be deemed to preclude plaintiff or the United States from objecting to the designation of documents or other discovery material as Confidential Material, except that material which has been designated as Confidential Material in another spent nuclear fuel case remains Confidential Material absent agreement of the parties or Order of the Court in that other case. For documents designated as Confidential Material in this case, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they are properly are subject to treatment under this agreement and protective order.

10. Within ninety (90) days after the conclusion of the spent nuclear fuel litigation in this Court, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of any all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped "Confidential" or affixed with a similar legend indicating that the materials are subject to this agreement and protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

ORDERED:

Thomas C. Wheeler

Judge Thomas C. Wheeler

Dated: Sept. 1, 2006