# Exhibit D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BOSTON EDISON COMPANY<br><br>Plaintiff,<br><br>v.<br>UNITED STATES,<br><br>Defendant. | ) | |
| ENTERGY NUCLEAR GENERATION CO.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |

DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, defendant, the United States, hereby requests that plaintiffs, Boston Edison Company ("Boston Edison") and Entergy Nuclear Generation Company ("Entergy"), produce all documents in their possession, custody, and/or control, or otherwise available to plaintiffs, that are responsive to the requests in the numbered paragraphs below and that plaintiffs produce them within 30 days after service of these requests. Because these requests for production are continuing, they require supplemental response if plaintiffs obtain additional information and/or discover additional documents after service of their original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

## DEFINITIONS AND INSTRUCTIONS

A. The following definitions apply in responding to these document production requests:

1. "Plaintiffs," "Boston Edison," "Entergy," "you," "your," and "yourselves" shall refer to the plaintiffs in these actions, as well as their present or former officers, employees, agents, attorneys, or representatives and every person acting upon their behalf and/or connected with plaintiffs in the context of the matters at issue in this action.

2. "Person" and "individual" shall include any natural person, corporation (private or governmental), subsidiaries, syndicate, trust, partnership, proprietorship, firm, group, association, joint venture, governmental or other public entity or agency, or any other form of organization or legal entity, and all respective officials, directors, officers, employees, representatives, independent contractors, investigators, consultants, agencies, or agents, whether or not still alive or in existence.

3. "Official," "director," "officer," "employee," "representative," "agency," or "agent" shall include any person, natural, corporate, or otherwise, including any attorney, serving or acting in such capacity (by contract or otherwise) at any relevant time even though such person no longer serves or acts in such capacity.

4. "Document" shall be construed in the broadest sense possible under RCFC 34 and shall include the original and any copy of any and all writings as that term is defined in Federal Rule of Evidence 1001, and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer

storage devices, or any other medium in your possession, custody, or control, or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes (whether of visits, meetings, telephone calls, or otherwise), memoranda (whether of visits, meetings, telephone calls, or otherwise), appointment calendars, schedules, telegrams, telexes, facsimiles, electronic mail, press releases, notices, brochures, pamphlets, guidelines, manuals, instructions, summaries or abstracts, diaries, notebooks, minutes, computer printouts or information stored in a computer-readable form, tests, reports, files, file jackets, analyses, studies, testimony, speeches, worksheets, invoices, bills, written estimates, contracts, agreements of any kind, purchase orders, change orders, proposed changes, schedules, plans, charts, diagrams, drawings, graphs, designs, blueprints, tables, photographs, books, articles, or extracts from any of the foregoing, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. These requests encompass all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including, but not limited to, digital images and graphics, digital or analog audio tapes and files, and digital or analog video tapes and files. The term "document" or "documents" also shall include each copy that is not identical to the original or to any other produced copy, and any preliminary drafts of any documents or any working papers related thereto, and specifically includes internal memoranda.

5. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, and/or in any way pertaining to the subject specified.

6. "DOE" refers to the United States Department of Energy.

7. The term "Standard Contract" refers to the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11.

8. "HLW" refers to high-level radioactive waste as defined in Article I, clause 12, of the Standard Contract.

9. "SNF" refers to spent nuclear fuel as defined in Article I, clause 18, of the Standard Contract.

10. "GTCC" refers to Greater-Than-Class-C radioactive waste, which is radioactive waste that exceeds the concentration limits of radionuclides established for Class C waste in 10 C.F.R. § 61.55.

11. "Re-racking" means the process by which additional and/or space-conserving racks are added to the spent fuel pool as a means of increasing SNF storage capacity.

12. "Nuclear Station" refers to Pilgrim Nuclear Power Station.

13. "Pilgrim Assets" refers to any assets relating to Pilgrim Nuclear Power Station.

14. "Entergy" refers to Entergy Nuclear Generation Co., and any of its predecessors or successors in interest.

B. To bring within the scope of these requests all information and documents that might otherwise be construed to be outside their scope:

1. The singular of each word shall be construed to include its plural and vice versa, and the root word and all forms thereof (*i.e.*, participles and infinitives, *etc.*) shall be construed to include each other;

2. "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

3. "Each" shall be construed to include "all," and vice versa;

4. "Any" shall be construed to include "all," and vice versa;

5. The present tense shall be construed to include the past tense, and vice versa;

6. The masculine shall be construed to include the feminine, and vice versa;

7. "Knowledge," "information," "possession," "custody," and "control" possessed or exercised by a person shall be construed to include "knowledge," "information," "possession," "custody," and "control" possessed or exercised by such person's agents, representatives, and attorneys;

8. "Include" and "including" shall have their ordinary meaning and shall mean "including, but not limited to;"

9. In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly literal, or otherwise restrictive manner.

C. If plaintiffs cannot answer the following document requests in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Explain in detail the reasons for plaintiffs' inability to answer the remainder, and identify whatever information or knowledge plaintiffs have concerning the unanswered portion.

D. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information shall be supplied. Where an estimate or

approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

E. Each request herein constitutes a request that each document referred to, or a true, complete, and legible copy thereof, be produced, during business hours and upon appropriate notice, to defendant's undersigned counsel, at the offices of the Department of Justice, 1100 L Street, N.W., Washington, D.C. 20530, within the time provided in RCFC 34, or at such other time or place as may be agreed upon by plaintiffs and the United States, for the purpose of inspection and copying in accordance with RCFC 34. Each document request seeks documents that are in any way in your possession, custody, or control, including the possession, custody, or control of your attorneys, or to which any of your attorneys have, or have had, access. If a requested document was, but no longer is, in your possession, custody, or control, identify the document and identify the present location and custodian of the document, or if such information is unavailable, identify the last known location and custodian of the document, and explain the circumstances under which the document left your possession, custody, or control.

F. If you believe that any of the following requests for production calls for the production of documents that you claim contain privileged material, produce so much of the document(s) as is not objected to, and set forth, with respect to each such document as to which a claim of privilege is asserted, the nature of the privilege claimed (*e.g.*, attorney-client and/or work product privileges) and all the reasons upon which you base the claim of privilege. For each document or part of a document as to which you claim privilege, state:

1. The date thereof;

2. The type, title, and subject matter of the document, sufficient to assess whether the assertion of privilege is valid;

3. The name of the person or persons who prepared or signed the document;

4. The name and positions of all intended and actual recipients of the document;

5. Each person now in possession of the original or a copy of the document;

6. If not previously identified, the nature of the privilege being claimed and all facts relevant to the claim; and

7. The number of the document request to which the document is responsive.

G. Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised. If, for reasons other than a claim of privilege, you refuse to produce any documents described herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal. In the event that you object to any document production request upon the ground that it is too broad (*i.e.*, that it calls both for information which is relevant to the subject matter of the action and information which is not relevant), provide the information that is relevant. If you object to a document production request upon the ground that to provide the document(s) would constitute an undue burden, provide all requested documents that can be supplied without undertaking an undue burden.

H. Unless indicated otherwise in the specific document request, these requests call for information and documents beginning in 1980 up to the present.

I. To the extent you believe information or documents responsive to these document

requests has already been produced to the Government by plaintiffs, identify with specificity where in the prior production the information or documents may be found.

**REQUESTS FOR PRODUCTION**

REQUEST NO. 1

All documents relating to the negotiation strategy or strategies to purchase or sell the Pilgrim assets, including but not limited to, reservation values, bidding strategies, and bidding ground-rules or parameters.

REQUEST NO. 2

All documents relating to any post-purchase evaluation of the Pilgrim assets prepared by any entity, including but not limited to, financial analyses, evaluation models and financial forecasts.

REQUEST NO. 3

All electronic versions of any plant valuation models prepared by or for any entity, including but not limited to, the documents entitled "Plant Valuation" produced in PDF format at ENGC/BECO DOE 1st RPP-21-2656-61; 21-2705-13; 21-7240-41 by plaintiff Entergy on September 26, 2005, in response to request number 21 of Defendant's First Request For Production Of Documents dated August 9, 2005.

REQUEST NO. 4

All documents prepared by Jack Harrington, BECON Services (Clinton, M.S.); McKinsey & Co. (D.C.); and Wise Carter Child & Caraway (Jackson, M.S.) in support of, or relating to, the sale of the Pilgrim assets by plaintiff Boston Edison.

REQUEST NO. 5

All documents relating to any stranded costs proceedings pertaining in any way to the sale of the Pilgrim assets by plaintiff Boston Edison.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

(by T. Cochran

ALAN J. LO RE
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-307-0226
Fax: 202-307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 4, 2006

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 4th day of April, 2006, I caused to be served by hand delivery "DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS," addressed as follows:

RICHARD J. CONWAY
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037

ALEX D. TOMASZCZUK
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd
McLean, VA 22102-4859

# Exhibit E

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BOSTON EDISON COMPANY<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | |
| | No. 99-447C<br>No. 03-2626C<br>(Judge Lettow) |
| ENTERGY NUCLEAR GENERATION CO.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | |

DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, defendant, the United States, hereby requests that plaintiffs, Boston Edison Company ("Boston Edison") and Entergy Nuclear Generation Co. ("Entergy"), produce all documents in their possession, custody, and/or control, or otherwise available to plaintiffs, that are responsive to the requests in the numbered paragraphs below and that plaintiffs produce them within 30 days after service of these requests. Because these requests for production are continuing, they require supplemental response if plaintiffs obtain additional information and/or discovers additional documents after service of their original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

## DEFINITIONS AND INSTRUCTIONS

A. The following definitions apply in responding to these document production requests:

1. "Plaintiffs," "Boston Edison," "Entergy" "you," "your," and "yourselves" shall refer to the plaintiffs in these actions, as well as its present or former officers, employees, agents, attorneys, or representatives and every person acting upon their behalf and/or connected with plaintiffs in the context of the matters at issue in this action.

2. "Person" and "individual" shall include any natural person, corporation (private or governmental), subsidiaries, syndicate, trust, partnership, proprietorship, firm, group, association, joint venture, governmental or other public entity or agency, or any other form of organization or legal entity, and all respective officials, directors, officers, employees, representatives, independent contractors, investigators, consultants, agencies, or agents, whether or not still alive or in existence.

3. "Official," "director," "officer," "employee," "representative," "agency," or "agent" shall include any person, natural, corporate, or otherwise, including any attorney, serving or acting in such capacity (by contract or otherwise) at any relevant time even though such person no longer serves or acts in such capacity.

4. "Document" shall be construed in the broadest sense possible under RCFC 34 and shall include the original and any copy of any and all writings as that term is defined in Federal Rule of Evidence 1001, and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer

storage devices, or any other medium in your possession, custody, or control, or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes (whether of visits, meetings, telephone calls, or otherwise), memoranda (whether of visits, meetings, telephone calls, or otherwise), appointment calendars, schedules, telegrams, telexes, facsimiles, electronic mail, press releases, notices, brochures, pamphlets, guidelines, manuals, instructions, summaries or abstracts, diaries, notebooks, minutes, computer printouts or information stored in a computer-readable form, tests, reports, files, file jackets, analyses, studies, testimony, speeches, worksheets, invoices, bills, written estimates, contracts, agreements of any kind, purchase orders, change orders, proposed changes, schedules, plans, charts, diagrams, drawings, graphs, designs, blueprints, tables, photographs, books, articles, or extracts from any of the foregoing, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. These requests encompass all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including, but not limited to, digital images and graphics, digital or analog audio tapes and files, and digital or analog video tapes and files. The term "document" or "documents" also shall include each copy that is not identical to the original or to any other produced copy, and any preliminary drafts of any documents or any working papers related thereto, and specifically includes internal memoranda.

5. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, and/or in any way pertaining to the subject specified.

6. "DOE" refers to the United States Department of Energy.

WDM004 0022

7. The term "Standard Contract" refers to the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11.

8. "HLW" refers to high-level radioactive waste as defined in Article I, clause 12, of the Standard Contract.

9. "SNF" refers to spent nuclear fuel as defined in Article I, clause 18, of the Standard Contract.

10. "GTCC" refers to Greater-Than-Class-C waste, which is radioactive waste that exceeds the concentration limits of radionuclides established for Class C waste in 10 C.F.R. § 61.55.

11. "Re-racking" means the process by which additional and/or space-conserving racks are added to the spent fuel pool as a means of increasing SNF storage capacity.

12. "Nuclear Station" refers to Pilgrim Nuclear Power Station

13. "Entergy" refers to Entergy Nuclear Generation Company, and any of its predecessors or successors in interest.

14. "CEA" refers to Concentric Energy Advisors, Inc.

15. "Pilgrim" refers to Pilgrim Nuclear Power Station.

B. To bring within the scope of these requests all information and documents that might otherwise be construed to be outside their scope:

1. The singular of each word shall be construed to include its plural and vice versa, and the root word and all forms thereof (*i.e.*, participles and infinitives, *etc.*) shall be construed to include each other;

WDM004 0023

2. "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

3. "Each" shall be construed to include "all," and vice versa;

4. "Any" shall be construed to include "all," and vice versa;

5. The present tense shall be construed to include the past tense, and vice versa;

6. The masculine shall be construed to include the feminine, and vice versa;

7. "Knowledge," "information," "possession," "custody," and "control" possessed or exercised by a person shall be construed to include "knowledge," "information," "possession," "custody," and "control" possessed or exercised by such person's agents, representatives, and attorneys;

8. "Include" and "including" shall have their ordinary meaning and shall mean "including, but not limited to;"

9. In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

C. If plaintiffs cannot answer the following document requests in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Explain in detail the reasons for plaintiffs' inability to answer the remainder, and identify whatever information or knowledge plaintiffs have concerning the unanswered portion.

D. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information shall be supplied. Where an estimate or

approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

E. Each request herein constitutes a request that each document referred to, or a true, complete, and legible copy thereof, be produced, during business hours and upon appropriate notice, to defendant's undersigned counsel, at the offices of the Department of Justice, 1100 L Street, N.W., Washington, D.C. 20530, within the time provided in RCFC 34, or at such other time or place as may be agreed upon by plaintiffs and the United States, for the purpose of inspection and copying in accordance with RCFC 34. Each document request seeks documents that are in any way in your possession, custody, or control, including the possession, custody, or control of your attorneys, or to which any of your attorneys have, or have had, access. If a requested document was, but no longer is, in your possession, custody, or control, identify the document and identify the present location and custodian of the document, or if such information is unavailable, identify the last known location and custodian of the document, and explain the circumstances under which the document left your possession, custody, or control.

F. If you believe that any of the following requests for production calls for the production of documents that you claim contain privileged material, produce so much of the document(s) as is not objected to, and set forth, with respect to each such document as to which a claim of privilege is asserted, the nature of the privilege claimed (*e.g.*, attorney-client and/or work product privileges) and all the reasons upon which you base the claim of privilege. For each document or part of a document as to which you claim privilege, state:

1. The date thereof;

WDM004 0025

2. The type, title, and subject matter of the document, sufficient to assess whether the assertion of privilege is valid;

3. The name of the person or persons who prepared or signed the document;

4. The name and positions of all intended and actual recipients of the document;

5. Each person now in possession of the original or a copy of the document;

6. If not previously identified, the nature of the privilege being claimed and all facts relevant to the claim; and

7. The number of the document request to which the document is responsive.

G. Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised. If, for reasons other than a claim of privilege, you refuse to produce any documents described herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal. In the event that you object to any document production request upon the ground that it is too broad (*i.e.*, that it calls both for information which is relevant to the subject matter of the action and information which is not relevant), provide the information that is relevant. If you object to a document production request upon the ground that to provide the document(s) would constitute an undue burden, provide all requested documents that can be supplied without undertaking an undue burden.

H. Unless indicated otherwise in the specific document request, these requests call for information and documents beginning in 1980 up to the present.

WDM004 0026

I. To the extent you believe information or documents responsive to these document requests has already been produced to the Government by plaintiffs, identify with specificity where in the prior production the information or documents may be found.

WDM004 0027

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All supporting materials and documents relied upon by each of plaintiff's expert witnesses. Please include electronic versions of all models used by plaintiff's experts in native format.

REQUEST NO. 2

All supporting data and documentation regarding the "84 generating asset transactions" referenced on page 10 of the report of Robert Hevert.

REQUEST NO. 3

All documents discussing the possibility of extending the operating license of the Pilgrim facility. This requests includes documents not related to the transaction and the valuation of Pilgrim assets.

REQUEST NO. 4

All documents and/or analyses reflecting spent nuclear fuel storage options and storage needs under any DOE acceptance scenarios.

REQUEST NO. 5

All documents discussing plaintiff's decision to initiate the process by which Pilgrim assets were sold.

REQUEST NO. 6

All Entergy documents discussing the basis for assuming decommissioning completion in 2043.

WDM004 0028

REQUEST NO. 7

All documents discussing Entergy's financing of the purchase of the Pilgrim assets, including, but not limited to, documents regarding the consideration of alternative financing options, evaluation models, decision making criteria, the mix of debt and equity, presentation of proposal to board of directors, and presentations to, and deliberations and decisions by the Investment and Finance Committees.

REQUEST NO. 8

All documents discussing Entergy's financing of the purchase of other generation assets, including documents regarding the consideration of alternative financing options, evaluation models, decision making criteria, the mix of debt and equity, and presentation of proposal to board of directors.

REQUEST NO. 9

All documents describing Entergy's methodology for valuing nuclear generating assets.

REQUEST NO. 10

Any supporting or backup documentation provided by vendors, updates, or revisions to decommissioning cost estimates, studies, or reports for Pilgrim 1 between 1991 and 2005.

REQUEST NO. 11

Any and all documents related to spent fuel storage or the transfer of spent fuel to DOE that were part of the decommissioning cost estimates, studies, or reports for Pilgrim 1 between 1991 and 2005. This should include, but is not limited to, all correspondence, memos, emails, notes, meeting agendas and minutes, working papers, spreadsheets and calculations.

WDM004 0029

# Exhibit F

Pillsbury
Winthrop
Shaw
Pittman LLP

725 South Figueroa Street
Suite 2800
Los Angeles, CA 90017-5406

Tel 213.488.7100
Fax 213.629.1033
www.pillsburylaw.com

May 5, 2006

Alex D. Tomaszczuk
Phone: 213.488.7110
alex.tomaszczuk@pillsburylaw.com

VIA FACSIMILE & FIRST CLASS MAIL

Harold D. Lester, Jr., Esq.
Assistant Director - Commercial Litigation
United States Department of Justice
Civil Division
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, DC 20530

Re: *Consolidated Edison Co. of New York v. United States*
No. 04 0033C (Fed. Cl.)

Dear Mr. Lester:

I write in response to your letter of April 27, 2006 concerning the release to Consolidated Edison Company of New York ("Con Ed") and/or its counsel, David Churchill, Esquire, of Jenner & Block of certain documents "the Government has received through discovery 'in relation to the sale or purchase of the Pilgrim, Indian Point Unit 3, Fitzpatrick, Vermont Yankee, and Indian Point 1 and 2 nuclear plants and the associated Standard Contracts for disposal,' and apparently, in relation to the sale or purchase of any other nuclear reactor." These documents (hereinafter referred to as the "purchase and sale agreements and related documents") were submitted to the Government during the discovery process by various clients whom we are representing here, specifically including: Entergy Nuclear Generation Company, Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Operations, Inc. and Entergy Nuclear Vermont Yankee (collectively "Entergy"), Florida Power & Light Company ("FP&L"),[1] PSEG Nuclear, L.L.C. and Public Service

---

[1] One of the FP&L entities was recently served with a subpoena by the Government in connection with the Con Ed case.

Electric and Gas Company ("PSEG") and Vermont Yankee Nuclear Power Corporation ("Vermont"). Each of these utility clients objects to the plan outlined in your letter, which contemplates the wholesale release of confidential purchase and sale agreements and related documents to Con Ed and/or its counsel, subject only to the constraints of the current protective order entered in the spent nuclear fuel ("SNF") cases.

Entergy, in particular, objects to any effort by Con Ed or its counsel to obtain access to the wide range of material Entergy has produced to the Government. That material relates to a variety of different nuclear plant transactions that simply are not at issue and not relevant to the Con Ed case. Furthermore, to the extent Con Ed seeks to pursue a diminution in value claim, Entergy believes the information needed to pursue that claim is contained in the actual purchase and sale agreement for the Indian Point 2 plant, which Con Ed presumably has as a party to that agreement. Certainly the mere fact that Con Ed has a pending SNF claim at the Court does not justify release to Con Ed of all the files Entergy has produced to the Government in connection with Entergy's various pending SNF cases. In short, Entergy objects to the "fishing expedition" that Con Ed appears to be pursuing.

Apart from the fact that Con Ed's request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in its case, the proposed solution outlined in your letter is not acceptable because it would allow Con Ed and/or its counsel essentially unfettered access to sensitive business information of the utility clients I represent. As your letter recognizes (page 3), the current SNF protective order "may permit distribution of documents to company personnel to at least some degree." We agree with the Government's interpretation of the current protective order. While that may not pose a problem in terms of shared access among the utility plaintiffs to some of the documents produced by the utilities in the SNF cases, the purchase and sale agreements and related documents (which include financial models, business analyses, and accounting records) are very sensitive from both a financial and ongoing competitive standpoint. Some of the financial models themselves constitute trade secrets and are very tightly controlled. Con Ed personnel need not and should not have access to such information. The existing protective order does not provide adequate protection to ensure that the confidential material of the utilities I represent is neither disclosed to their competitors nor misused by any party.

While the utility clients I represent are sympathetic to the constraints faced by the Government in responding to Con Ed's discovery request, the solution proposed in your April 27 letter is not acceptable to them. I will contact you early next week to discuss this matter further. Pending resolution of this issue, we request that the Government not

release any of the purchase and sale agreements and related documents to Con Ed or its counsel. If the Government intends to release such documents over these objections, I would ask that you notify me of this fact so we can seek immediate relief from the Court.

Your cooperation in bringing this matter to our attention is appreciated.

Sincerely yours,

Alex D. Tomaszczuk
Counsel for Entergy, FP&L,
PSEG and Vermont

Enclosure

cc: David A. Churchill, Esq.
M. Stanford Blanton, Esq.
Richard J. Conway, Esq.
Brad Fagg, Esq.
Norman M. Hirsch, Esq.