# INDEX TO APPENDIX

**U.S. Department of Justice**

Civil Division

DMC/HDL/JEG
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

*Washington, D.C. 20530*

July 20, 2006

*VIA FEDERAL EXPRESS*

Christopher Tompkins
Jenner & Block, LLP
One IBM Plaza
Chicago, IL 60611-7603

*Re:* *Consolidated Edison Company of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Mr. Tompkins:

Pursuant to Cindy Robertson's request, enclosed is a revised CD containing the documents produced by third parties in the above-captioned case and which includes load files. In addition, the enclosed CD contains the third-party production from HGP, Inc., which had not been processed at the time we produced the original CD on June 30, 2006. Should you have any questions, do not hesitate to contact me at (202) 305-7583.

Very truly yours,

JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation

Enclosure

cc: David Churchill (via facsimile & United States mail w/o enclosure)
Cindy Robertson (via facsimile & United States mail w/o enclosure)

**U.S. Department of Justice**

Civil Division

DMC/HDL/JEG
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

---

*Washington, D.C. 20530*

July 21, 2006

*VIA FEDERAL EXPRESS*

Christopher Tompkins
Jenner & Block, LLP
One IBM Plaza
Chicago, IL 60611-7603

Re: *Consolidated Edison Company of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Mr. Tompkins:

Pursuant to Cindy Robertson's request, enclosed are four revised CDs containing the documents produced by third parties in the above-captioned case and which include load files. In addition, we are enclosing nine additional CDs containing the third-party production from HGP, Inc., which had not been processed at the time we produced the original CDs on June 30, 2006. Should you have any questions, do not hesitate to contact me at (202) 305-7583.

Very truly yours,

JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation

Enclosure

cc: David Churchill (via facsimile & United States mail w/o enclosure)
Cindy Robertson (via facsimile & United States mail w/o enclosure)

COPY

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL:JEG
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

Telephone: (202) 305-7583
Facsimile: (202) 307-2503

*Washington, D.C. 20530*

August 25, 2006

*VIA HAND DELIVERY*

David Churchill
Jenner & Block LLP
601 13th Street, N.W.
Washington, D.C. 20005

Re: *Consolidated Edison Company of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Mr. Churchill:

In response to your request for copies of documents produced by certain plaintiffs in the spent nuclear fuel litigation, we are electing to provide to you, at our cost, copies of the documents that Boston Edison Company ("Boston") has produced to us in its litigation. We have withheld those documents that Boston produced during the coordinated discovery proceedings, which were produced in response to discovery requests regarding contract formation issues, because they were stamped as protected by the counsel who represented Boston at that time. Once we confirm with Boston's current counsel that those documents need not be protected, we will provide you with a copy of those documents. Because the other plaintiffs that you have identified have objected to us producing their documents to you, we will await instructions from them and the Court before dealing with those plaintiffs' document productions.

Sincerely,

JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch

Enclosure

COPY

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL
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

Telephone:
(202) 305-7562

*Washington, D.C. 20530*

September 20, 2006

VIA MESSENGER

Cynthia J. Robertson
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823

Re: *Consolidated Edison Co. of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Ms. Robertson:

Following our telephone conversation on Monday, September 18, 2006, enclosed are disks containing the documents that were produced to us in the spent nuclear fuel litigation by Entergy Nuclear Generation Company, Entergy Nuclear Vermont Yankee LLC, Vermont Yankee Nuclear Power Corporation, Entergy Nuclear Indian Point 2, and Power Authority for the State of New York. In addition, we have enclosed some of the documents that PSEG Nuclear, LLC, has produced to us and will soon provide you with the remainder of the documents produced by that spent nuclear fuel plaintiff. Although these producing parties did not endorse their documents with the protective order legend when they produced the documents, instead notifying us of their designation of the documents as protected by letter, we have added the protective order legend to the documents to reduce confusion in the future regarding which documents are, in fact, subject to the protective order in this case.

Very truly yours,

Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division

DOCUMENTS PRODUCTION TO CONSOLIDATED EDISON -NY - 09/20/06

| TIFF NAMES | DESCRIPTION | MEDIA |
|---|---|---|
| ENP001 0001-9714 | Entergy Nuclear Indian Point 2 (ENIP2) | CD - 1 |
| NYP001 0001-0010 | Power Authority of New York | CD - 2 |
| NYP002 0001-0170 | | |
| PSP001 0001-0147 | PSEG Nuclear | CD - 3 |

DOCUMENTS PRODUCTION TO CONSOLIDATED EDISON -NY - 09/20/06

| TIFF NAMES | DESCRIPTION | MEDIA |
|---|---|---|
| EGP001 0001-4194 | Entergy Nuclear Generation Company (ENGC) | DVD - 1 |
| EGP002 0001-5072 | | |
| EGP003 0001-6591 | | |
| EGP004 0001-9011 | | |
| EGP005 0001-5448 | | |
| EVP001 0001-6702 | Entergy Vermont Yankee | CD - 2 |
| VYP001 0001-1304 | Vermont Yankee | CD - 3 |

**U.S. Department of Justice**

Civil Division

PDK:DMC:HDL
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

Telephone:
(202) 616-0478

*Washington, D.C. 20530*

September 22, 2006

VIA FEDERAL EXPRESS

Cynthia J. Robertson
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823

Re: *Consolidated Edison Co. of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Ms. Robertson:

In furtherance of my letter dated September 20, 2006, enclosed are three disks and a DVD containing documents that we have received from other utilities, as follows:

> (1) The enclosed DVD contains Bates stamp-numbered single page tiff images for the production of documents by PSEG Nuclear ("PSEG") as a third party in Delmarva Power & Light Co. v. United States, No. 04-0034C (Fed. Cl.). These documents are being produced in the form that they were received from PSEG, except that we have added the protective order legend to each of the pages of this production to reflect PSEG's protective order designation, which, in the Delmarva case, it made by letter rather than by endorsing each protected page.
>
> (2) The first enclosed disk contains Bates stamp-numbered single page tiff images of documents that Florida Power & Light Company ("FPL") produced in the case that it filed against the Government, Florida Power & Light Co. v. United States, No. 98-483C (Fed. Cl.). These documents are being produced in the form that they were received from FPL. For your information, FPL

COPY

stamped some of these pages, though not all, with a protective order legend.

(3) A second enclosed disk contains 12 Excel spreadsheets that FPL produced to us in the Florida Power litigation as part of the coordinated discovery proceedings. Our records do not indicate that FPL designated these documents as protected.

(4) The third enclosed disk contains documents that Entergy Operations, Inc. ("Entergy"), produced to the Government in response to a third-party subpoena in the coordinated discovery proceedings. Our records do not indicate that Entergy designated these documents as protected.

If you have any questions regarding these documents, please feel free to contact me.

Very truly yours,

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division

Enclosures

DOCUMENTS PRODUCTION TO CONSOLIDATED EDISON -NY - 09/21/06

| TIFF NAMES | DESCRIPTION | MEDIA |
|---|---|---|
| EOT001 0001-0077 | Entergy Operations, Inc. | CD - 1 |

DOCUMENTS PRODUCTION TO CONSOLIDATED EDISON -NY - 09/22/06

| TIFF NAMES | DESCRIPTION | MEDIA |
|---|---|---|
| PST001 0001-3073 | PSEG NUCLEAR/PSE&G | DVD - 1 |
| PST002 0001-3561 | | |
| PST003 0001-3503 | | |
| PST004 0001-1436 | | |
| PST005 0001-0720 | | |
| PST006 0001-9426 | | |
| PST007 0001-5664 | | |
| PST008 0001-0625 | | |
| PST009 0001-5565 | | |
| PST010 0001-5008 | | |
| PST011 0001-9789 | | |
| PST012 0001-1270 | | |
| PST013 0001-0389 | | |

DOCUMENTS PRODUCTION TO CONSOLIDATED EDISON -NY - 09/22/06

| TIFF NAMES | DESCRIPTION | MEDIA |
|---|---|---|
| FPP001 0001-3127 | FLORIDA POWER & LIGHT | CD - 1 |
| FPP002 0001-3364 | | |
| FPP003 0001-3507 | | |
| FPP004 0001-3578 | | |
| FPP005 0001-0792 | | |
| FPP006 0001-0016 | | |
| 12 EXCEL FILES | FLORIDA POWER & LIGHT | CD - 2 |

U.S. Department of Justice

Civil Division

PDK:DMC:HDL
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

Telephone:
(202) 616-0478

Washington, D.C. 20530

January 11, 2007

VIA TELECOPY AND FIRST CLASS MAIL

David A. Churchill
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823

Re: *Consolidated Edison Co. of New York v. United States*, No. 04-0033C (Fed. Cl.)

Dear Mr. Churchill:

This letter is in response to your letter dated November 30, 2006, in which you indicate your belief that the Government's reproduction to Consolidated Edison Company ("ConEd") of documents that the Department of Justice obtained from other plaintiffs in other spent nuclear fuel ("SNF") cases during discovery is somehow incomplete. After having asked our litigation support contractor to investigate some of the more technical issues identified in your letter, as well as the complaints about possibly incomplete past productions, we address below the concerns that you identified in the same order in which you identified them.

First, you complain that the Government, through discovery in Entergy Nuclear Indian Point 2 v. United States, No. 03-2622C (Fed. Cl.), should have obtained valuation documents from Entergy Nuclear Indian Point 2 ("ENIP") regarding ENIP's purchase of the Indian Point facility and that we have not provided those documents to you. Contrary to your understanding, on September 19, 2006, we provided to you single-page tiff images, endorsed with the protective order legend, representing the entirety of the documents that ENIP provided to us with its August 3, 2006 response to our first request for production of documents. The images were Bates-stamp numbered as ENP001 0001 through ENP 001 9714. In its response to Document Production Request Nos. 19, 21-23, 29-30, and 33-34, ENIP represented that it had included valuation documents related to the Indian Point 2 site, stated that we should also "see plaintiff's response to request no. 17." ENIP's response to Document Production Request No. 17 appears to include six .pdf files labeled SFL-ACQS-0017 through SFL-ACQS-0022, and those documents are found

COPY

on the production CD that we provided to you at ENP001 1082 through ENP001 1126. As part of its response to Document Production Request Nos. 19, 21-23, 29-30, and 33-34, ENIP stated that it would also "make available for on-site inspection in Jackson, MS, several linear feet of due diligence documentation that may support the purchase and sale agreement." However, we have not yet traveled to Jackson, Mississippi, to review those documents. Accordingly, at this time, we have produced all documents that ENIP has provided to us in response to our document production requests. As a result, your concerns that we have not done so are misplaced.

Second, you represent that, with regard to a detailed listing of documents that Entergy Nuclear Generation Company ("ENGC") provided to the Government in response to discovery (a copy of which is attached to your November 30, 2006 letter as Attachment 1), you have been unable to match ENGC's listing of documents that ENGC provided to us with the documents that we received from Entergy and reproduced to you. However, we, too, have had great difficulty in matching the list to which you refer with the documents that ENGC produced to us. In any event, we provided to you all of the information that we have that could assist in matching the documents identified in ENGC's detailed listing with the documents that ENGC produced.

On September 18, 2006, we produced to you single-page tiff images, endorsed with a protective order legend, representing ENGC's September 27, 2005 response to our document production requests in Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Fed. Cl.). ENGC provided 30,316 images to us, with a unique "code" or Bates-stamp number at the bottom corner of each document.[1] That ENGC-supplied Bates-stamp number is in the same format as that in the lower right-hand corner of the list to which you referred (Attachment 1 to your November 30, 2006 letter), which, on the first page of that document, reads "ENGC/BECO DOE 1ST RFP-21-1." However, in its written responses and on the detailed listing, ENGC did not identify documents by reference to this Bates-stamp number, but instead identified its responses by .pdf file name and assigned a .pdf document number to each response document in its production. To complicate matters, ENGC grouped its documents within single .pdf files not endorsed with the .pdf file name or number, but with the ENGC-supplied Bates-stamp number. For example, a Pilgrim facility valuation document endorsed as "ENGC/BECO DOE 1st RFP-21-100 through ENGC/BECO DOE 1st RFP-21-117" is identified at the first entry on the list in Attachment 1 of your November 30, 2006 letter as "Box 1 Internal Correspondence DOC2.pdf - Valuation." The actual .pdf file is found on ENGC's production disc labeled "Disk 3B," and the file is named "Internal Correspondence_B."

We have included all of the information that we have relating to the production disc label and file name associated with each document in a footer that we added at the bottom of each

---

[1] There was one corrupt file on one of their original production CDs: "Pilgrim BX 2 Data Requests_B." We have not been able to obtain a copy of that document.

page produced to you.[2] Accordingly, you have all of the same information that we have to assist in attempting to correlate the list in Attachment 1 to your November 30, 2006 letter and the actual documents that have been produced to you.

Third, you request that we provide you with copies of the expert reports that we received from the plaintiffs in Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.), and Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Fed. Cl.), as well as related deposition transcripts. After you made your initial request to us for these documents, we learned that you previously had attempted to obtain these documents from the other plaintiffs, but that the other plaintiffs had refused. In your request to us for these documents, you did not mention that the other plaintiffs had strongly objected to any such production. Since that time, we were made aware of these objections by the objecting nuclear utility plaintiffs. ConEd's effort to place the Government in the middle of ConEd's disputes with other plaintiffs regarding access to other plaintiffs' proprietary materials, over the objections of those other plaintiffs and without notice to the Government of those objections, is unfair. As you know, both Boston Edison Company and Entergy have strongly objected, in writing, to our production to ConEd of any expert reports that were produced by any plaintiff in their cases. Because of these objections, because the materials that you seek were obtained by the Department of Justice only through discovery in litigation in other cases rather than as a part of the Department of Energy's contract activities and communications, and because of the seeming lack of relevance of this information to ConEd's case, it seems appropriate to continue to involve these other plaintiffs in any resolution of this dispute and, in fact, for the separate nuclear utility plaintiffs to attempt to reach agreement and resolve this dispute among themselves. Further, with regard to deposition transcripts of experts in those cases, to the extent that the objecting plaintiffs permit ConEd's access to those materials, ConEd can purchase those documents from the court reporting services who took those depositions, just as the United States purchased them.

Fourth, you express a concern about two documents that we obtained from Dominion Resources, Inc. ("DRI"), in a heavily redacted form. However, we produced to you the documents in the same form that we received them from DRI: that is, we were provided with heavily redacted documents, and we provided you with copies of the same heavily redacted documents that we received. To the extent that you believe that DRI should not have redacted its documents, ConEd is more than able to serve a third-party subpoena upon DRI and to complain to the Court if DRI does not respond in a manner that ConEd deems appropriate. However, ConEd has no basis for attempting to require the Government to obtain additional documents from DRI through discovery for ConEd's use.

Fifth, you assert that, based upon your review of the third-party material that we obtained from other plaintiffs in litigation and reproduced to you, you could not locate "comprehensive

---

[2] In that footer, we also added our own unique Bates-stamp number for each document and the protective order legend that ENGC had informed us, by letter sent with the original document production, should apply to all of the documents.

plant valuation materials emanating from Constellation, Florida Power & Light, or AmerGen, all of whom successfully acquired divested nuclear units and received subpoenas from [us] in April 2006" in Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.). With regard to your complaints about Constellation and Florida Power & Light, we have provided to you the documents that we received from Constellation and from Florida Power & Light. If ConEd does not believe that these documents are sufficiently or fully responsive to the Government's subpoenas, ConEd has no basis to complain or seek to force the Government to challenge those entities' responses. Nevertheless, ConEd has already served its own subpoenas on these two entities and, if it does not believe that it has obtained sufficient responses, can challenge the responses' completeness.

With regard to AmerGen, in producing third-party documents to ConEd, we based our production on the list of entities identified in the protective order that ConEd submitted to the Court and that the Court entered on September 1, 2006. Unfortunately, because AmerGen is not identified in that list, we did not identify the AmerGen documents when we were responding to ConEd's requests for production of documents. We do not have a great deal of information from AmerGen, having been provided with 1,339 pages that AmerGen produced to Boston Edison Company in response to the plaintiff's third-party subpoena in the Boston Edison case. Assuming your agreement to seek leave to add AmerGen to the supplemental protective order in this case, we can make those pages available to you. Nevertheless, we note that ConEd has served a third-party subpoena upon AmerGen encompassing documents relating to AmerGen's bidding upon the Pilgrim facility, which are presumably the same documents that were provided to us, and, presumably, ConEd can take appropriate action if it believes that AmerGen has not appropriately responded to its subpoena.

Sixth, you state that you have not been able to locate the Government's written discovery requests to other spent nuclear fuel plaintiffs in other cases. The Government's written discovery materials are posted on the Government's production website in the following CDs and containers and noted as such on the posted production website index: CD YA190, Container WDM001; CD YA654, Container WDM002; and CD YA840, Container WDM003.

In your November 30, 2006 letter, you seem to suggest that the United States should be taking discovery in a manner that benefits ConEd and the development of ConEd's claims in this case. As an initial matter, we still do not understand the relevance of any of the materials that ConEd is seeking from the Government relating to other sales of other nuclear reactors unrelated to ConEd's reactor by other purchasers in other purchase and sales transactions. This case is about the sale of ConEd's reactor and the reasons that Entergy paid the amount that it paid, not about the sales of all other nuclear reactors in the United States. We have attempted to be cooperative with ConEd in reproducing to ConEd, at the Government's expense, document productions that we have obtained from other spent nuclear fuel plaintiffs in other cases, despite the seeming irrelevance of these materials and despite the fact that none of these materials came from the files of any Federal agency involved in the matters underlying this litigation. Given the

lack of relevance of these other unrelated transactions to ConEd's sale, these efforts seem wasteful.

In any event, ConEd's insistence that we must, each time we receive a document production from another spent nuclear fuel plaintiff, bear the expense to reproduce all of those documents to ConEd is simply unsupportable. ConEd has already served subpoenas on several other nuclear utility plaintiffs, seeking documents relating to the purchase and/or sale of those utilities' nuclear reactors. We do not understand the basis upon which ConEd, in addition to those subpoenas, is attempting to use the United States as an alternative outlet for any documents that it cannot successfully obtain through those subpoenas. Further, to the extent that ConEd finds the Government's discovery efforts insufficient, ConEd has no right to insist that we modify those practices and to undertake discovery challenges in a manner to ConEd's liking, so that ConEd can avoid incurring the costs to conduct its own discovery. We again suggest, as we have in the past, that ConEd undertake the discovery that it believes necessary from the entities that generated the information that ConEd believes relevant. We are not obligated to take that discovery for ConEd.

Finally, we continue to have serious concerns about ConEd's production, to date, of documents to the Government. On January 17, 2006, we served our first requests for production of documents upon ConEd. On February 10, 2006, we agreed to a 30-day enlargement in which ConEd could produce documents, with the explicit understanding that the majority of documents would be produced on March 16, 2006. On March 24, 2006, ConEd provided written responses to the Government's request, and, on April 3, 2006, ConEd transmitted eight CD-ROMs from ConEd's "Divestiture Library." In the transmittal accompanying the April 3, 2006 letter, you indicated that your office was in the process of locating "approximately 10% of the documents made available to bidders during the auction process" and that you "need additional time to produce them in a similar electronic format" to the documents provided on April 3, 2006. Further, you indicated in your letter that ConEd was "still in the process of reviewing the Indian Point archived files to determine whether there are any additional documents that are responsive" to the Government's production requests. In its April 3, 2006 production, ConEd did not produce any valuation models or contract formation documents – two of the key issues in this case. On December 27, 2006, ConEd produced approximately 1,466 pages of documents and indicated that "[w]e are still in the process of reviewing the remaining electronic documents for privilege, and will produce responsive, non-privileged documents on a rolling basis."

These significant delays in the production of responsive documents from ConEd – almost a year after the Government's request – is unacceptable, particularly in light of ConEd's incredibly broad requests from both the Government and third parties concerning sales of nuclear plants unrelated to the sale of Indian Point 1 and 2. In considering any schedule adjustments in this case in the future, the Government's inability to obtain any significant valuation and contract formation documents from ConEd, among the other areas identified in our production requests to which ConEd has not yet or inadequately responded, will have to be considered and accounted

for in any proposed adjusted schedule. We look forward to a complete production of documents from ConEd in the very near future.

If you have any further questions regarding these matters, please feel free to contact Josh Gardner or me.

Very truly yours,

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division