IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0033C (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO CORRECT AN ERROR IN ITS REPRESENTATIONS IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, FILED APRIL 9, 2007

Defendant, the United States, respectfully requests that the Court grant it leave to notify the Court of an error in its representations in its April 9, 2007 response to plaintiff's motion to compel the Government to produce "Documents Obtained In Related SNF Case Discovery." The error and our effort to remedy it are described below.

In preparing our April 9, 2007 response to the plaintiff's motion to compel, we confirmed with our litigation support contractor that, as was our intent, we had produced to the plaintiff here, Consolidated Edison Company of New York ("ConEd"), all of the documents that we had obtained from Boston Edison Company ("BECO") and Entergy Nuclear Generation Company ("ENGC"), the buyer and seller of the Pilgrim nuclear reactor that is a central subject in ConEd's motion to compel. In response to our inquiries, we understood that we had, in fact, produced all such documents. However, in preparing for the hearing with the Court, currently scheduled for Monday, May 7, 2007, we asked our litigation support contractor about a discrepancy in the number of images which, according to ConEd, BECO had represented that it had provided to the Government.

Although we still do not understand the basis of the discrepancy that ConEd identified, our litigation support contractor discovered an error in its prior representations, apparently as a result of a misunderstanding in communication. Specifically, we were informed that we had not previously produced 374 documents that BECO and/or ENGC had produced to us, which total 6,177 electronic images (most of which were produced to us after our initial production to ConEd of utility files in August and September 2006),[1] that we are now providing to ConEd on disks, along with the transmittal letters that we received for each of those disks.

With that production, our litigation support contractor informs us, we will have produced all documents that we have received from ENGC in the spent nuclear fuel litigation. In addition, we will have produced all documents that we received from BECO, with the exception of the following documents that, based upon BECO's prior representations to us and the fact that BECO is not named in the Court's September 1, 2006 supplemental protective order, we do not believe we can presently produce, absent an order of the Court:

(1) BECO's expert reports in Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.), which we discussed in our April 9, 2007 response to ConEd's motion to compel;

---

[1] Of the 374 documents, 88 of these documents, representing 827 of the images, are documents that BECO produced during the spent nuclear fuel coordinated discovery proceedings in 2002, which were produced to us in response to requests for the production of documents related to contract formation and acceptance rate issues. We notified ConEd in August 2006 that we were not producing those documents to ConEd because BECO had stamped them as subject to the protective order in that case. Because BECO was not identified as one of the parties that had agreed to allow ConEd access to its confidential and protected documents under a heightened protection provided by the supplemental protective order in this case, we were unable to produce those documents to ConEd at that time. However, BECO has subsequently withdrawn the "confidential" designation from the documents that it produced in the coordinated discovery proceedings. Accordingly, we are producing them to ConEd.

(2) The expert workpapers and other documents supporting or related to the BECO experts' analyses;

(3) Documents that BECO obtained from Navigant Consulting, for which two of its expert witnesses previously worked, and that BECO marked as subject to the protective order in its case; and

(4) Six documents, totaling 168 pages, that BECO produced to us on October 23, 2006, that it stamped as subject to the protective order in its case.

We regret this error in our prior representation, which, as previously stated, resulted from a misunderstanding and miscommunication between our attorneys and our litigation support contractor.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 3, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of May, 2007, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO CORRECT AN ERROR IN ITS REPRESENTATIONS IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, FILED APRIL 9, 2007" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.