**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** | |
| **Plaintiff,** | |
| **v.** | **No. 04-0033C (Judge Wheeler)** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**PLAINTIFF'S STATUS REPORT AND**
**ACCOMPANYING DRAFT OF PROPOSED CONSENT ORDER**

Pursuant to Rule of the Court of Federal Claims ("RCFC") 7, Plaintiff Consolidated Edison Company of New York, Inc. ("Con Edison") respectfully submits this status report advising the Court of our progress in drafting a Consent Order Compelling Production of Documents from the Government, Entergy Corporation ("Entergy") and Florida Power & Light ("FP&L"). On May 7, 2007, this Court heard argument from Con Edison, the Government, Entergy and FP&L (collectively "the Parties") regarding Plaintiff's Motion to Compel the Government to Produce Documents Obtained in Related SNF Case Discovery and Plaintiff's Motion to Compel Documents from Entergy and FP&L, which were both filed on March 16, 2007. The Court found that Con Edison has "the right to seek this material either from the government or from the third party company that received the subpoena." May 7, 2007 Hearing Transcript at 55. The Court directed the Parties to draft a Consent Order and report back to the Court on May 21, 2007. *Id.* at 54, 70.

The Parties have reached an agreement as to many of the discovery issues discussed in the May 7, 2007 hearing, but a few issues still remain open. These issues are shaded in grey in the Proposed Consent Order attached hereto and are discussed in more detail below. Con Edison respectfully requests this Court's guidance in resolving these open items, so the Parties may finalize their Proposed Consent Order.

Before discussing the portions of the Consent Order where the parties have not been able to reach an agreement, Con Edison would like to explain the "[TBD]" in paragraph 12, which relates to Entergy's fossil fuel acquisition materials. Entergy and Con Edison have not yet determined the specific fossil fuel facility acquisitions from which Con Edison will discover relevant materials. As FP&L has already done, it is Con Edison's expectation that Entergy will provide Con Edison with a list of all relevant fossil fuel facility acquisitions shortly, and then, depending on the size of that list, Con Edison will pick a representative subset of those acquisitions from which to discover materials to incorporate into its expert analysis.

1. ***Deadlines For Production Of Third Party Documents To Con Edison***

In light of the impending August 2, 2007 deadline for Con Edison's expert reports, Con Edison has proposed for this Court to enter a 30-day production deadline for documents related to nuclear facilities and a 45-day production deadline for fossil fuel facilities, to allow Con Edison's experts adequate time to review and analyze these documents for their expert reports. Entergy and FP&L have agreed with Con Edison's counsel on the scope of their search and production efforts contingent upon the adoption of the production deadlines proposed by Entergy and EP&L, as discussed below.

While it seems to Con Edison that many of the responsive documents would be maintained in electronic format, Con Edison is not the custodian of these documents, and therefore, is not in a position to judge how long it will take to produce these documents. Counsel for Entergy and FP&L advises that these operating utilities need additional time to assemble and make these documents available. Entergy and FP&L propose a 60-day production deadline for documents related to nuclear facilities and a 90-day production deadline for fossil fuel facilities because they maintain that they will be required to look for responsive documents at a number of different sites and neither company has had to assemble and review these documents for any other SNF litigation. In addition, Entergy states that it continues to be affected by the impact of Hurricane Katrina on its New Orleans headquarters, where many corporate records were stored and to the extent not lost have been disseminated to multiple sites.

The Court's entry of Entergy and FP&L's proposed deadlines would make it impossible for Con Edison to file its expert reports by the August 2, 2007 deadline. Based on a proposed completion of this production in 90 days, Con Edison would propose to extend the expert report deadline to November 2, 2007, to allow Con Edison enough time to review these documents at the multiple sites where they will be made available and allow its experts sufficient time to analyze and incorporate this information into their reports.

2. ***Proposal That The Government's Approval Should Be Required Before Con Edison Can Show Consultants And Non-Testifying Experts Entergy's Or FP&L's Confidential Information.***

During the hearing, counsel for Entergy and FP&L suggested that the Supplemental Agreement and Protective Order be revised to require Con Edison to

submit an application of approval for any consultant to either Entergy or FP&L, giving that company five days to object before that consultant may view any of that company's confidential materials. May 7, 2007 Hearing Transcript, at 66-67. Con Edison has agreed to this revision with the expectation that it will be implemented reasonably. Now, the Government proposes that it should be allowed to review and object to Con Edison's consultants or non-testifying experts before they are allowed to see either Entergy's or FP&L's confidential materials.

The only basis set forth by the Government for this proposal is the procedure followed in bid protests. Bid protest protective orders generally allow the Government to discover the identities of other parties' non-testifying experts and object to such experts obtaining confidential information. This process is followed in bid protests because the Government itself has a direct and substantial proprietary interest in the confidential information to be disclosed. However, in this case, there is no basis or need for the Government to discover the identity of Con Edison's consultants and non-testifying experts because none of the documents at issue here contain any Government confidential information.

Con Edison believes that the Government should not have a say in whether Con Edison's consultants are able to view another party's confidential information. Further, under RCFC 26(b)(4)(B), a party may only discover "facts known or opinions held" by an opposing party's non-testifying experts "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." To protect a party's litigation strategy, exceptional circumstances must also be shown to discover the identity of non-testifying experts. *Ager*

*v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980). Allowing the Government the opportunity to discover the identities of Con Edison's non-testifying experts will only work to hinder Con Edison's case preparation.

3. ***Proposed Language Precluding Both The Government And Con Edison From Using Any Document Not Produced To The Opposing Party Sixty Days Beforehand.***

In order to ensure that both Con Edison and the Government have access to the same information, prior to that information being used against them in any proceeding, Con Edison has proposed the following language:

> The Government shall produce to Plaintiff any document from any other SNF case the Government intends to introduce into evidence or rely on either directly or indirectly in any pretrial, trial, or appellate proceeding in this case no later than sixty (60) days before the Government uses such document. Absent a showing of good cause, the Government shall be precluded from using any document against plaintiff in any way that is not produced to Plaintiff at least sixty (60) days in advance.

The Parties have negotiated a mirror provision precluding Con Edison from using any document against the Government that has not been produced sixty days in advance, absent a showing of good cause.

The Government disagrees with the language used in these paragraphs. First, the Government objects to the word "indirectly" in the phrase "rely on either directly or indirectly," claiming it does not understand what "indirectly" means. Con Edison believes the word "indirectly" clarifies the meaning of this paragraph. Not only are both Con Edison and the Government precluded from using a document directly as exhibits against the opposing party that they fail to produce sixty days in advance, without good cause, but the parties are also precluded from using information gleaned from a document that has not been previously produced to the opposing party.

Second, the Government disagrees with the preclusion provision including appellate proceedings, arguing that it is unnecessary to include appellate proceedings because at that stage the parties would no longer be introducing any additional documents. Con Edison believes including pretrial, trial, and appellate proceedings in the preclusion paragraphs will ensure that during each phase of the proceeding neither the Government nor Con Edison will be allowed to use a document against the opposing party that has not been produced sixty days in advance, absent a showing of good cause.

**CONCLUSION**

Because the Parties appear to be unable to reach an agreement as to these open issues, Con Edison respectfully requests the Court's guidance in resolving the Parties' differences, so they may finalize the terms of the Proposed Consent Order.

Dated: May 21, 2007 Respectfully submitted,

_s/ David A. Churchill______
DAVID A. CHURCHILL
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
(202) 639-6056
(202) 639-6066 (fax)
COUNSEL FOR PLAINTIFF

Of Counsel:

Brent L. Brandenburg, Esq.
Assistant General Counsel
Consolidated Edison Company
of New York, Inc.
4 Irving Place, Suite 1830
New York, NY 10003
(212) 460-4333

Cynthia J. Robertson, Esq.
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
(202) 639-6000

CERTIFICATE OF FILING

I hereby certify that on May 21, 2007, a copy of the foregoing "Plaintiff's Status Report and Accompanying Draft of Proposed Consent Order" was filed electronically. I also certify that I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through this system.

s/ David A. Churchill

David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2007, a copy of the foregoing "Plaintiff's Status Report and Accompanying Draft of Proposed Consent Order" was served via electronic mail:

ALEXANDER D. TOMASZCZUK
alex.tomaszczuk@pillsburylaw.com
DANIEL S. HERZFELD
daniel.herzfeld@pillsburylaw.com
Pillsbury, Winthrop, Shaw, Pittman, LLP
1650 Tysons Boulevard
Fourteenth Floor
McLean, VA 22102

L. JAGER SMITH
jsmit83@entergy.com
Wise Carter Child & Caraway,
A Professional Corporation
1340 Echelon Parkway
Jackson, MS 39213

MITCHELL S. ROSS
mitch_ross@fpl.com
Florida Power & Light
700 Universe Boulevard
P.O. Box 14000
Juno Beach, FL 33408-0420

RICHARD J. CONWAY
conwayr@dicksteinshapiro.com
BRADLEY D. WINE
wineb@dicksteinshapiro.com
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006

BRAD FAGG
bfagg@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

J. WILLIAM BOLAND
wboland@mcguirewoods.com
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

s/ David A. Churchill

David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, NW, Suite 1200
Washington, DC 20005
(202) 639-6000

*Counsel of Record for*
*Consolidated Edison Company of New York, Inc.*