IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-033C |
| | ) | ( Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATUS
REPORT AND DRAFT OF PROPOSED CONSENT ORDER

In accordance with Rule 7 of the Court of Federal Claims ("RCFC"), as well as the Court's order dated May 25, 2007, Defendant, the United States, respectfully responds to the May 21, 2007 Status Report and Draft of Proposed Consent Order ("Draft") filed by plaintiff Consolidated Edison Company of New York, Inc. ("ConEd"). Con Ed submitted its Status Report and Draft following continuing negotiations between Entergy Corporation ("Entergy"), Florida Power and Light Company ("FP&L"), and the Government in accordance with this Court's direction to draft a Consent Order following the Court's May 7, 2007 hearing in this matter.

DISCUSSION

I. PLAINTIFF'S PROPOSED BAR UPON THE USE OF RECENTLY PRODUCED DOCUMENTS, OTHER THAN AT TRIAL, IS TOO EXTREME

In its status report, ConEd proposes that the Court include the following language in its order regarding the production of documents from the Government, Entergy, and FP&L:

> The Government shall produce to Plaintiff any document from any other SNF case that the Government intends to introduce into evidence or rely on either directly or indirectly in any pretrial, trial, or appellate proceeding in this case no later than sixty (60) days

> before the Government uses such document. Absent a showing of good cause, the Government shall be precluded from using any document against Plaintiff in any way that is not produced to Plaintiff at least sixty (60) day in advance.

Although this language depicts shaded areas where the parties are in disagreement, it appears that Con Ed may have inadvertently failed fully to reflect all areas of disagreement. According, we submit the following proposed language, including shaded areas where the parties disagree:

> The Government shall produce to Plaintiff any document from any other SNF case the Government intends to introduce into evidence or rely on at trial in this case no later than sixty (60) days before the Government uses such document at trial. Absent a showing of good cause, the Government shall be precluded from using any document against Plaintiff at trial in this case that is not produced to Plaintiff at least sixty (60) days prior to trial.

The disagreement not depicted in Con Ed's Draft concerns our request that the phrases "any pretrial, trial or appellate proceeding" and "in any use" be substituted with "at trial in this case."

The Government believes that Con Edison's language of "any pretrial, trial or appellate proceeding" is too broad and imposes undue hardships upon the Court in attempting to administer the rule and upon the parties in complying with the rule. With regard to its reference to the production of documents prior to "appellate proceedings," the use of documents on appeal is governed by the Federal Rules of Appellate Procedure, and ConEd's request, for what seems to be some change in the practices set forth in those Rules, is unwarranted. Moreover, this Court will no longer have jurisdiction over this proceeding should it reach the appellate level, and, therefore, it is beyond this Court's jurisdiction to establish rules relating to that stage of the proceedings. Additionally, this language is unnecessary, as no new evidence will be introduced at the appellate level.

In its Status Report, ConEd also cites our objection to the word "indirectly" and presents

our objection in its status report as a lack of understanding as to the meaning of the word. Draft at 5. That is precisely the point. Both parties and the Court are likely to have difficulty defining this broad and ambiguous term, creating a difficult standard for the Court to administer and the parties to follow. Therefore, the term "indirectly" should not be adopted in the consent order.

Finally, the Government asks that the Court adopt the requirement that documents be submitted to the opposing party at least 60 days prior to trial, as opposed to the 60 days prior to any use that ConEd advocates. By requiring parties to submit all documents at least 60 days prior to any use, during every stage of proceedings, ConEd's proposed standard places an extremely large and impractical burden on the parties to tender these documents. Furthermore, precluding parties from using a document is a harsh penalty, and the parties may likely be harmed by this burdensome standard coupled with this harsh penalty. Under ConEd's proposal, if the Government receives a document from a third party today and immediately reproduces that document to ConEd, the Government would still be unable to use that document in any depositions that occur within less than 60 days. We do not believe that ConEd's difficult case management order is warranted.

## II. THE COURT SHOULD ADOPT THE SAME POLICIES USED IN BID PROTEST ACTION REGARDING ACCESS BY INDIVIDUALS TO CONFIDENTIAL MATERIALS

In its proposed order, ConEd requests that the Court preclude any need for ConEd to identify to the Government those individuals who seek access to confidential material under the protective order. We ask, analogous to the standard used in bid protest claims, that the Court require ConEd to identify any person seeking access to the Confidential Material that is sought to be disclosed from Entergy or FP&L, pursuant to the terms of the proposed order.

In support of its view that the standard practice followed by this Court in bid protest cases should not be followed in this case, ConEd cites RCFC 26(b)(4)(B) and relies upon Ager v. Jan C. Stormont Hospital and Training School for Nurses, 622 F.2d 496 (10th Cir. 1980). Here, neither RCFC 26(b)(4)(B) nor Ager relate to an individual's request for access to confidential and protected material. Further, ConEd has provided no reason why it is appropriate to provide information regarding the identity of ConEd's nontestifying and testifying consultants to third parties, with which it shares no privileged relationship, but not the Government. In Ager, which was a medical malpractice, rather than a Government contract case, the Court precluded the disclosure of the identities of the party's nontestifying and testifying consultants to any other party or third party. Here, ConEd would have the identity of its consultants disclosed to third parties to this litigation, without providing that same information to the Government. Indeed, the entire purpose of ConEd's motion to compel was to ensure that it had equal access to the same information possessed by the Government. That sentiment should apply with equal force across the board.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court adopt the Government's proposed language in ConEd's proposed order regarding the production of documents from the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Joshua E. Gardner
JOSHUA E. GARDNER
Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7583
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 31, 2007

CERTIFICATE OF FILING

I hereby certify that on this 31st day of May, 2007, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S STATUS REPORT AND DRAFT OF PROPOSED CONSENT ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Joshua E. Gardner