# EXHIBIT A

Case 1:04-cv-00033-TCW Document 110-2 Filed 06/06/2007 Page 1 of 8

# In the United States Court of Federal Claims

No. 04-033C

(Filed: June 6, 2007)

```
*************************************  *
                                       *
CONSOLIDATED EDISON COMPANY            *
OF NEW YORK,                           *
                                       *
                    Plaintiff,         *
                                       *
 v.                                    *
                                       *
THE UNITED STATES,                     *
                                       *
                    Defendant.         *
                                       *
*************************************  *
```

**CONSENT ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS FROM THE GOVERNMENT, ENTERGY, AND FP&L**

THIS MATTER was presented to the Court by way of Plaintiff's Motion to Compel the Government to Produce Documents Obtained in Related SNF Case Discovery and Plaintiff's Motion to Compel Documents from Entergy Corporation ("Entergy") and Florida Power & Light Energy, LLC ("FP&L"). The Court has heard argument, and as directed by the Court, the parties have consented to the Court's entry of this Consent Order.

IT IS HEREBY ORDERED:

Within ten (10) days of this Order:

1. Entergy shall provide Plaintiff with all expert reports filed by either the Plaintiffs or Defendant in *Boston Edison Company v. United States*, Nos. 99-447C and 03-2626C (Fed. Cl. consolidated on July 29, 2005).

2. Entergy shall advise Plaintiff's counsel as to all expert and fact depositions taken in *Boston Edison Company v. United States*, including the name of the witness, the date his or her deposition was taken, and the court reporting company that transcribed the deposition. Entergy and the Government will

give Plaintiff letters they have drafted to each court reporting company, granting Plaintiff permission to order unredacted versions of any deposition transcript and exhibits designated as confidential.

Within fifteen (15) days of this Order:

3. Entergy shall produce all materials in its possession, custody, or control relating to non-nuclear generating facility acquisitions that have been collected and produced in connection with *Boston Edison Company v. United States*. Entergy also shall continue to provide Plaintiff with any such documents that are later produced in *Boston Edison Company v. United States.*

Within sixty (60) days of this Order:

4. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all Valuation Documents, as defined in the subpoenas *duces tecum* Plaintiff served upon Entergy and FP&L on December 21, 2006, in their possession, custody, or control related to Indian Point Units 1 & 2 and any nuclear generating facility acquired by the company between January 31, 1998 and January 1, 2003.

5. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all documents in their possession, custody, or control assessing the effect, including but not limited to incremental costs and risks, of the DOE's failure to transport or delay in the acceptance of SNF or HLW on the value of Indian Point Units 1 & 2 and any nuclear generating facility acquired by the company after January 31, 1998 and before January 1, 2003.

6. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all documents in their possession, custody, or control related to the estimated market value of Indian Point Units 1 & 2 and any nuclear generating facility acquired by the company after January 31, 1998 and before January 1, 2003.

7. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all documents in their possession, custody, or control assessing the business prospects or future profitability of Indian Point Units 1 & 2 and any nuclear generating facility acquired by the company after January 31, 1998 and before January 1, 2003 which were created on or before the date of acquisition of such facility.

8. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all documents in their possession, custody, or control related to Hurdle Rates, as defined in the subpoenas *duces tecum*, or other criteria (quantitative and qualitative) guiding the company's investment and acquisition decisions related to Indian Point Units 1 & 2 and any nuclear generating facilities acquired by the company between January 31, 1998 and January 1, 2003.

9. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all NRC Licensing Documents, as defined and limited by the subpoenas *duces tecum,* in their possession, custody, or control related to the NRC's approval of the transfer of the operating license for any nuclear power plants bought by Entergy or FP&L between January 31, 1998 and January 1, 2003.

10. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all documents in their possession, custody, or control related to the company's submission of testimony or other comments on the fairness or prudence of the proposed sales transaction to state rate regulatory authorities or in connection with state proceedings to approve the sale of a nuclear generating facility acquired by the company between January 31, 1998 and January 1, 2003.

Within ninety (90) days of this Order:

11. Entergy and FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying all documents in their possession, custody, or control related to Hurdle Rates, as defined in the subpoenas *duces tecum*, or other criteria (quantitative and qualitative) guiding the company's investment and acquisition decisions related to fossil fuel facilities acquired by the company between January 1, 1997 and January 1, 2003.

12. For the fossil fuel facilities designated by agreement, Entergy shall make available to Plaintiff's counsel and the Government for inspection and copying the following documents in its possession, custody, or control:

    a. a copy of the final and fully executed agreement entered into by Entergy to purchase the facility;

    b. any and all relevant portions of memoranda to or from Entergy's Board of Directors or Board Committees related to (i) Hurdle Rates or other criteria (qualitative or quantitative); (ii) estimates of financing costs

and/or (iii) net present value models and discounted cash flow models run for the fossil fuel facility; and

c. the last and final discounted cash flow or net present value modeling and associated schedules and work sheets for the candidate acquisition that was conducted by Entergy prior to submitting a bid for the fossil fuel facility.

Plaintiff shall reimburse Entergy for the reasonable costs associated with collecting and producing these documents.

13. For the Central Maine Power, Bellingham, Marcus Hook 50, and Sayreville fossil fuel facilities, FP&L shall make available to Plaintiff's counsel and the Government for inspection and copying the following documents in its possession, custody, or control:

a. a copy of the final and fully executed agreement entered into by FP&L to purchase the facility;

b. any and all relevant portions of memoranda to or from FP&L's Board of Directors or Board Committees related to (i) Hurdle Rates or other criteria (qualitative or quantitative); (ii) estimates of financing costs and/or (iii) net present value models and discounted cash flow models run for the fossil fuel facility; and

c. the last and final discounted cash flow or net present value modeling and associated schedules and work sheets for the candidate acquisition that was conducted by FP&L prior to submitting a bid for the fossil fuel facility.

Plaintiff shall reimburse FP&L for the reasonable costs associated with collecting and producing these documents.

The Government shall produce to Plaintiff any document from any other SNF case the Government intends to introduce into evidence or rely on at trial in this case no later than sixty (60) days before the Government uses such document. Absent a showing of good cause, the Government shall be precluded from using any document against Plaintiff at trial in this case that is not produced to Plaintiff at least sixty (60) days in advance.

Pursuant to Paragraph 7 of the May 18, 2004 Agreement and Protective Order, the

second paragraph of the Supplemental Agreement and Protective Order shall be amended as follows:

> To the extent that Confidential Material is received by Con Edison, Con Edison shall disclose that material only to attorneys for parties when such attorneys are not involved in the acquisition or divestiture of electric power plants, attorneys for the United States, or person regularly employed in such attorneys' offices. Any Con Edison in-house attorney or other employee or other person who is necessary to the litigation of this action, such as outside consultants and experts retained for the purposes of this action, who seeks access to Confidential Material shall submit an application for the approval by the parties whose data are sought to be disclosed. Each such party shall have five (5) days to object to this application.

This Order shall be disseminated to counsel for other third-party subpoena recipients to assist in the resolution of any other remaining discovery objections raised by these parties. To facilitate communication among the parties and subpoena recipients, the following individuals will be included on any communication concerning the discovery issues contained in this Consent Order:

Attorneys for the Government:
JOSHUA E. GARDNER
Joshua.E.Gardner@usdoj.gov
Telephone: (202) 305-7583
Fax: (202) 514-8624
HAROLD D. LESTER, JR.
harv.lester@usdoj.gov
Telephone: (202) 616-0478
Fax: (202) 307-2503
United States Department of Justice
Civil Division
ATTN: Classification Unit, Eighth Floor
1100 L Street, N.W.
Washington, DC 20530

Attorneys for Plaintiff:
DAVID A. CHURCHILL
dchurchill@jenner.com
Telephone: (202) 639-6056
Fax: (202) 637-6370

CYNTHIA J. ROBERTSON
crobertson@jenner.com
Telephone: (202) 639-6021

Fax: (202) 661-4816
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005

Attorneys for Entergy:
ALEXANDER D. TOMASZCZUK
alex.tomaszczuk@pillsburylaw.com
Telephone: (703) 770-7940
Fax: (703) 779-7901
DANIEL S. HERZFELD
Telephone: (703) 770-7612
Fax: (703) 770-7901
Pillsbury, Winthrop, Shaw, Pittman, LLP
1650 Tysons Boulevard
Fourteenth Floor
McLean, VA 22102

L. JAGER SMITH
jsmit83@entergy.com
Telephone: (601) 968-5500
Fax: (601) 968-5593
Wise Carter Child & Caraway,
A Professional Corporation
1340 Echelon Parkway
Jackson, MS 39213

Attorneys for FP&L
ALEXANDER D. TOMASZCZUK
alex.tomaszczuk@pillsburylaw.com
Telephone: (703) 770-7940
Fax: (703) 779-7901

DANIEL S. HERZFELD
daniel.herzfeld@pillsburylaw.com
Telephone: (703) 770-7612
Fax: (703) 770-7901
Pillsbury, Winthrop, Shaw, Pittman, LLP
1650 Tysons Boulevard
Fourteenth Floor
McLean, VA 22102

MITCHELL S. ROSS
mitch_ross@fpl.com
Telephone: (561) 691-7126

Case 1:04-cv-00033-TCW Document 110 Filed 06/13/2007 Page 7 of 8

Fax: (561) 691-7135
Florida Power & Light
700 Universe Boulevard
P.O. Box 14000
Juno Beach, FL 33408-0420

Attorneys for Boston Edison Company:
RICHARD J. CONWAY
conwayr@dicksteinshapiro.com
Telephone: (202) 420-2235
Fax: (202) 420-2201
BRADLEY D. WINE
wineb@dicksteinshapiro.com
Telephone: (202) 420-3607
Fax: (202) 420-2201
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC 20006

Attorney for Constellation Energy Group and AmerGen Energy Company:
BRAD FAGG
bfagg@morganlewis.com
Telephone: (202) 739-5191
Fax: (202) 739-3001
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

Attorney for Dominion Resources, Inc.
J. WILLIAM BOLAND
wboland@mcguirewoods.com
Telephone: (804) 775-4364
Fax: (804) 698-2015
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge