# Exhibit A

# UNITED STATES
# COURT OF FEDERAL CLAIMS

```
CONSOLIDATED EDISON CO.        )
OF NEW YORK, INC.,             )
                               )
         Plaintiff,            )
                               )
v.                             ) Docket No. 04-33C
                               )
THE UNITED STATES,             )
                               )
            Defendant.         )
```

Pages: 1 through 71

Place: Washington, D.C.

Date: May 7, 2007

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CONSOLIDATED EDISON CO. OF NEW YORK, INC., | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 04-33C |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Courtroom 8
National Courts Building
717 Madison Place NW
Washington, D.C.

Monday,
May 7, 2007

The parties met, pursuant to the notice of the Judge, at 8:00 a.m.

BEFORE: HONORABLE THOMAS C. WHEELER
Judge

APPEARANCES:

For the Plaintiff:

DAVID A. CHURCHILL, Esquire
CYNTHIA ROBERTSON, Esquire
KATHRYN LONCARICH, Esquire
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
(202) 639-6370

a little bit, sometimes when a party on the receiving end of a subpoena receives a list of document requests that may look onerous, I think if there was greater communication up front about here's what we have, do you really want us to copy 25,000 pages of contract documents that are fairly standard or can we dispense with that. And so, if you talk about that up front, before any effort is made, it seems to me that's a good way to go.

MR. CHURCHILL: We're happy to do that, Your Honor.

THE COURT: I mean, you've given them some requests that sound fairly broad and through discussion, it may be possible to narrow it down to what you're really after and just have greater discussions about that and hopefully get the job done. I think you have the right to seek this material, either from the government or from the third party company that received the subpoena and that's sort of your choice. You can pursue it wherever you want. I would be inclined to allow the producing party to say, look, this is a huge burden if this is what you really want and I may ask you to pay for the reasonable cost of undertaking a major effort, if that's one of the consequences of it.

REPORTER'S CERTIFICATE

DOCKET NO.: 04-33C

CASE TITLE: Consolidated Edison v. U.S.

HEARING DATE: May 7, 2007

LOCATION: Washington, D.C.

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the United States Court of Federal Claims.

Date: May 7, 2007

Bernadette Herboso

Official Reporter
Heritage Reporting Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018

# Exhibit B

HOGAN & HARTSON

Hogan & Hartson LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
+1.202.637.5600 Tel
+1.202.637.5910 Fax

www.hhlaw.com

July 20, 2007

Daniel F. Stenger
Partner
+1.202.637.5691
DFStenger@hhlaw.com

Brad Fagg, Esquire
Morgan Lewis
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

**Re: Third Party Subpoena to AmerGen Energy Company, LLC: Consolidated Edison Company of New York, Inc. v. United States, No. 04-033C (Fed. Cl.)**

Dear Brad:

Enclosed is a proposed Supplemental Agreement and Protective Order that would cover AmerGen with respect to its production of documents in response to the third-party subpoena issued in *Con Edison v. United States*. The terms of the order are the same as the existing Supplemental Agreement and Protective Order entered in the *Con Edison* case, with the additional protections included in the Consent Order filed June 6, 2007. From your May 24, 2007 letter, I understand that this proposed Supplemental Agreement and Protective Order is considered sufficient for the materials AmerGen intends to produce.

As we have discussed, nothing in this Supplemental Agreement and Protective Order shall be construed as a waiver or concession on the part of AmerGen with regard to production obligations or its ability to seek additional protections.

We appreciate your cooperation on this matter. Please call if you have any questions.

Sincerely,

Dan

Daniel F. Stenger

cc: Joshua E. Gardner

Enclosure

\\\DC - 026265/000001 - 2577664 v1

**DRAFT - 7/18/2007**
***Privileged and Confidential***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No. 04-0033C (Judge Wheeler)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**SUPPLEMENTAL AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Paragraph 7 of the May 18, 2004 Agreement and Protective Order, and any amendments thereto, which authorizes plaintiffs, the United States, or third parties, to seek "additional protection with respect to the confidentiality of documents or other discovery material" beyond the terms of that original agreement, it is hereby agreed between Consolidated Edison Company of New York, Inc. ("Con Edison") and Entergy Nuclear Generation Company, Entergy Nuclear Operations, Inc., Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Vermont Yankee (collectively "Entergy"), Power Authority of New York, ("Power Authority"), Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), PSEG Nuclear LLC, Public Service Electric and Gas Company (collectively "PSEG"), Florida Power & Light Company ("FPLC"), Boston Edison Company ("Boston Edison"), Constellation Energy Group ("Constellation"), AmerGen Energy Company ("AmerGen"), Dominion Resources, Inc. ("Dominion"), Duke Energy Corporation ("Duke") and the United States of America (the "Government"), collectively referred to herein as "the parties," and ordered by the Court:

To the extent that Confidential Material is received by Con Edison, Con Edison shall disclose that material only to attorneys for parties when such attorneys are not involved in the acquisition or divestiture of electric power plants, attorneys for the United States, or persons regularly employed in such attorneys' offices. Any Con Edison in-house attorney or other employee or other person who is necessary to the litigation of this action, such as outside consultants and experts retained for the purposes of this action, who seeks access to Confidential Material shall submit an application for approval by the parties whose data are sought to be disclosed. Each such party shall have five (5) days to object to the application.

ORDERED:

Dated: ______________________ ______________________
Judge Thomas C. Wheeler

37633_1

# Exhibit C

JENNER&BLOCK

July 24, 2007

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel 202-639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Kathryn E. Loncarich
Tel 202 639-6022
Fax 202 661-4978
kloncarich@jenner.com

**VIA EMAIL AND U.S. MAIL**

Brad Fagg, Esq.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Re: *Consolidated Edison Company of New York, Inc. v. United States*, No. 04-0033C (Fed. Cl.) -- Third Party Subpoena to Constellation Energy Group

Dear Brad:

Enclosed is a proposed Supplemental Agreement and Protective Order that would cover Constellation Energy Group ("Constellation") with respect to its production of documents in response to the third-party subpoena issued in *Con Edison v. United States*. The terms of the Order are the same as the existing Supplemental Agreement and Protective Order entered in the *Con Edison* case, with the additional protections included in the Consent Order filed on June 6, 2007. From our telephone conversation on July 20, 2007, I understand that this proposed Supplemental Agreement and Protective Order is considered sufficient for the materials Constellation intends to produce.

To date, along with Constellation, Entergy, Boston Edison, Florida Power & Light, and AmerGen are the other third-parties who have agreed to the terms of the Supplemental Protective Order. We hope to reach an agreement with Dominion and Duke in the near future.

As we have discussed, nothing in this Supplemental Agreement and Protective Order shall be construed as a waiver of concession on the part of Constellation with regard to the production obligations or its ability to seek additional protections.

We appreciate your cooperation on this matter. Please do not hesitate to call if you have any questions.

Sincerely,

Kathryn Loncarich

Kathryn E. Loncarich

Enclosure

cc: Joshua E. Gardner, Esq.

**DRAFT - 7/24/2007**
***Privileged and Confidential***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **No. 04-0033C**<br>**(Judge Wheeler)** |

**SUPPLEMENTAL AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Paragraph 7 of the May 18, 2004 Agreement and Protective Order, and any amendments thereto, which authorizes plaintiffs, the United States, or third parties, to seek "additional protection with respect to the confidentiality of documents or other discovery material" beyond the terms of that original agreement, it is hereby agreed between Consolidated Edison Company of New York, Inc. ("Con Edison") and Entergy Nuclear Generation Company, Entergy Nuclear Operations, Inc., Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Vermont Yankee (collectively "Entergy"), Power Authority of New York, ("Power Authority"), Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), PSEG Nuclear LLC, Public Service Electric and Gas Company (collectively "PSEG"), Florida Power & Light Company ("FPLC"), Boston Edison Company ("Boston Edison"), Constellation Energy Group ("Constellation"), AmerGen Energy Company ("AmerGen"), Dominion Resources, Inc. ("Dominion"), Duke Energy Corporation ("Duke") and the United States of America (the "Government"), collectively referred to herein as "the parties," and ordered by the Court:

To the extent that Confidential Material is received by Con Edison, Con Edison shall disclose that material only to attorneys for parties when such attorneys are not involved in the acquisition or divestiture of electric power plants, attorneys for the United States, or persons regularly employed in such attorneys' offices. Any Con Edison in-house attorney or other employee or other person who is necessary to the litigation of this action, such as outside consultants and experts retained for the purposes of this action, who seeks access to Confidential Material shall submit an application for approval by the parties whose data are sought to be disclosed. Each such party shall have five (5) days to object to the application.

ORDERED:

Dated: ______________________ ______________________
Judge Thomas C. Wheeler

# Exhibit D

JENNER&BLOCK

August 9, 2007

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel 202-639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Kathryn E. Loncarich
Tel 202 639-6022
Fax 202 661-4978
kloncarich@jenner.com

**VIA EMAIL AND U.S. MAIL**

Jack Y. Chu, Esq.
Pillsbury Winthrop Shaw Pittman LLP
14th Floor
1650 Tysons Boulevard
McLean, VA 22102-4859

Re: *Consolidated Edison Company of New York, Inc. v. United States*, No. 04-0033C (Fed. Cl.) -- Third-Party Subpoena to Duke Energy Corporation

Dear Jack:

Enclosed is a proposed Supplemental Agreement and Protective Order that would cover Duke Energy Corporation ("Duke") with respect to its production of documents in response to the third-party subpoena issued in *Con Edison v. United States*. The terms of the Order are the same as the existing Supplemental Agreement and Protective Order entered in the *Con Edison* case, with the additional protections included in the Consent Order filed on June 6, 2007. From our telephone conversation on August 8, 2007, I understand that this proposed Supplemental Agreement and Protective Order is considered sufficient for the materials Duke intends to produce.

We appreciate your cooperation on this matter. Please do not hesitate to call if you have any questions.

Sincerely,

Katie Loncarich

Kathryn E. Loncarich

Enclosure

cc: Joshua E. Gardner, Esq.

**DRAFT - 7/18/2007**
***Privileged and Confidential***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No. 04-0033C** **(Judge Wheeler)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**SUPPLEMENTAL AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Paragraph 7 of the May 18, 2004 Agreement and Protective Order, and any amendments thereto, which authorizes plaintiffs, the United States, or third parties, to seek "additional protection with respect to the confidentiality of documents or other discovery material" beyond the terms of that original agreement, it is hereby agreed between Consolidated Edison Company of New York, Inc. ("Con Edison") and Entergy Nuclear Generation Company, Entergy Nuclear Operations, Inc., Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Vermont Yankee (collectively "Entergy"), Power Authority of New York, ("Power Authority"), Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), PSEG Nuclear LLC, Public Service Electric and Gas Company (collectively "PSEG"), Florida Power & Light Company ("FPLC"), Boston Edison Company ("Boston Edison"), Constellation Energy Group ("Constellation"), AmerGen Energy Company ("AmerGen"), Dominion Resources, Inc. ("Dominion"), Duke Energy Corporation ("Duke") and the United States of America (the "Government"), collectively referred to herein as "the parties," and ordered by the Court:

To the extent that Confidential Material is received by Con Edison, Con Edison shall disclose that material only to attorneys for parties when such attorneys are not involved in the acquisition or divestiture of electric power plants, attorneys for the United States, or persons regularly employed in such attorneys' offices. Any Con Edison in-house attorney or other employee or other person who is necessary to the litigation of this action, such as outside consultants and experts retained for the purposes of this action, who seeks access to Confidential Material shall submit an application for approval by the parties whose data are sought to be disclosed. Each such party shall have five (5) days to object to the application.

ORDERED:

Dated: ______________________ ______________________
Judge Thomas C. Wheeler

# Exhibit E

## Loncarich, Kathryn E

**From:** Pumphrey, Brian E. [bpumphrey@mcguirewoods.com]
**Sent:** Friday, August 17, 2007 5:45 PM
**To:** Loncarich, Kathryn E; Gardner, Joshua E (CIV)
**Subject:** RE: ConEd Subpoena to Dominion
**Follow Up Flag:** Follow up
**Flag Status:** Red

Agreed. Thanks. Hope everyone has a good weekend.

Brian E. Pumphrey
Associate
McGUIREWOODS
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
804.775.7745 (Direct Line)
804.698.2018 (Direct FAX)
bpumphrey@mcguirewoods.com

---

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

-----Original Message-----
**From:** Loncarich, Kathryn E [mailto:KLoncarich@jenner.com]
**Sent:** Friday, August 17, 2007 2:28 PM
**To:** Gardner, Joshua E (CIV); Pumphrey, Brian E.
**Subject:** RE: ConEd Subpoena to Dominion

Brian,

Con Edison agrees to provide Dominion with both Con Edison's exhibit list and the Government's exhibit list once Con Edison' receives that list from the Government.

Based on this agreement and our telephone conversation today, I understand that Dominion agrees to the terms of the Supplemental Protective Order, which is attached to this email.

If you have any questions or concerns, please feel free to contact me.

Thanks,
Katie

**Kathryn E. Loncarich**
Admitted to practice in Illinois, but not yet in the District of Columbia.
Practicing under the supervision of the partnership of Jenner & Block, LLP

601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
Tel (202) 639-6022
Fax (202) 661-4978
KLoncarich@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient (s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

---

**From:** Gardner, Joshua E (CIV) [mailto:Joshua.E.Gardner@usdoj.gov]
**Sent:** Friday, August 17, 2007 2:10 PM
**To:** Pumphrey, Brian E.; Loncarich, Kathryn E
**Subject:** RE: ConEd Subpoena to Dominion

Please see the attached letter.

Best regards,

Josh

---

**From:** Pumphrey, Brian E. [mailto:bpumphrey@mcguirewoods.com]
**Sent:** Friday, August 17, 2007 12:57 PM
**To:** Loncarich, Kathryn E; Gardner, Joshua E (CIV)
**Subject:** ConEd Subpoena to Dominion

Josh/Katie:

I am confirming that you both agree to provide Dominion with a copy of your trial exhibit lists at the same time you make those lists available to each other. I understand that Judge Wheeler has not yet set a date for the parties to disclose their exhibit lists.

Assuming this is acceptable, Dominion will begin producing documents upon the entry of the supplemental protective order by Judge Wheeler.

Thanks,
Brian

Brian E. Pumphrey
Associate
McGUIREWOODS
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219
804.775.7745 (Direct Line)
804.698.2018 (Direct FAX)

bpumphrey@mcguirewoods.com

---

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

**DRAFT - 7/18/2007**
***Privileged and Confidential***

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,**<br>**Plaintiff,**<br>v.<br>**UNITED STATES OF AMERICA,**<br>**Defendant.** | **No. 04-0033C**<br>**(Judge Wheeler)** |

**SUPPLEMENTAL AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Paragraph 7 of the May 18, 2004 Agreement and Protective Order, and any amendments thereto, which authorizes plaintiffs, the United States, or third parties, to seek "additional protection with respect to the confidentiality of documents or other discovery material" beyond the terms of that original agreement, it is hereby agreed between Consolidated Edison Company of New York, Inc. ("Con Edison") and Entergy Nuclear Generation Company, Entergy Nuclear Operations, Inc., Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Vermont Yankee (collectively "Entergy"), Power Authority of New York, ("Power Authority"), Vermont Yankee Nuclear Power Corporation ("Vermont Yankee"), PSEG Nuclear LLC, Public Service Electric and Gas Company (collectively "PSEG"), Florida Power & Light Company ("FPLC"), Boston Edison Company ("Boston Edison"), Constellation Energy Group ("Constellation"), AmerGen Energy Company ("AmerGen"), Dominion Resources, Inc. ("Dominion"), Duke Energy Corporation ("Duke") and the United States of America (the "Government"), collectively referred to herein as "the parties," and ordered by the Court:

To the extent that Confidential Material is received by Con Edison, Con Edison shall disclose that material only to attorneys for parties when such attorneys are not involved in the acquisition or divestiture of electric power plants, attorneys for the United States, or persons regularly employed in such attorneys' offices. Any Con Edison in-house attorney or other employee or other person who is necessary to the litigation of this action, such as outside consultants and experts retained for the purposes of this action, who seeks access to Confidential Material shall submit an application for approval by the parties whose data are sought to be disclosed. Each such party shall have five (5) days to object to the application.

ORDERED:

Dated: ______________________________ ______________________________
Judge Thomas C. Wheeler

37633_1

# Exhibit F

**Loncarich, Kathryn E**

---

**From:** Robertson, Cynthia J
**Sent:** Monday, July 16, 2007 4:28 PM
**To:** Loncarich, Kathryn E
**Cc:** Churchill, David A
**Subject:** FW: Con Edison handling of Entergy/Boston Edison documents

---

**From:** Wine, Bradley [mailto:WineB@dicksteinshapiro.com]
**Sent:** Monday, July 16, 2007 4:27 PM
**To:** Robertson, Cynthia J
**Subject:** RE: Con Edison handling of Entergy/Boston Edison documents

Sure.

---

**From:** Robertson, Cynthia J [mailto:CRobertson@jenner.com]
**Sent:** Monday, July 16, 2007 4:18 PM
**To:** Wine, Bradley
**Subject:** RE: Con Edison handling of Entergy/Boston Edison documents

Brad,

Thank you for your email. For consistency, Con Edison is interested in including you on the Supplemental Protective Order (you do not need to sign it) but we would like to list you among the other third parties whose documents we will be reviewing for purposes of our case. It seemed when we last spoke that you did not care one way or the other whether you were listed, and although we will be sending you applications for access under the Order, you would not need to respond unless you object. Do we have your permission to include Boston Edison on the Supplemental Protective Order?

Thank you,

Cindy

---

**From:** Wine, Bradley [mailto:WineB@dicksteinshapiro.com]
**Sent:** Thursday, July 12, 2007 9:42 AM
**To:** Robertson, Cynthia J
**Subject:** RE: Con Edison handling of Entergy/Boston Edison documents

Agreed

---

**From:** Robertson, Cynthia J [mailto:CRobertson@jenner.com]
**Sent:** Wednesday, July 11, 2007 11:20 AM
**To:** Wine, Bradley
**Subject:** Con Edison handling of Entergy/Boston Edison documents

Brad,

As we discussed today by phone, I understand that Boston Edison has no objection to our release of protected and/or confidential documents that were created or exchanged in the Boston Edison case to our experts or consultants, provided Entergy has no objection under the parameters of the Supplemental Protective Order issued in the Consolidated Edison case.

I have attached the orders that are relevant to this issue in the event you would like to review them. They include Judge Wheeler's June 6, 2007 order regarding production of documents by Entergy; the Supplemental Protective Order issued on September 1, 2006, and the June 22, 2007 order granting Con Edison access to the sealed BECO trial materials.

As we likewise discussed, because Boston Edison does not object to release of these materials provided Entergy has no objection, you do not believe it necessary for Boston Edison to become a party to the Supplemental Protective Order at this time. Should you alter this position at any point in the future, we are happy to add you as a party to that protective order.

Please confirm.

Thank you,

Cindy

---

**Cynthia J. Robertson**
Jenner & Block LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington DC 20005-3823
Tel (202) 639-6021
Fax (202) 661-4816
CRobertson@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

--------------------------------------------------------
This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com

=========================================================================

---------------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. Dickstein Shapiro reserves the right to monitor any communication that is created, received, or sent on its network. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

To reply to our email administrator directly, send an email to postmaster@dicksteinshapiro.com

Dickstein Shapiro LLP
http://www.DicksteinShapiro.com

=========================================================================