# ATTACHMENT A

JENNER&BLOCK

November 28, 2007

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
Tel 202 639-6000
www.jenner.com

Chicago
Dallas
Washington, DC

Cynthia J. Robertson
Tel 202 639-6021
Fax 202 637-6066
crobertson@jenner.com

**VIA E-MAIL AND OVERNIGHT DELIVERY (UPS)**

L. Jager Smith, Jr., Esq.
Wise & Carter Child & Caraway, P.A.
1340 Echelon Parkway
Jackson, MS 39213

**Re: *Consolidated Edison Company of New York v. United States***
**Case No. 04-0033**

Dear Jager:

I write concerning Entergy's production of documents in response to the subpoena *duces tecum* that Con Edison served on Entergy on December 21, 2006 and the June 6, 2007 Consent Order Regarding Plaintiff's Motions to Compel Production of Documents from the Government, Entergy and FP&L ("Consent Order"). Upon our review of these documents, we have identified areas in which Entergy's production appears incomplete.

First, Entergy's production does not appear to contain many internal Entergy communications, such as emails, memoranda, meeting minutes, or notes. For example, there are very few emails or other communications between or among Entergy personnel concerning Entergy's valuation of Indian Point, such as emails discussing or developing the assumptions underlying Entergy's valuation models and decommissioning estimates. We would expect that Entergy would possess numerous such documents, which are responsive to Request No. 2 of the subpoena, which requests "All Valuation Documents related to Indian Point's assest," and Paragraph 4 of the Consent Order, which requires the production of "all Valuation Documents, as defined in the subpoena *duces tecum* Plaintiff served upon Entergy . . . related to Indian Point Units 1 & 2 and any nuclear generating facility acquired by the company between January 31, 1998 and January 1, 2003." Con Edison's definition of "Valuation Documents" was quite broad, and included "any document related to an assessment of a Nuclear facility's worth that was prepared either prior to its acquisition by the Company or prior to a decision by the Company whether or not to pursue that facility's acquisition."

Such documents are critical to our understanding of Entergy's assumptions with respect to its valuation of Indian Point and decommissioning estimates. Similarly, we would expect Entergy to possess many internal communications that are responsive to each of the other Requests in the subpoena (as limited by the Consent Order). We request a renewed search of the files of all custodians who may possess emails and other internal communications related to Entergy's valuation of Indian Point.

Second, Entergy's production appears to contain very few documents dated or created between September 25, 2000 and November 27, 2000, the time period surrounding final bid submission and finalization of the Asset Purchase and Sale Agreement for Indian Point. Please immediately produce all responsive documents from this time period.

Third, we have been unable to locate Entergy's internal drafts and red-lines of the Asset Purchase and Sale Agreement ("APSA") for the Indian Point transaction. Please produce all drafts of the APSA in Entergy's possession, including any redline drafts Entergy sent to Con Edison as part of the negotiations, or redline drafts that Entergy worked on internally.

Fourth, while Entergy has produced spreadsheets relating to its valuation of Indian Point, it appears that Entergy may not have produced all of the supporting documents demonstrating the calculation or breakdown of figures contained in these spreadsheets. Please produce all schedules or supporting documents, if any, which demonstrate the calculation or development of figures contained in any version of Entergy's valuation model.

Because Con Edison's expert report deadline is fast-approaching, we request that you produce all responsive documents, including all documents of the types described above, as soon as possible and no later than December 5, 2007. If you have any questions or would like to discuss further, please do not hesitate to contact me.

Sincerely,

Cindy Robertson

Cynthia J. Robertson

cc: Alex D. Tomaszczuk, Esq.