**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on August 5, 2008)

| | |
|---|---|
| **CONSOLIDATED EDISON COMPANY OF NEW YORK**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 04-0033C (Judge Wheeler) |

**ENTERGY NUCLEAR INDIAN POINT 2, LLC'S RESPONSE TO DEFENDANT'S MOTION FOR JOINDER OR, IN THE ALTERNATIVE, RENEWED MOTION FOR NOTICE PURSUANT TO RCFC 14 AND 41 U.S.C. § 114**

Pursuant to the Court's July 15, 2008 Order, Entergy Nuclear Indian Point 2, LLC ("ENIP" or "Entergy") respectfully submits its brief in opposition to Defendant's (the "Government") June 2, 2008 "Motion For Joinder Of Plaintiff Entergy Nuclear Indian Point, LLC, Or, In The Alternative, Renewed Motion For Notice Pursuant To RCFC 14(b) And 41 U.S.C. § 114(b)" ("Gov't Motion").[1] The Government's effort to join ENIP as an allegedly necessary party to the above-captioned action is yet another attempt[2] to combine – whether

[1] This brief also responds, in part, to Plaintiff Consolidated Edison Company of New York's ("ConEd") June 19, 2008 opposition brief ("ConEd Response") and the Government's July 3, 2008 reply brief ("Gov't Reply"). Consistent with the Court's July 15, 2008 Order, counsel for ConEd and counsel for the Government provided redacted copies of their briefs to the undersigned counsel for ENIP on or before July 22, 2008.

[2] This Court, through another presiding judge, has already denied twice the Government's motions to consolidate ConEd's action with Entergy Nuclear Indian Point 2, LLC v. United States, No. 03-2622C (the "ENIP2 case"), first on November 4, 2004 and then again on November 2, 2005. As indicated in footnote 3 *infra*, ENIP relies in part upon its October 2005 opposition to the Government's September 2005 motion to consolidate. Pursuant to RCFC 5.3(b)(3), ENIP attaches a 6-page excerpt from its October 2005 response brief at Exhibit A.

through consolidation or joinder – two related-but-distinct SNF damages cases that should properly be adjudicated separately in this Court.

Generally speaking, ENIP agrees with the positions set forth in the ConEd Response – in particular, that (1) the damages ConEd has claimed do not "duplicate" in any way those sought in ENIP's case, and (2) these two cases are procedurally incompatible for joinder. Also, the Government does not advance any new rationale that specifically warrants joinder. The arguments that the Government raises in support of joinder (e.g., alleged concerns about double recovery and inconsistent obligations) are similar if not identical to those that have been raised and rejected several times already in this case in support of consolidation.

Thus, the Government's motion for joinder should be denied. The Government's renewed motion for notice pursuant to RCFC 14(b), which notice the Government previously sought as alternative relief to its motions to consolidate, should also be denied.[3]

## I. JOINDER IS INAPPROPRIATE AT THIS ADVANCED STAGE OF LITIGATION IN THE CONSOLIDATED EDISON CASE AND WOULD BE PREJUDICIAL TO ENIP

As a threshold matter, the Government's motion for joinder should be denied given that substantial fact and expert discovery has already taken place in ConEd's case. Joinder of ENIP now would prejudice ENIP because it has not participated as a party in the development of ConEd's claims or the Government's defenses thereto. ENIP's role has been essentially limited to the production of documents and making some of its employees available for depositions in

[3] The Government's renewed motion for notice appears to be based on grounds identical to those set forth in its earlier motions to consolidate. Compare Gov't Motion at 18-23 to ENIP2, Defendant's Motion To Consolidate Or, In The Alternative, For Issuance Of A Summons Pursuant To RCFC 14(a) And Notice Pursuant To RCFC 14(b) at 13-15 (Sept. 23, 2005). Thus, ENIP does not address these identical arguments here, but refers the Court to the section of its 2005 response brief on consolidation that specifically responds to the Government's alternative request for RCFC 14 notice. ENIP2, Plaintiff's Response to Defendant's Motion To Consolidate Or, In The Alternative, For Issuance Of A Summons Pursuant To RCFC 14(a) And Notice Pursuant To RCFC 14(b) at 11-14 (Oct. 21, 2005) (copy of excerpt attached hereto at Exhibit A).

that case. Moreover, in each case the plaintiff has been poised to propose different dates for its damages trial. In other words, both cases have advanced to disparate stages such that their joinder now would be both counterproductive and prejudicial.

This Court has recognized that under the intent of this Court's rules regarding joinder, the moving party should raise the issue of joinder "at the earliest possible stage of litigation." Lowry Economic Redevelopment Authority v. United States, 71 Fed. Cl. 549, 549 (2006). Here, the Government has moved for joinder after the parties have already submitted their expert reports and after multiple depositions have apparently been conducted in ConEd's case. In contrast, fact and expert depositions have not yet taken place in ENIP's case. Thus, not only are the cases at such different stages that joinder makes little practical sense, they are also not procedurally aligned to accommodate joinder. See also ConEd Response at 10.

Furthermore, the Government has not demonstrated why a drastic measure such as joinder is the proper (or only) way to deal with common factual issues between the two cases, especially when there are less draconian procedural options available. See ConEd Response at 3 (explaining how the parties' continuing efforts to coordinate discovery and other pre-trial issues have served as an effective and reasonable alternative to formal joinder). Ironically, in its reply to ConEd's response, the Government cites its "experience" the limited consolidation process in Boston Edison v. United States, No. 99-447C, as support for its joinder arguments. Gov't Reply at 9. Entergy is opposed to limited consolidation here; it is procedurally unwieldy and raises a host of questions and problems that far outweigh its benefits. See, e.g., August 1, 2008 Order in Boston Edison Co. v. United States, Nos. 2008-5066 et al. (Fed. Cir.). Furthermore, the Government's reliance on Boston Edison to support joinder here is puzzling, because the lack of



400902764v1

joinder in Boston Edison[4] actually *weakens* any argument for joinder here given the similarities in the damages claims of the plant sellers and plant buyers in these two "sets" of SNF cases. Indeed, not only was the plaintiff's claim in Boston Edison based on similar diminution in value principles as ConEd's claim appears to be, both plaintiffs also retained the same damages expert (Mr. John J. Reed). And although the plaintiff in ENGC has not yet submitted a damages expert report, its claim will likely be based on the same type of actually-incurred mitigation costs set forth in ENIP's claim. Despite this similar division of buyer-seller claims in Boston Edison and ENGC, however, the Government never pursued formal joinder of the parties in those cases and voluntarily litigated the trial in Boston Edison based on the limited consolidation for a limited purpose of the Boston Edison and ENGC cases.

Simply put, if the type of alleged "overlap" in damages theories between ConEd's and ENIP's claims is similar to any overlap that may have existed in the Boston Edison and ENGC cases, and if the claim in Boston Edison was fully litigated despite the lack of joinder, the Government cannot credibly suggest here that the joinder of ENIP is "necessary" for this Court to adjudicate ConEd's damages claim.

## II. THERE ARE NO OVERLAPPING DAMAGES THEORIES BETWEEN THE PLANT BUYER AND PLANT SELLER

In its reply brief, the Government mistakenly contends that "overlapping damages theories" underlie the claims of ConEd and ENIP in their two cases. Gov't Reply at 2. The Government appears to conclude that because ConEd's damages expert, Mr. Reed, relies upon and opines about ENIP's business decisions in constructing its bid for the Indian Point 2 plant,

[4] In Boston Edison, as the Government admits, some pre-trial and trial proceedings were consolidated for limited purposes with Entergy Nuclear Generation Co. v. United States, No. 03-2626C ("ENGC"). Gov't Reply at 9.

ENIP's legal claim must automatically be intertwined with ConEd's claim as well. Such a leap in logic is unwarranted, however. The mere fact that ConEd's claim appears to rely on establishing past events involving ENIP suggests only that ConEd may need to use ENIP documents or call Entergy witnesses to testify at ConEd's trial. In this regard, no one has ever disputed that ENIP – the *company* – is a relevant entity in ConEd's suit.

The Government, however, relies upon the mere relevance of ENIP as an entity to ConEd's suit in an attempt to meet this Court's requirements for joinder – namely, establishing "a substantial risk of [the Government] incurring double, multiple, or otherwise inconsistent obligations. . . ." RCFC 19(a). The Government then attempts to establish a nexus between ENIP's relevance to ConEd's suit and the allegedly substantial risk of "inconsistent obligations" by asserting that ConEd and ENIP are seeking duplicative damages. Gov't Motion at 10. No duplicative damages exist, however, because ConEd's sale of the Indian Point 2 plant to ENIP in September 2001 serves as the explicit temporal division between ConEd's claim and ENIP's claim. See ConEd Response at 4 (quoting from Purchase and Sale Agreement between ConEd and ENIP).

Consistent with this temporal division, ENIP's damages claim in its case does not include *any* costs that were incurred prior to calendar year 2002. On the contrary, ENIP's claim consists only of costs that it actually incurred starting in calendar year 2002 to mitigate the Government's continuing breach of contract. Also consistent with the temporal division above, ConEd is claiming damages accrued before the date of the Indian Point 2 sale in September 2001. ConEd Response at 2. To the extent that the Government argues that either plaintiff's claim seeks damages beyond the September 2001 temporal division, this Court has demonstrated that it is perfectly capable of resolving such matters in other SNF buyer-seller cases without any formal

joinder. See Boston Edison Co. v. United States, 80 Fed. Cl. 468, 470 (2008) (applying temporal division of claims based on July 1999 closing date of plant sale).

Ultimately, the Government is making the same "double recovery" argument that it has raised many times before in support of its unsuccessful motions for consolidation. See Gov't Motion at 9-16; Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 803 (2004). As noted above, however, the "double recovery" issue did not warrant joinder of the Boston Edison and ENGC cases, and this Court explicitly held that any offset that the Government asserted against ENGC due to an alleged duplication of damages "is not recoverable in the action brought by Boston Edison because it does not represent a present claim," but instead "should be addressed in an action or actions brought by Entergy to recover amounts expended by Entergy to mitigate DOE's breach [of contract]." Boston Edison, 80 Fed. Cl. at 495.

In other words, just as this Court was able to adjudicate the plaintiff-seller's diminution claim against the Government in Boston Edison without resolving the Government's "double recovery" arguments, the Court may properly do the same here. Similarly, the adjudication of any offset that the Government may try to claim against ENIP appears premature at this time, just as it was for ENGC in Boston Edison. Thus, joinder is not necessary to accomplish these or any other tasks.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Government's motion for joinder be denied. The Government's alternative request, a renewed motion for notice pursuant to RCFC 14 and the Contract Settlement Act, should also be denied.

Dated: August 5, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel for Entergy Nuclear Indian Point 2, LLC

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
(601) 368-5572
(601) 368-5816 (fax)