**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on October 21, 2005)

| | |
|---|---|
| **ENTERGY NUCLEAR INDIAN POINT 2, LLC,** Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 03-2622C (Judge Lettow) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b)**

Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
Entergy Nuclear Indian Point 2, LLC

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, DC 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

October 21, 2005

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..... ii

**ARGUMENT** ..... 2

I. ENIP And ConEd Are Still In Different Procedural Postures ..... 3

II. ENIP And ConEd Are Seeking Non-Overlapping Damages Based On Different Timeframes ..... 4

A. ENIP's Damages Are Largely Based On DOE's Continued Nonperformance ..... 5

B. ConEd's Damages Are Based On Past Events ..... 6

C. ConEd's "Diminution In Value" Claim Has No Bearing On ENIP's Damages ..... 6

III. The Government's Other Reasons For Consolidation Are Not Unique To ENIP's Case, And This Court Has Repeatedly Declined To Consolidate The SNF Cases On These Grounds ..... 9

IV. The Use Of RCFC 14 Summons and Notice Is Inappropriate Here Since The Government Has No "Contingent Claim" Against ENIP ..... 11

**CONCLUSION** ..... 15

Specifically, a SNF plaintiff's damages are generally measured by considering, *inter alia*: (1) the costs the plaintiff has incurred and will incur to store spent fuel in view of the Government's partial breach; and (2) the costs the plaintiff would have incurred if DOE had fulfilled its obligations under the Standard Contract. Here, ENIP's damages claim will likely follow this same approach. This process essentially entails a calculation of expectancy damages "sufficient to place the injured party in as good a position as it would have been had the breaching party fully performed." Indiana Mich. Power Co. v. United States, 422 F.3d 1369, 1373 (Fed. Cir. 2005) (citation omitted). To this end, ENIP only needs to show that enough of its SNF would have been removed so that it would have avoided additional SNF storage costs, had DOE performed its Standard Contract obligations. These factual issues, when resolved, are sufficient for the Court to render a judgment on damages. While determination of an appropriate acceptance rate may impact a given utility's damages claim, the same could be said of a host of other factors (e.g., the date DOE begins SNF acceptance at a repository). Hence, consolidation is especially inappropriate here because, as stated above, ENIP's demonstration of damages will certainly vary from ConEd's. Even here, where the claims involve the same plant, an assessment of damages resulting from additional SNF storage will be different for ENIP and ConEd since the extent to which dry storage is necessary at Indian Point 2 has changed over the years in light of DOE's continuing nonperformance.

## IV. The Use Of RCFC 14 Summons and Notice Is Inappropriate Here Since The Government Has No "Contingent Claim" Against ENIP

In its previous attempts to consolidate the SNF cases, the Government requested that this Court issue a notice pursuant to 41 U.S.C. § 114(b) ("Section 114") to those Standard Contract holders who had not yet chosen to sue the Government. This issue has been briefed several

times by other utility plaintiffs in their briefs against consolidation, and ENIP's grounds for opposing the Government's alternative motion are similar here.

The Government maintains that a RCFC 14(a) summons, pursuant to Section 114, is necessary to answer the "contingent claim of the United States for the recovery from ENIP of any monies that may be paid by the United States to ConEd with respect to the transaction or matter which constitutes the subject matter of the pending suit against the United States." Motion to Consolidate at 13. As explained in Section II.C *supra*, however, ConEd's damages claim has no bearing on ENIP and the Government has no "contingent claim" against ENIP. A summons issued under RCFC 14(a) is only appropriate "in situations where the government is seeking the recovery of a sum of money disbursed to the wrong party." Southern Cal. Edison Co. v. United States, 226 F.3d 1349, 1355 (Fed. Cir. 2000). Section 114(b) provides the procedural tools to bring in all "erroneously paid" parties, to assure that the Government may litigate its contingent claims against an erroneously over-paid party in the same proceeding initiated by an erroneously under-paid party. Id.

The use of RCFC 14(a) summons here for ENIP and ConEd is flawed because the Government has mischaracterized any potential damages in ConEd as an erroneous payment of money already made to ENIP, based on a straightforward purchase of property between two private entities that did not directly involve the Government. The Government has failed to specify any legal grounds on which a contingent claim may be brought that would meet the requirements of Section 114. Thus far, the Government has only made unsupported assertions about how any damages that ConEd may recover in its suit must somehow be connected to ENIP, based on the mere fact that ConEd sold Indian Point 2 to ENIP at an allegedly reduced price. Just as importantly, unlike the court in Southern California Edison, this Court will not be apportioning damages among Standard Contract holders based on a set fund. SNF plaintiffs will

recover any damage awards out of the Judgment Fund and, thus, the Government's damages payment to one plaintiff is completely independent of and not contingent on another's. See Ala. Power Co. v. Dep't of Energy, 307 F.3d 1300, 1315 (11th Cir. 2002).

Moreover, even if ENIP were noticed as a third-party defendant in ConEd pursuant to RCFC 14(a)(1), it would not be bound by any adverse judgment since ENIP could not actually appeal such a judgment. See Penda Corp. v. United States, 44 F.3d 967, 971-73 (Fed. Cir. 1994). In Penda, the Federal Circuit denied standing to a RCFC 14(a)(1) third-party defendant that challenged the judgment that applied to the plaintiff and the Government, neither of which pursued an appeal. Penda, 44 F.3d at 972. The RCFC 14(a)(1) third-party defendant sought to appeal, because it feared that it would owe indemnification to the Government, or could potentially face a related suit brought by plaintiff in another court. Id. The Federal Circuit denied standing to appeal because the Court of Federal Claims' judgment involved an obligation between the Government and the plaintiff; it involved no obligation or claim by the third-party defendant. Id. The Federal Circuit concluded that "[i]t is axiomatic that a judgment is without preclusive effect against a party which lacks a right to appeal that judgment." Id. at 973. Here, a similar problem could arise. If ENIP were noticed as a third-party defendant in ConEd, under Penda no final judgment could be entered against ENIP since ENIP would not have standing to appeal any judgment against it.

Furthermore, the underlying rationale for using the notice procedures of RCFC 14(a)(1) is the "prevention of numerous proceedings and determinations on an identical set of facts" and the "furtherance of the conservation of judicial time and effort." Philadelphia Suburban Corp. v. United States, 211 Ct. Cl. 354, 355 (1976). However, if a noticed party such as ENIP will not be bound by the results of a consolidated proceeding, then the process will simply not conserve any judicial time or resources as the Government suggests. And since, in any event, the ENIP and

ConEd cases do not turn on "determinations on an identical set of facts," the purposes behind RCFC 14(a)(1) notice procedures simply do not apply here. The Government's procedural maneuverings will only lead to additional expense and a waste of judicial resources.